# EXHIBIT 02

**JUDICIAL COURT OF PARIS**

FAMILY COURT
JAF section 2 cab 2
Case: **PARIS v BROWN**

Nr. RG 23/37100 -
Portalis Nr.
352J-W-B7H-C2TQC

Record of judgment 1

**JUDGMENT**
**Issued August 25, 2023**

Article 373-2-11 of the French Civil Code

**PLAINTIFF:**

**Mr. Arnaud PARIS**
13 RUE FERDINAND DUVAL
75004 PARIS

*Appearing assisted by Mr. Terence RICHOUX, attorney, #E0780*

**DEFENDANT:**

**Ms. Heidi BROWN**
2256 ABBOTT AVENUE
97520 ASHLAND OREGON / ETATS-UNIS

*Appearing assisted by Ms. Sandrine FARRUGIA, attorney, #G0423*

**FAMILY COURT JUDGE:**

Gyslain DI CARO-DEBIZET

**CLERK OF THE COURT:**

Tifenn GUILLOTIN



Page 1

EXHIBIT 02 - PAGE 1 OF 7

## STATEMENT OF FACTS AND PROCEDURE

The parties' relationship produced two children, twins, Juliette PARIS, born on January 15, 2015 in Ashland in the United States, and Eva PARIS, born on January 15, 2015 in Ashland in the United States.

By the decision of April 21, 2023, the family court judge organized the exercise of parental authority by the parents, establishing their residence in France at the father's home and providing visitation and accommodation rights for the mother during school holidays in addition to establishing a contribution to the maintenance of the children's education to be paid by the mother.

Mr. PARIS has requested an emergency summons of Ms. BROWN. At the hearing, he requested an order banning the departure of the children from French soil without the consent of both parents and that the mother be granted visitation and accommodation rights under the same conditions as those provided for by the judgment of 21 April 2023, but remaining on French soil while doing so. The defendant opposes his petitions and requests that he be ordered to pay a fine of €3,000 under article 700 of the French Code of Civil Procedure.

The decision was reserved for issuance on August 25, 2023.

## REASONS FOR THE DECISION

### Regarding the jurisdiction of the French judge and the applicable law

It should be specified first that in his judgment of April 21, 2023, the family court judge declared himself competent and stated that French law was applicable. Reference is hereby made to that decision regarding this point.

### Regarding the request for a ban on departure from French soil without the agreement of both parents

According to Article 835 of the French Code of Civil Procedure, the judge may prescribe in summary proceedings any precautionary or remedial measures that are necessary, either to prevent imminent harm or to put an end to a manifestly unlawful disturbance.

Article 373-2-6 of the French Civil Code provides that the judge may take measures to guarantee the effective continuity of maintaining the child's ties with each of the parents. In particular, the judge can issue orders banning departure of the child from French soil without the authorization of both parents. This ban on leaving the country is recorded in the file of wanted persons maintained by the Public Prosecutor.

In this case, the father has French and American nationality, as do the two children, while the mother has American nationality. It follows from the evidence presented in the proceedings that the defendant has clearly expressed her intent to not comply with the terms of the decision of April 21, 2023, relying on ongoing proceedings in the United States. This is what led her to write to the plaintiff *"I am not going to accept a judgement from France or outer space until Oregon says that it's legitimate."* The plaintiff also obtained an administrative opposition to departure from French soil. These elements therefore raise the fear that once in the United States, Ms. BROWN will oppose the return of the children to France, which does not correspond to the best interests of the children and would constitute, given the proximity of the short school holidays, an imminent harm that must be prevented.

Given these circumstances, the request for a ban on the departure of the children from French soil without the authorization of both parents is hereby granted.

Page 2



EXHIBIT 02 - PAGE 2 OF 7

The mother will continue to enjoy visitation and accommodation rights under the same conditions as those established by the judgment of April 21, 2023, but only on French soil in the absence of agreement between the two parents on this point. The father will pay half the cost of the mother's airplane tickets.

### Regarding the costs

The parties will each retain their costs. Given the family nature of this dispute, there is no need to apply Article 700 of the French Code of Civil Procedure.

