IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

In re the Matter of J.P. and E.P:

ARNAUD PARIS,                                          Civ. No. 1:24-cv-00648-AA

             Petitioner,                          **OPINION & ORDER**

     v.

HEIDI MARIE BROWN,

             Respondent.

_____

AIKEN, District Judge.

     This case comes before the Court on Petitioner's Motion for Order of Alternative Service by Email. ECF No. 5. Petitioner asserts that he has been unable to serve Respondent at her last known address and seeks leave to either serve Respondent by email or to have service completed by the U.S. Marshals Service. For the reasons set forth below, the Motion is DENIED with leave to refile.

     The Federal Rules of Civil Procedure authorize four methods of service on an individual:

   (1) Following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

   (2) Doing any of the following:

(A) Delivering a copy of the summons and the complaint to the individual personally;

(B) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under state law, the Oregon Rules of Civil Procedure provide that:

Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend . . . Service may be made, subject o the restrictions and requirements of this rule, by the following methods: personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at the person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication.

Or. R. Civ. P. 7(D)(1).

Oregon law provides for alternative service "when it appears that service is not possible under any method otherwise specified in these rules or other rule or statute." Or. R. Civ. P. 7(D)(6). Such alternatives include service by email. Or. R. Civ. P. 7(D)(6)(b). Here, Petitioner has provided evidence of some limited efforts to serve Respondent by ordinary methods, which have been so far unsuccessful. The Court is not convinced, however, that Petitioner has shown that service is not possible save by alternative means. The Court therefore DENIES the motion. However, given the

nature of Petitioner's claims, the Court is prepared to revisit the possibility service by email if Petitioner makes diligent efforts to serve Respondent and is unsuccessful within the next fourteen (14) days.

Petitioner has filed other motions seeking substantive relief from this Court. Without proper service, a court cannot exercise jurisdiction over a party.  *See Direct Mail Specialists Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under [Federal Rule of Civil Procedure] 4.")  As a result, the Court cannot consider Petitioner's various other motions unless and until Respondent has been served.

It is so ORDERED and DATED this ____19th____ day of April 2024.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge