FILED'24 MAY 7 12:52USDC-ORM

RECVD'24 MAY 7 12:52USDC-ORM

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| In re the Matter of J.P. and E.P.:<br><br>ARNAUD PARIS,<br><br>                Petitioner,<br>and<br><br>HEIDI MARIE BROWN,<br><br>                Respondent. | Civil Action No. 1:24-cv-00648-AA<br><br>**PETITIONER'S EMERGENCY MOTION FOR UNSUPERVISED AND DIRECT COMMUNICATION WITH FATHER**<br><br>*NOTE ON MOTION CALENDAR:*<br>*EXPEDITED HEARING REQUESTED* |

    Mother just committed a child abduction in the middle of the school year in France and she is now refusing to disclose where the children are currently in the US or to let proper communication happen between Father and the children without supervision.

    The petitioner, Father, Arnaud Paris, moves for an order permitting his visitation and/or unsupervised communication with the parties' children during this Hague Action and for this Honorable Court to ensure that Mother isn't manipulating the children, alienating them against their Father and adding further strong psychological trauma onto them in

**EMERGENCY MOTION FOR UNSUPERVISED AND DIRECT COMMUNICATION WITH FATHER–**
**Page 1 of 10**    Case No. 1:24-cv-00648-AA

continuation to the abduction she just conducted from France taking our children on a fugitive escape run from Europe avoiding border controls. Here are the recent facts supporting that request:

1. On April 18th at 7.24pm PST Mother was in a car with the children and called Father on the car speaker from a hidden number that's not her known number. Considering the time difference, it was 4.24am in France. The children were in the back of the car while Mother was front row to this discussion on car speaker as well. See attached **Exhibit 04**, showing the time Mother called in France on April 18th at 4.24am (France uses military time) from an unknown number ("Numéro masque" in French).

2. Over the short 2mn phone communication of which only 15 seconds were really communication between Father and his children, Eva and Juliette said twice: "Dad you have to do what mum says or she will get angry!". Which indicates that the children are under some strong intimidation or even possibly a mental state of terror as a result from the abduction. This also shows signs of parental alienation against Father on the part of Mother who has documented history of using psychological pressure onto her children.

3. During this short phone call, Father asked if the children were safe and where they were since Father had had no news from Mother about the whereabouts of his children since they were kidnapped from France, except that they were back in the US. Mother literally hang up the phone on Father in the middle of the discussion because of that.

4. It is to be noted that Father had always been establishing proper contact in

France between the children and their Mother, organizing calls several times a week and always at decent hours for Mother being on the West Coast of the US. Father has always let the communication from France happen in video with children being unsupervised. See attached **Exhibit 10,** testimony made on under oath French form from Keira Sumner, the American AuPair who had been helping taking care of the children in Paris since November 23th till Mother kidnapped the children on April 8th.

5.     On April 17th Mother sent an email to Father saying that she now gets to choose the day she has the kids talk to Father per her local Oregon judgment. A judgment that was obtained in total contradiction to the French judgment that was first to file and first to judgment in France, and that Mother obtained also without Father having been allowed to defend himself. In this email Mother says to Father about the communication with the children:

> *"The days for the calls are at my discretion - see page 19 of the attached. Per the court order they would be between 6pm and 8pm. As I said in my last email, we will attempt to call you today and tomorrow evening. If you are unable to make that time work, please let me know."*

(See attached **Exhibit 02,** email sent by Miss Brown to Mr. Paris on April 17th.) Mother justified in this email that she can call Father in the middle of the night because that's what her Oregon judgment was saying. Mother knew very well that Father is living in France and that the 6-8pm time from her judgment would be in the middle of the night in

France and yet she makes no effort to have the communication to happen at decent hours. She easily could have organized these calls to be in the morning Oregon time which is evening time in France.

6. Mother also said in her email from April 17th to Father that she could also decide what day she would have children call Father. Which means that Mother could wake up Father or keep him up in the middle of the night any day she wants for him to be awake to have a chance to speak with his children.

