FILED' 24 MAY 14 13:27 USDC-ORM

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| In re the Matter of J.P. and E.P.: | |
|---|---|
| ARNAUD PARIS, | Civil Action No. 1:24-cv-00648-AA |
| Petitioner, | EX PARTE PETITIONER'S EMERGENCY MOTION AND DECLARATION FOR CHILDREN WELLFARE CHECK AND DIRECT UNSUPERVISED DAILY COMMUNICATION WITH FATHER |
| and | |
| HEIDI MARIE BROWN, | |
| Respondent. | |

The Respondent, Heidi Brown, Mother just committed a child abduction in the middle of the school year in France and she has been refusing to disclose where the children were in the US and Father has had no information about their living condition, environment, schooling, or the other persons they are in contact with for over a month now.

Considering Mother's continued behavior to hide the children and to sever completely the relationship of the children with Father for more than a month, the well-being of the children physically and psychologically is in question. Especially as Mother has

a long history of manipulating the children and imposing psychological abuse and trauma onto them.

The petitioner, Father, Arnaud Paris, moves for an emergency ex-parte order permitting law enforcement to locate the children and social services to verify the living condition of the children, their well-being and their psychological stability and to ensure that there is no parental alienation taking place on the part of Mother.

Father is also asking for unsupervised communication with the parties' children during this Hague Action and for this Honorable Court to ensure that Mother isn't manipulating the children, alienating them against their Father and adding further strong psychological trauma onto them in continuation to the abduction she just conducted from France taking the children on a fugitive escape run from Europe avoiding border controls.

**DECLARATION FROM PETITIONER:**

1. On April 18th at 7.24pm PST Mother was in a car with the children and called Father on the car speaker from a hidden number that's not her known number. Considering the time difference, it was 4.24am in France. The children were in the back of the car while Mother was front row to this discussion on car speaker as well. See attached **Exhibit 04**, showing the time Mother called in France on April 18th at 4.24am (France uses military time) from an unknown number ("Numéro masqué" in French).

2. Over the short 2mn phone communication of which only 15 seconds were really communication between Father and his children, Eva and Juliette said twice: "Dad

you have to do what mum says or she will get angry!". Which indicates that the children are under some strong intimidation or even possibly a mental state of terror as a result from the abduction. This also shows signs of parental alienation against Father on the part of Mother who has documented history of using psychological pressure onto her children.

3. During this short phone call, Father asked if the children were safe and where they were since Father had had no news from Mother about the whereabouts of his children since they were kidnapped from France, except that they were back in the US. Mother literally hang up the phone on Father in the middle of the discussion because of that.

4. It is to be noted that Father had always been establishing proper contact in France between the children and their Mother, organizing calls several times a week and always at decent hours for Mother being on the West Coast of the US. Father has always let the communication from France happen in video with children being unsupervised. See attached **Exhibit 10**, testimony made on under oath French form from Keira Sumner, the American AuPair who had been helping taking care of the children in Paris since November 23th till Mother kidnapped the children on April 8th.

5. Father sent an email on April 26th asking Mother to establish proper direct communication between him and the children at decent French hours on video calls without supervision. (See attached **Exhibit 05**, email sent to Miss Brown by Mr. Paris on April 26th)

6. Mother didn't respond nor did she implement any proper communication between Father and the children after that email, she continued with middle of the night

French time bad faith attempts to call father while he's asleep. (See attached **Exhibit 06**, screenshot from Father's phone showing that Mother tried calling him in the middle of the night in France on April 28th at 4.33am and 4.34am)

7. Father sent another email on May 1st asking Mother to establish proper direct communication between him and the children at decent French hours on video calls and without supervision from Mother. (See attached **Exhibit 07**, email sent to Miss Brown by Mr. Paris on May 1st)

8. Mother didn't respond nor did she implement any proper communication between Father and the children after that email. As can be seen in the attached **Exhibit 08**, email sent to Miss Brown by Mr. Paris on May 3rd.

