FILED'24 MAY 21 15:13USDC-ORM

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| In re the Matter of J.P. and E.P.: | Civil Action No. 1:24-cv-00648-AA |
| ARNAUD PARIS, | |
| **Petitioner,** | **SUPPLEMENTAL STATEMENT TO MOTION FILED ON APRIL 19th 2024 TO POINT OUT DUPLICITY AND BAD FAITH OF MOTHER IN THE OREGON PROCEEDINGS** |
| **and** | |
| HEIDI MARIE BROWN, | |
| **Respondent.** | |

Petitioner, Father, would like to provide this supplemental statement to the motion filed on April 19th to point out the duplicity of Respondent, Mother, who has just been filing in bad faith a protective stalking order in Jackson County against Father to delay service of the Hague Action for Abduction that she knew had been filed against her in this Honorable Court.

After having been actively avoiding service for many weeks, as this Honorable Court is aware since alternative service had to be ordered in this matter, it appears that Mother had also filed in Jackson County a bad faith protective stalking order against

Petitioner, Father, on May 2nd also in an effort to delay service in these Hague

Proceedings. See attached **Exhibit 01**, Stalking Protective Order that was given to Father

by a French private detective on May 17th at his local supermarket in Paris. (It is to be

noted that private investigators are not allowed to serve documents in France, only

French bailiffs are allowed, so Mother apparently was able to convince a French PI to

'cross the line' in France which does in turn constitute harassment against Father on part

of Mother). See attached **Exhibit 01,** the Stalking Protective Order filed by Mother on

May 2nd in the Jackson County Court.

Father had already received a cease-and-desist email from Mother, Heidi Brown,

on April 24th clearly intended to try to delay Petitioner's efforts at serving her this Hague

Action's petitions and summons. See attached **Exhibit 02** email with notice from Miss

Brown to cease-and-desist sent to Father on April 24th 2024. This Honorable Court will

note that all the Exhibits presented as supportive evidence in the Stalking Protective

Order Petition from Mother are dated **from before this cease-and-desist letter**.

Father would like to point out that the the custody judgment from April 17th 2024

and its finding of facts on which Miss Brown is relying for requesting this Stalking Order

was obtained without due process (Father wasn't allowed to participate or to be

represented by his counsel) and it was rendered by Judge Orr in total violation of the

UCCJEA in order to create a conflicting custodial determination in contradiction to the

French Judgments that were obtained first in France. Judge Orr showed clear proof of

bias and lack of impartiality during these proceedings, going as far as mocking the

French and their Judicial System in open courts and he is subject of a complaint by the Medford DA for judicial misconduct and lack of impartiality in his proceedings. See attached **Exhibit 03,** email from Mr. Paris's lawyer, Tom Bittner from August 3rd 2023. See attached **Exhibit 04**, article from the Rogue Valley Times from April 27th, 2024.

But Father, Petitioner, still complied with this cease-and-desist letter from Mother and after April 24th he didn't take any direct part to locating Miss Brown nor to the actions taken by the Service Company "ACP Investigation" that he had hired in Medford to serve Mother, Respondent, for these Hague Proceedings. See attached **Exhibit 05a,** Affidavit from service company in which the server is describing all the efforts made by the company to find, locate and serve Mother and none of these actions involved Father directly after April 24th, date when Mother sent her cease-and-desist letter to Father.

Now, while Father wasn't involved in any of these service actions **after he had complied with the cease-and-desist letter,** Mother still went ahead and filed in bad faith on May 2nd this Stalking Protective Order with the clear intent to try to prevent any kind of service of the Hague Federal Action that could order the return of the children that Mother just abducted from France in the middle of their school year. Mother was fully aware of the French Judgments valid in France when she abducted the children last month and she knows that the Hague Convention's Article 3 is very clear:

*"The removal or the retention of a child is to be considered wrongful where –*

*//*

a)  *it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and*

b)  *at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention."*

Mother removed children from France, where the children had been spending their entire school year in Paris living there with Father, their custodial parent per the "law of that state", being France, since Father had full custody of the children in Paris per the French Judgment of April 21st, 2023. And there was even a second French Judgment issued on August 25th, 2023 forbidding Mother to take the children outside of France during her visitation time. That was the "law of the state" that Mother was fully aware of when she abducted the children from France last month and this clearly constitutes a wrongful removal from the children's habitual residence. Mother is fully aware that if a Hague Action is to take place, these two conditions to return the children to France are clearly met and she wants to delay this return of the children to France at all cost.

