# EXHIBIT 06

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | IN THE CIRCUIT COURT FOR THE STATE OF OREGON | |
| 5 | FOR THE COUNTY OF JACKSON | |
| 6 | IN THE MATTER OF: | ) |
| 7 | HEIDI MARIE BROWN, | ) CASE NO. 22DR17285 |
| 8 | PETITIONER, | ) **PETITIONER'S EX PARTE MOTION AND** |
| 9 | and | ) **DECLARATION FOR TEMPORARY** <br> ) **PROTECTIVE ORDER OF RESTRAINT** |
| 10 | ARNAUD PARIS, | ) (Pre-Judgment Status Quo – ORS 107.097) |
| 11 | RESPONDENT. | ) |

**MOTION**

Petitioner, through attorney Sarah Bain, moves the court for a temporary order restraining Petitioner and Respondent from the following:

1. Changing their children's usual place of residence;
2. Interfering with their children's present placement and daily schedule;
3. Hiding or secreting their children from the other parent;
4. Interfering with the other parent's usual contact and visitation with their children;
5. Leaving the state with their children without the written permission of the other parent or the permission of the court; and
6. In any manner disturbing the current schedule and daily routine of their children until custody or parenting time issues have been determined or the parties otherwise agree in writing.

**POINTS AND AUTHORITIES**

This motion is based on ORS 107.097(2) and Petitioner's declaration below. ORS 107.097(2) allows the court, upon receipt of a motion and declaration containing the applicable

PETITIONER'S MOTION & DECLARATION FOR TEMPORARY PROTECTIVE ORDER OF RESTRAINT
Page 1 of 5

1  Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) information, to issue a tempo-
2  rary order restraining and enjoining both parties from the above specified actions. *"Child's usual*
3  *place of residence"* means the place where the child is living at the time the motion for the tem-
4  porary order is filed and has lived continuously for a period of three consecutive months, exclud-
5  ing any periods of time during which the noncustodial parent did exercise, or would otherwise
6  have exercised, parenting time. *"Parent's usual contact and parenting time," "present placement*
7  *and daily schedule of the child"* and *"current schedule and daily routine of the child"* mean the
8  contact, parenting time, placement, schedule and routine at the time the motion for the tempo-
9  rary order is filed. If the child's usual place of residence cannot be determined, the court may
10 make any further order based on the best interests of the child ORS 107.097(4)(d)(A).

DATED: 10/07/2022

**CARTY LAW, P.C.**

*[signature]*

_____
Sarah Báin, OSB No. 202594
Email: *sarah@cartylawpc.com*
Attorney for Petitioner

PETITIONER'S MOTION & DECLARATION FOR TEMPORARY PROTECTIVE ORDER OF RESTRAINT
Page 2 of 5

**DECLARATION**

I, Heidi Brown, Petitioner herein, hereby declare the following:

1. Respondent (hereafter Father) and I have two joint minor children, namely, Eva Lilie Paris (7) and Juliette Manon Paris (7).

2. Our children currently reside at 665 Leonard St., in Ashland, Oregon.

3. This past summer, our family relocated from Paris, France, to Ashland, Oregon, with the intent to make Ashland our permanent home. Eva, Juliette, and I arrived on July 29, 2022. Father joined us shortly thereafter on August 19, 2022.

4. Our children are currently enrolled in and attend school at Belleview Elementary School in Ashland.

5. Both Respondent and I exercise regular parenting time with our children on a roughly equal basis.

6. I believe it is in the children's best interest to remain in Ashland, and for them to continue at their present school for the duration of Father's and my dissolution proceedings.

7. Father recently indicated to me he intends to leave me and the children and return to France. Even though we literally live together in the same house and jointly made plans to live here, he has told me on multiple occasions that I am holding our girls "hostage". Father has threatened to remove the girls from our home, their school, and this country. Taking any of those actions would be extremely disruptive to our children and not in their best interest. Father and I agreed jointly that our children would attend school in Ashland this year; neither of us should be permitted to now unilaterally deviate from that choice. I am concerned that Father is acting emotionally due to friction in our relationship and that he is not considering the girls' best interests.