### FOR THESE REASONS

The family court judge, issuing a ruling to be recorded in the registry, after hearing arguments in chambers, by judgment after trial and in the first instance,

Declaring himself competent and citing the applicable French law, hereby

**Orders** the ban on departure from French soil without the agreement of both parents of Juliette PARIS born on January 15, 2015 in Ashland in the United States and of Eva PARIS born on January 15, 2015 in Ashland in the United States and declares that this decision will be transmitted to the Public Prosecutor for inclusion in the children's section of the file of wanted persons,

**Declares** that Ms. Heidi BROWN will have visitation and accommodation rights under the same conditions as those established by the judgment of April 21, 2023, namely during school holidays during the first half of the year in even years and during the second half in odd years, but only on French soil unless otherwise agreed by both parents,

**Declares** that Mr. Arnaud PARIS will pay half the cost of the mother's airplane tickets as part of the exercise of her visitation and accommodation rights,

**Refers** for the remaining details to the decision of April 21, 2023 in its provisions not to the contrary,

**Declares** that the parties will each pay their own costs,

**Reminds** the parties that the present decision is provisionally enforceable.

**Issued in Paris on August 25, 2023**

**Tifenn GUILLOTIN**  
**Clerk of the Court**

**Gyslain DI CARO-DEBIZET**  
**Judge**



Page 3

EXHIBIT 02 - PAGE 3 OF 7

## Certification Statement

I, Robin Holding, residing at 948 Fifteenth Street, Suite 4, Santa Monica, California 90403-3134, hereby declare that I am a professional French translator certified by the American Translators Association since 1991 and that to the best of my knowledge and belief, the attached is a true and correct English translation of the French original of the Judgment issued on August 25, 2023 by Family Court Judge Gyslain DI CARO-DEBIZET of the Judicial Court of Paris.

8-25-2023
Date

Robin Holding, CT
French-to-English translator, certified by
the American Translators Association



Robin Holding
French into English
Certification #426978

Verify at www.atanet.org/verify

EXHIBIT 02 - PAGE 4 OF 7

**TRIBUNAL
JUDICIAIRE
DE PARIS**

■

A F F A I R E S
F A M I L I A L E S

JAF section 2 cab 2

Affaire : **PARIS /
BROWN**

**N° RG 23/37100 - N°
Portalis
352J-W-B7H-C2TQC**

Minute 1

**JUGEMENT
rendu le 25 Août 2023**

Article 373-2-11 du Code Civil

**DEMANDEUR :**

**Monsieur Arnaud PARIS**
13 RUE FERDINAND DUVAL
75004 PARIS

*Comparant assisté de Me Terence RICHOUX, Avocat,#E0780*

**DÉFENDEUR :**

**Madame Heidi BROWN**
2256 ABBOTT AVENUE
97520 ASHLAND OREGON / ETATS-UNIS

*Comparante assistée par Me Sandrine FARRUGIA, Avocat, #G0423*

**JUGE AUX AFFAIRES FAMILIALES :**

Gyslain DI CARO-DEBIZET

**GREFFIER :**

Tifenn GUILLOTIN

Page 1

EXHIBIT 02 - PAGE 5 OF 7

## EXPOSE DES FAITS ET DE LA PROCEDURE

Des relations des parties sont issues deux enfants, jumelles, Juliette PARIS née le 15 janvier 2015 à Ashland aux États-Unis et Eva PARIS née le 15 janvier 2015 à Ashland aux États-Unis.

Par décision du 21 avril 2023 le juge aux affaires familiales a organisé l'exercice de l'autorité parentale par les parents en fixant leur résidence en France au domicile paternel et en prévoyant un droit de visite et d'hébergement de la mère durant les vacances scolaires, outre la fixation d'une contribution à l'entretien l'éducation des enfants due par la mère.

Monsieur PARIS a assigné Madame BROWN en référé. À l'audience il sollicite l'interdiction de sortie du territoire français des enfants sans l'accord des deux parents et que la mère bénéficie d'un droit de visite et d'hébergement dans les mêmes conditions que celles prévues par le jugement du 21 avril 2023, mais en demeurant sur le territoire français. La défenderesse s'oppose à ses demandes et sollicite sa condamnation à 3000€ au titre de l'article 700 du code de procédure civile.