7. Father sent an email on April 26th asking Mother to establish proper direct communication between him and the children at decent French hours on video calls without supervision. (See attached **Exhibit 05**, email sent to Miss Brown by Mr. Paris on April 26th)

8. Mother didn't respond nor did she implement any proper communication between Father and the children after that email, she continued with middle of the night French time bad faith attempts to call father while he's asleep. (See attached **Exhibit 06**, screenshot from Father's phone showing that Mother tried calling him in the middle of the night in France on April 28th at 4.33am and 4.34am)

9. Father sent another email on May 1st asking Mother to establish proper direct communication between him and the children at decent French hours on video calls and without supervision from Mother. (See attached **Exhibit 07**, email sent to Miss Brown by Mr. Paris on May 1st)

**EMERGENCY MOTION FOR UNSUPERVISED AND DIRECT COMMUNICATION WITH FATHER–**
Page 4 of 10     Case No. 1:24-cv-00648-AA

10. Mother didn't respond nor did she implement any proper communication between Father and the children after that email. As can be seen in the attached **Exhibit 08**, email sent to Miss Brown by Mr. Paris on May 3rd.

11. Mother didn't respond nor did she implement any proper communication between Father and the children after that email, she continued with middle of the night French time bad faith attempts to call father while he's asleep. (See attached **Exhibit 09**, screenshot from Father's phone showing that Mother tried calling him in the middle of the night in France on May 6th at 3.10am and 3.12am)

12. Mother has repeatedly done calls in the middle of the French night even after Father sent numerous email asking for proper communication between him and the children to be done by video facetime, in private without any supervision from Mother.

13. It is now clear that Mother is using an Oregon judgment, that was obtained without due process and in bad faith while she was already participating in the French custody action, to damage the communication between the children and their Father. For that reason, it is crucial that this Honorable Court set aside that judgment from December 28th which is giving the possibility to Mother to force a of dictatorial relationship onto Father and sever the link between Father and the children while he was their only custodial parent for the last 9 months.

14. The judgment in question doesn't have to be given full faith and credit by this Honorable Court because it was obtained without due process and was in complete violation

**EMERGENCY MOTION FOR UNSUPERVISED AND DIRECT COMMUNICATION WITH FATHER–**
Page 5 of 10    Case No. 1:24-cv-00648-AA

of Father's constitutional rights, especially when a Hague Action on the kidnapping of these very same children by Mother just happened from France and is in front of this Honorable Court. See attached **Exhibit 03**, the email sent Father's US attorney explaining how he was forbidden to participate and represent Father in the Oregon court. This behavior from the Oregon court to not give due process to a party to be defended is highly unconstitutional and constitutes a breach of Father's civil rights. This was recently confirmed by the Oregon Appellate Court decision in the Appeal Case number A181544. See attached **Exhibit 01**.

15. More importantly, as part of the Oregon proceedings done without due process that granted Mother that judgment from December 28th 2023, Mother obtained from the Judge a warrant for Father's arrest in all states just because Father was in France under his French judgment refusing to present himself in person to the court and return children that the Judge considered were kept 'hostages'; children hostages to a French judgment filed first and obtained first in France with full due process to Mother who was represented by a French lawyer and who and made pleadings on the merit to obtain custody of her children in Oregon...

16. Mother knew at that time that she was going to commit a kidnapping and that she could as a result ensure that Father would not be able to see his children again since he couldn't come back to the US due to that warrant for his arrest. This is another example of how Mother is implementing her plan to sever permanently the link between Father and the children.

17. For all these reasons it is crucial that the children don't become any further victims of this situation and that they don't be influenced or manipulated by their mother against Father and that a proper unsupervised and daily access be implemented to allow the children to communicate with their Father. Preferably this daily connection to Father would have to happen in a place outside of Mother's home.

**LEGAL ARGUMENT:**

This court has the legal authority to grant Mr. Paris access to/visitation and to have unsupervised communication with the children.

22 USC § 9001(a)(4) states in pertinent part as follows:

*"The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained, **as well as for securing the exercise of visitation rights**. (Emphasis added.)"*

Additionally, 22 USC § 9004(a) states in pertinent part that:

*"In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 9003(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate, **to protect the well-being of the child involved**[.] (Emphasis added.)"*

Hague Convention Article 7(b) specifically provides for the fashioning of "provisional remedies" to protect a child or avoid prejudice to "interested parties" such as the petitioner herein.