9. Mother didn't respond nor did she implement any proper communication between Father and the children after that email, she continued with middle of the night French time bad faith attempts to call father while he's asleep. (See attached **Exhibit 09**, screenshot from Father's phone showing that Mother tried calling him in the middle of the night in France on May 6th at 3.10am and 3.12am)

10. Father sent another email on May 11th asking Mother to establish proper direct communication between him and the children at decent French hours on video calls and without supervision from Mother. (See attached **Exhibit 02**, email sent to Miss Brown by Mr. Paris on May 11th)

11. Father sent another email on May 14th asking Mother to establish proper direct communication between him and the children at decent French hours on video calls

and without supervision from Mother. (See attached **Exhibit 01**, email sent to Miss Brown by Mr. Paris on May 11th)

12.     Mother didn't respond nor did she implement any proper communication between Father and the children after that email, she continued with middle of the night French time bad faith attempts to call father while she knows very well he's asleep. Worse she is now clearly using these calls to tell the children, "Let's call your father", obviously you're not telling them that it's the middle of the night in France and that Father is asleep unable to answer, and then she would tell them, "Oh look your father doesn't want to talk to you...". This type of parental alienation towards the children is unacceptable is extremely damaging to the children considering that Father was their main custodial parent for the last 9 months continuously. See attached **Exhibit 10**, testimony made on under oath French form from Keira Sumner, the American AuPair who had been helping taking care of the children in Paris since November 23th till Mother kidnapped the children on April 8th.

## STATEMENT AND POINTS OF AUTHORITIES:

This court has the legal authority to grant Mr. Paris access to/visitation and to have unsupervised communication with the children.

22 USC § 9001(a)(4) states in pertinent part as follows:

*"The Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, establishes legal rights and procedures for the prompt return of children who have been wrongfully removed or retained,* ***as well***

*as for securing the exercise of visitation rights. (Emphasis added.)"*

Additionally, 22 USC § 9004(a) states in pertinent part that:

*"In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 9003(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate, **to protect the well-being of the child involved[.]** (Emphasis added.)"*

Hague Convention Article 7(b) specifically provides for the fashioning of "provisional remedies" to protect a child or avoid prejudice to "interested parties" such as the petitioner herein.

This court has the legal authority to grant Mr. Paris that the children be located by Federal Law enforcement to protect the children, ensure about their physical and psychological well being and to avoid any enduring prejudice to them such as parental alienation

## CONCLUSION AND PRAYER FOR RELIEF:

For the foregoing reasons, Mr. Paris, Father, Petitioner, seeks entry of an ex-parte expedited order instructing local Federal Law Enforcement to locate the Mother and the children and to have social services professionals conduct a welfare check of the children and to conduct a psychological evaluation of the children to ensure that no parental alienation is taking place considering the alarming behavior of Mother and her clear efforts at damaging the relationship between Father and the children.

Petitioner also request that this order establishes a direct line of communication with the children without Mother's supervision. Father remains ready and anxious to exercise continuous unsupervised daily communication with the children prior to the expedited conclusion of this matter and asks that they each be given an apple watch each (cost to be shared jointly by Father and Mother) with parental control under Father's supervision to ensure that Mother isn't interfering with that communication and that a proper cell plan be activated by Mother on each of these watches (limited to communication only with Father and Mother).

DATED this 14th day of May, 2024, in Paris, France

Submitted by:
Arnaud PARIS, Pro Per

*[signature]*

13 rue Ferdinand Duval
75004 Paris, FRANCE
+33.6.88.28.36.41

## VERIFICATION

I, Arnaud Paris, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

SIGNED AND DATED this 14th day of May, 2024, in Paris, France.

*[signature]*

Arnaud Paris

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **EX PARTE PETITIONER'S EMERGENCY MOTION FOR CHILDREN WELFARE CHECK AND DIRECT UNSUPERVISE DAILY COMMUNICATION WITH FATHER** on the following party:

Katelyn Skinner at kds@buckley-law.com
Katrina Seipel at kas@buckley-law.com
Attorneys for Respondent

By the following method or methods:

_____ by **mailing** full, true, and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the attorneys(s) as shown above, the last known office address of the attorney(s), and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

**X** by **emailing** full, true, and correct copies thereof to the attorneys on record for Respondent shown above, which is the last known email address for the respondent's attorneys on the date set forth below.

_____ by **faxing** full, true, and correct copies thereof to the attorney(s) at the fax number(s) shown above, which is the last known fax number for the attorney(s) office, on the date set forth below. The receiving fax machines were operating at the time of service and the transmission was properly completed.

_____ by selecting the individual(s) listed above as a service contact when preparing this electronic filing submission, thus causing the individual(s) to be served by means of the **court's electronic filing system.**

DATED this 14th day of May, 2024, in Paris, France.

By: _/s/_
ARNAUD PARIS, Petitioner

ARNAUD PARIS
13 rue Ferdinand Duval
75004, PARIS, FRANCE
Telephone: +33688283641
Email: aparis@sysmicfilms.com