So this stalking protective order entered in bad faith shows that Mother is not only trying to delay these Hague Federal proceedings in Oregon be she is also trying to set the narrative to portray Father as some kind of dangerous character that it wouldn't be in the interest of the children to be sent back to live with in Paris. And this explains also why Mother filed for that Stalking Protective Order before entering into the unavoidable Hague Federal Proceedings for the return of the children to France. Mother wants to set

the stage for this Honorable Court to believe that Father is some kind of clear and immediate danger not just to Mother but also to the Children.

This bad faith behavior on the part of Mother is consistent with the action she took against Father even locally in Oregon last year when she blocked the children in Ashland for the school year through the Status Quo order and when the French Judgment of April 21st, 2023 granted custody of the children to Father and Mother felt that the children would soon be able to return to France with Father. To avoid this, Mother conducted nothing less than a slandering campaign in town to try to tarnish Father's image and his reputation and to create a narrative among the community of him being some kind of dangerous sexual predator to children. See attached **Exhibit 05b**, which is a retract-cease-and-desist letter that Father was forced to send to Mother and her friends in town who participated in the slander, to protect his honor and his reputation. Neither Mother, nor her friends retracted or apologized following that letter; but as an effort to de-escalate tensions in town with Mother and in preparation of the return to France with the children under the French Judgment, Father didn't proceed with that slander lawsuit towards Miss Brown or her friends who participated in the slandering.

Mother has a continued history of having tried to create that negative image of Father in the Oregon court, particularly when Father was denied due process and wasn't allowed to participate in the Jackson County proceedings after the August 3rd hearing during which Father was summarily sanctioned. Particularly, on the hearing of December 21st 2023 in the Jackson County proceedings, Mother testified that Father was enjoying

**degrading women sexually to the point of raping them,** and Mother testified under

oath of such slanderous unfounded accusations without any possible way for Father to

make any objections on the record to such atrocious lies. See the following excerpt from

the hearing of December 21st 2023 in the Jackson County proceedings in which Father

was not allowed to participate but only to listen without the right to make any objection

nor to cross examinate, nor to bring any witnesses, evidence or testimony to counter

anything that was said in these hearing:

> ***THE COURT***
>
> *Can you explain or if, you know, when, when he talked about, you know, hurting*
>
> *women, in, in, in a sexual way, was this something like occurring against their will*
>
> *or that this other person or the other woman was a willing participant, but also for*
>
> *some kind of sexual reasons.*
>
> ***MISS BROWN***
>
> *My understanding is that it started out as something they were consenting for and*
>
> *then when things got more intense, they, it was against their will at different*
>
> *points.*
>
> ***THE COURT***
>
> *So you're concerned that something like that could happen within the, the*
>
> *apartment or the dwelling while the Children are there.*
>
> ***MISS BROWN***
>
> *Yeah. Yeah.*

**SUPPLEMENTAL STATEMENT Page 6 of 10**
Case No. 1:24-cv-00648-AA

Such an horrific accusation made by Mother in open court during her testimony against Father without any basis nor proof constitutes clear slander and is it consistent with all the bad faith actions that Mother has been doing in the Jackson County's proceedings, starting with her very initial petition for custody in which she lied about not knowing of any competing custodial action in France.

It is indeed very important to inform this Honorable Court that Mother's bad faith actions in the Jackson County court started as early as when she filed her custody action back in October 7th 2022 and when she asked also for a Status Quo order for the children. Indeed, in her initial petitions Mother didn't mention that there were already custodial proceedings that she was fully aware of in France. See attached **Exhibit 06,** the section on page five highlighted in yellow.