8. Father and I moved with our children to Paris in 2019 for what we anticipated would be a temporary, one-year relocation. In March 2020, due to the Covid-19 pandemic, we decided to stay in France longer than anticipated because international travel was a mess. We started collecting United States unemployment insurance benefits with plans to move back to

PETITIONER'S MOTION & DECLARATION FOR TEMPORARY PROTECTIVE ORDER OF RESTRAINT
Page 3 of 5

1   the United States once things settled down.

2   9.   In December 2020, I acquired a vacant lot in Ashland, Oregon, with the intent to build a home for Father, myself, and the children. The deed was recorded in my name on January 4, 2021. Additionally, Father considered purchasing vacation property on the Oregon coast for the anticipated move back to Oregon. We often spoke about our intended return to Ashland.

3   10.  In March 2022, we finalized our plans to move back to Ashland. Father and I prepared to move by terminating our lease on our Paris apartment, selling our furniture and other belongings, securing a four-bedroom rental house in Ashland where we would all reside, researching schools in Ashland, registering the children for summer camps in Ashland, hiring an au pair to care for the children in Ashland, and submitting applications to transfer our places of employment to the United States. I work in marketing and recently transferred my European contract to an American contract. My American contract is permanent.

4   11.  I own real property in Ashland, my vehicle is registered here, and I pay taxes in the State of Oregon. Father and I currently live in Ashland. Father has told me verbally and in writing that he intends to live permanently in Ashland.

5   12.  Eva and Juliette were born in Ashland. Eva and Juliette have U.S. health insurance The girls' pediatrician is in Ashland (i.e., the same doctor they have been seeing since 2017 – we never transferred their primary care when we moved temporarily to France because we always knew we would be coming back). The girls' dentist is local to this area and their orthodontist is in Medford. Eva and Juliette attended summer camp here, have made friends, attended play dates, and are enrolled in extracurricular activities in Ashland.

6   13.  The information required by the Uniform Child Custody Jurisdiction and Enforcement Act, ORS 109.791 *et. seq.* is as follows:

7   14.  Our children's present address is 665 Leonard Street, in Ashland, OR.

8   15.  Our children have lived at the following places with the following people during the last five years:

PETITIONER'S MOTION & DECLARATION FOR TEMPORARY PROTECTIVE ORDER OF RESTRAINT
Page 4 of 5

CARTY LAW, P.C.
P.O. Box 4628, Salem, Oregon 97302
office@cartylawpc.com | (503) 991-5142 | www.cartylawpc.com

EXHIBIT 06   PAGE 4 OF 5

| DATE | PLACE | PERSON |
|---|---|---|
| March 2015-August 2019 | Los Angeles County, CA | Both Parents |
| August 2020 - July 2022 | Paris, France | Both Parents |
| July 2022 - Present | Jackson County, Oregon | Both Parents |

16. I have not participated as a party, witness, or in any other capacity in any litigation concerning the custody of or parenting time or visitation with Eva and Juliette in this or any other state.

17. I do not know of any proceeding that could affect this proceeding, including any proceedings for enforcement or relating to domestic violence, protective orders, termination of parental rights, or adoptions.

18. I do not know of any person not a party to these proceedings who has physical custody of Eva and Juliette or claims rights of legal custody or physical custody of, or parenting time or visitation with Eva and Juliette.

I hereby declare that the above statements are true to the best of my knowledge and belief, and I understand they are made for use as evidence in court and are subject to penalty for perjury.

DATED: 10/07/2022

_____
Heidi Brown, Petitioner

PETITIONER'S MOTION & DECLARATION FOR TEMPORARY PROTECTIVE ORDER OF RESTRAINT
Page 5 of 5