La décision a été mise en délibéré pour être rendue le 25 août 2023.

## MOTIFS DE LA DECISION

### Sur la compétence du juge français et sur la loi applicable

Il convient de préciser à titre préliminaire que le juge aux affaires familiales dans son jugement du 21 avril 2023 s'est déclaré compétent et dit que la loi française était applicable. Il convient de se référer cette décision sur ce point.

### Sur la demande d'interdiction de sortie du territoire sans l'accord des deux parents

Selon l'article 835 du code de procédure civile, le juge peut prescrire en référé les mesures conservatoires ou de remise en état qui s'imposent, soit pour prévenir un dommage imminent, soit pour faire cesser un trouble manifestement illicite.

L'article 373-2-6 du Code civil dispose que le juge peut prendre les mesures permettant de garantir la continuité effectivité du maintien des liens de l'enfant avec chacun de ses parents. Il peut notamment ordonner l'interdiction de sortie de l'enfant du territoire français sans l'autorisation des deux parents. Cette interdiction de sortir du territoire et inscrit au fichier des personnes recherchées par le Procureur de la République.

En l'espèce le père à la nationalité française et américaine, ainsi que les deux enfants, tandis que la mère à la nationalité américaine. Il résulte des éléments versés aux débats que la défenderesse a clairement fait part de sa volonté de ne pas respecter les termes de la décision du 21 avril 2023 se prévalant de procédures en cours aux États-Unis. Celle-ci a ainsi pu écrire au demandeur " *je n'accepterai un jugement de France ou de l'espace que si l'Oregon dit qu'il est valable* ". Le demandeur a par ailleurs obtenu sur le plan administratif une opposition à sortie du territoire. Ces éléments font dès lors craindre qu'une fois sur le territoire américain, Madame BROWN s'oppose au retour des enfants en France, ce qui ne correspond pas à l'intérêt supérieur des enfants et constituerait, compte tenu de la proximité des petites vacances scolaires, un dommage imminent qu'il convient de prévenir.

Dans ces conditions il sera fait droit à la demande d'interdiction de sortie des enfants du territoire français sans l'autorisation des deux parents.

Page 2

EXHIBIT 02 - PAGE 6 OF 7

La mère continuera d'exercer un droit de visite et d'hébergement dans les mêmes conditions que celles posées par le jugement du 21 avril 2023, mais uniquement sur le territoire français à défaut d'accord des deux parents sur ce point. Le père prendra en charge la moitié du coût des billets d'avion de la mère.

### Sur les dépens

Chaque partie conservera ses dépens. Compte tenu du caractère familial du présent litige, il n'y a pas lieu de faire application de l'article 700 du code de procédure civile.

### PAR CES MOTIFS

Le juge aux affaires familiales, statuant par mise à disposition au greffe, après débats intervenus en chambre du conseil, par jugement contradictoire et en premier ressort,

Se déclarant compétent et disant la loi française applicable,

**Ordonne** l'interdiction de sortie du territoire français sans l'accord des deux parents de Juliette PARIS née le 15 janvier 2015 à Ashland aux États-Unis et de Eva PARIS née le 15 janvier 2015 à Ashland aux États-Unis et dit que la présente décision sera transmise au Procureur de la République pour inscription au fichier des personnes recherchées des enfants,

**Dit** que Madame Heidi BROWN disposera d'un droit de visite et d'hébergement dans les mêmes conditions que celles fixées par le jugement du 21 avril 2023 à savoir durant les vacances scolaires, la première moitié les années paires et la seconde moitié les années impaires, mais uniquement sur le territoire français sauf accord contraire des deux parents,

**Dit** Monsieur Arnaud PARIS prendra en charge la moitié du coût des billets d'avion de la mère dans le cadre de l'exercice de son droit de visite et d'hébergement,

**Renvoie** pour le reste à la décision du 21 avril 2023 en ses dispositions non contraires,

**Dit** que chacun gardera la charge de ses propres dépens,

**Rappelle** que l'exécution provisoire de la présente décision est de droit.

**Fait à Paris le 25 Août 2023**

| | |
|---|---|
| **Tifenn GUILLOTIN** | **Gyslain DI CARO-DEBIZET** |
| Greffière | Magistrat |