**CONCLUSION AND PRAYER FOR RELIEF:**

For the foregoing reasons, Mr. Paris seeks entry of an expedited order granting him a direct line of communication with the children without Mother's supervision. Father remains ready and anxious to exercise continuous unsupervised communication with them prior to the conclusion of this matter and asks that they each be given an apple watch with parental control under Father's supervision to ensure that Mother isn't interfering with that communication and that a proper cell plan be activated by Mother on each of these watches (limited to communication only with Father and Mother).

France and yet she makes no effort to have the communication to happen at decent hours. She easily could have organized these calls to be in the morning Oregon time which is evening time in France.

6.  Mother also said in her email from April 17th to Father that she could also decide what day she would have children call Father. Which means that Mother could wake up Father or keep him up in the middle of the night any day she wants for him to be awake to have a chance to speak with his children.

7.  Father sent an email on April 26th asking Mother to establish proper direct communication between him and the children at decent French hours on video calls without supervision. (See attached **Exhibit 05**, email sent to Miss Brown by Mr. Paris on April 26th)

8.  Mother didn't respond nor did she implement any proper communication between Father and the children after that email, she continued with middle of the night French time bad faith attempts to call father while he's asleep. (See attached **Exhibit 06**, screenshot from Father's phone showing that Mother tried calling him in the middle of the night in France on April 28th at 4.33am and 4.34am)

9.  Father sent another email on May 1st asking Mother to establish proper direct communication between him and the children at decent French hours on video calls and without supervision from Mother. (See attached **Exhibit 07**, email sent to Miss Brown by Mr. Paris on May 1st)

EMERGENCY MOTION FOR UNSUPERVISED AND
DIRECT COMMUNICATION WITH FATHER–
Page 4 of 10           Case No. 1:24-cv-00648-AA

10. Mother didn't respond nor did she implement any proper communication between Father and the children after that email. As can be seen in the attached **Exhibit 08**, email sent to Miss Brown by Mr. Paris on May 3rd.

11. Mother didn't respond nor did she implement any proper communication between Father and the children after that email, she continued with middle of the night French time bad faith attempts to call father while he's asleep. (See attached **Exhibit 09**, screenshot from Father's phone showing that Mother tried calling him in the middle of the night in France on May 6th at 3.10am and 3.12am)

12. Mother has repeatedly done calls in the middle of the French night even after Father sent numerous email asking for proper communication between him and the children to be done by video facetime, in private without any supervision from Mother.

13. It is now clear that Mother is using an Oregon judgment, that was obtained without due process and in bad faith while she was already participating in the French custody action, to damage the communication between the children and their Father. For that reason, it is crucial that this Honorable Court set aside that judgment from December 28th which is giving the possibility to Mother to force a of dictatorial relationship onto Father and sever the link between Father and the children while he was their only custodial parent for the last 9 months.

14. The judgment in question doesn't have to be given full faith and credit by this Honorable Court because it was obtained without due process and was in complete violation

**EMERGENCY MOTION FOR UNSUPERVISED AND DIRECT COMMUNICATION WITH FATHER–**
Page 5 of 10        Case No. 1:24-cv-00648-AA

of Father's constitutional rights, especially when a Hague Action on the kidnapping of these very same children by Mother just happened from France and is in front of this Honorable Court. See attached **Exhibit 03**, the email sent Father's US attorney explaining how he was forbidden to participate and represent Father in the Oregon court. This behavior from the Oregon court to not give due process to a party to be defended is highly unconstitutional and constitutes a breach of Father's civil rights. This was recently confirmed by the Oregon Appellate Court decision in the Appeal Case number A181544. See attached **Exhibit 01**.

15. More importantly, as part of the Oregon proceedings done without due process that granted Mother that judgment from December 28th 2023, Mother obtained from the Judge a warrant for Father's arrest in all states just because Father was in France under his French judgment refusing to present himself in person to the court and return children that the Judge considered were kept 'hostages'; children hostages to a French judgment filed first and obtained first in France with full due process to Mother who was represented by a French lawyer and who and made pleadings on the merit to obtain custody of her children in Oregon...