The truth about this lie fist came out during the previous Federal Hague Action proceedings in Oregon that took place in December 2022 in Eugene during which Mother's counsel confirmed that she knew of the French proceedings. See attached **Exhibit 07,** excerpt from the Oregon Hague trial from December 2022 in Eugene, on page five the section highlighted in yellow confirms that Mother knew of the French custodial action having been filed first in Paris.

It is to be noted also that these bad faith and even fraudulent legal strategies from Mother had already started in France with her fraudulent plan she had conceived with her French lawyer to deceive Father and permanently block the children in Oregon. A plan that had been unveiled during these same Hague proceedings when Honorable Judge McShane

**SUPPLEMENTAL STATEMENT Page 7 of 10**
Case No. 1:24-cv-00648-AA

accepted the evidence of Mother's fraudulent plan under the Fraud and Crime Exception. See attached **Exhibit 08**, excerpt from the Hague trial from December 2022 in Eugene, the section on page five highlighted in yellow. See also attached **Exhibit 09**, excerpt from the Hague trial from December 2022 in Eugene, the sections highlighted in yellow.

These excerpts are referring to the following emails proving that Miss Brown did enter fraudulently into an agreement with Father with the clear intent to deceive him and to block the children in Oregon to commit custody forum shopping. See attached **Exhibit 10.**

Through this supplemental statement, Petitioner hopes that the bad faith of Mother's Stalking Protective Order is even more obvious now to this Honorable Court in light of this repeated behavior on the part of Mother to instrumentalize the Oregon judicial system to serve her fraudulent strategy of Custody Forum shopping and to victimize herself while creating a monstruous depiction of Father to try to justify keeping the children in Oregon at all cost in the coming Hague Trial.


DATED this 21st day of May, 2024, in Paris, France


Submitted by:
Arnaud PARIS, Pro Per


13 rue Ferdinand Duval
75004 Paris, FRANCE
+33.6.88.28.36.41


**SUPPLEMENTAL STATEMENT Page 8 of 10**
Case No. 1:24-cv-00648-AA

1
2
## VERIFICATION
3
    I, Arnaud Paris, declare under penalty of perjury under the laws of the United States
4
of America that the foregoing is true and correct.
5
SIGNED AND DATED this 21st day of May, 2024, in Paris, France.
6
7
8
9
    _____
    Arnaud Paris
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**SUPPLEMENTAL STATEMENT Page 9 of 10**
Case No. 1:24-cv-00648-AA

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **SUPPLEMENTAL STATEMENT TO MOTION FILED ON APRIL 19th 2024 TO POINT OUT DUPLICITY AND BAD FAITH OF MOTHER IN THE OREGON PROCEEDINGS** on the following party:

Katelyn Skinner at kds@buckley-law.com
Katrina Seipel at kas@buckley-law.com
Attorneys for Respondent

By the following method or methods:

_____ by **mailing** full, true, and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the attorneys(s) as shown above, the last known office address of the attorney(s), and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

__X__ by **emailing** full, true, and correct copies thereof to the attorneys on record for Respondent shown above, which is the last known email address for the respondent's attorneys on the date set forth below.

_____ by **faxing** full, true, and correct copies thereof to the attorney(s) at the fax number(s) shown above, which is the last known fax number for the attorney(s) office, on the date set forth below. The receiving fax machines were operating at the time of service and the transmission was properly completed.

_____ by selecting the individual(s) listed above as a service contact when preparing this electronic filing submission, thus causing the individual(s) to be served by means of the **court's electronic filing system.**

DATED this 21st day of May, 2024, in Paris, France.

By:_____
ARNAUD PARIS, Petitioner

ARNAUD PARIS
13 rue Ferdinand Duval
75004, PARIS, FRANCE
Telephone: +33688283641
Email: aparis@sysmicfilms.com

**SUPPLEMENTAL STATEMENT Page 10 of 10**
Case No. 1:24-cv-00648-AA