16. Mother knew at that time that she was going to commit a kidnapping and that she could as a result ensure that Father would not be able to see his children again since he couldn't come back to the US due to that warrant for his arrest. This is another example of how Mother is implementing her plan to sever permanently the link between Father and the children.

EMERGENCY MOTION FOR UNSUPERVISED AND
DIRECT COMMUNICATION WITH FATHER–
Page 6 of 10         Case No. 1:24-cv-00648-AA


17. For all these reasons it is crucial that the children don't become any further victims of this situation and that they don't be influenced or manipulated by their mother against Father and that a proper unsupervised and daily access be implemented to allow the children to communicate with their Father. Preferably this daily connection to Father would have to happen in a place outside of Mother's home.

**LEGAL ARGUMENT:**

This court has the legal authority to grant Mr. Paris access to/visitation and to have unsupervised communication with the children.

22 USC § 9001(a)(4) states in pertinent part as follows:

*"The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained,* **as well as for securing the exercise of visitation rights.** *(Emphasis added.)"*

Additionally, 22 USC § 9004(a) states in pertinent part that:

*"In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 9003(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate,* **to protect the well-being of the child involved**[.] *(Emphasis added.)"*

Hague Convention Article 7(b) specifically provides for the fashioning of "provisional remedies" to protect a child or avoid prejudice to "interested parties" such as the petitioner herein.

**CONCLUSION AND PRAYER FOR RELIEF:**

For the foregoing reasons, Mr. Paris seeks entry of an expedited order granting him a direct line of communication with the children without Mother's supervision. Father remains ready and anxious to exercise continuous unsupervised communication with them prior to the conclusion of this matter and asks that they each be given an apple watch with parental control under Father's supervision to ensure that Mother isn't interfering with that communication and that a proper cell plan be activated by Mother on each of these watches (limited to communication only with Father and Mother).

DATED this 6th day of May, 2024, in Paris, France

Submitted by:
Arnaud PARIS, Pro Per

_____
13 rue Ferdinand Duval
75004 Paris, FRANCE
+33.6.88.28.36.41

## VERIFICATION

I, Arnaud Paris, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED AND DATED this 6th day of May, 2024, in Paris, France.

_____
Arnaud Paris

**EMERGENCY MOTION FOR UNSUPERVISED AND DIRECT COMMUNICATION WITH FATHER–**
**Page 9 of 10**     Case No. 1:24-cv-00648-AA

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PETITIONER'S EMERGENCY MOTION FOR UNSUPERVISED AND DIRECT COMMUNICATION WITH FATHER** on the following party:

Heidi Marie Brown
2256 Abbott Ave
Ashland, OR 97520
heidimparis@gmail.com
Respondent, Pro Se

By the following method or methods:

\_\_\_\_ by **mailing** full, true, and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the attorneys(s) as shown above, the last known office address of the attorney(s), and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

**X** by **emailing** full, true, and correct copies thereof to the pro se party at the email address shown above, which is the last known email address for the respondent on the date set forth below.

\_\_\_\_ by **faxing** full, true, and correct copies thereof to the attorney(s) at the fax number(s) shown above, which is the last known fax number for the attorney(s) office, on the date set forth below. The receiving fax machines were operating at the time of service and the transmission was properly completed.

\_\_\_\_ by selecting the individual(s) listed above as a service contact when preparing this electronic filing submission, thus causing the individual(s) to be served by means of the **court's electronic filing system.**

DATED this 6th day of May, 2024, in Paris, France.

By: _____
ARNAUD PARIS, Petitioner

ARNAUD PARIS
13 rue Ferdinand Duval
75004, PARIS, FRANCE
Telephone: +33688283641
Email: aparis@sysmicfilms.com

EMERGENCY MOTION FOR UNSUPERVISED AND
DIRECT COMMUNICATION WITH FATHER–
Page 10 of 10         Case No. 1:24-cv-00648-AA