# EXHIBIT 07

```
1                THE UNITED STATES DISTRICT COURT

2                    FOR THE DISTRICT OF OREGON

3                         MEDFORD DIVISION

4

5   ARNAUD PARIS,                    )
                                     )
6                Petitioner,         )   Case No. 1:22-cv-01593-MC
                                     )
7            v.                      )
                                     )   December 7, 2022, 2:51 PM
8   HEIDI MARIE BROWN,               )
                                     )
9                Respondent.         )
    _____)
10

11

12

13                           COURT TRIAL

14                       EXCERPT OF PROCEEDINGS

15          BEFORE THE HONORABLE MICHAEL J. MCSHANE

16             UNITED STATES DISTRICT COURT JUDGE
```

EXHIBIT 7 - PAGE 1 OF 6

```
 1                        APPEARANCES
 2
 3   FOR THE PETITIONER:
                          DAVID B. STARKS
 4                        McKinley Irvin PLLC
                          1501 4th Avenue
 5                        Suite 1750
                          Seattle, WA 98101
 6
 7   FOR THE RESPONDENT:
                          KATELYN D. SKINNER
 8                        Buckley Law PC
                          5300 Meadows Road
 9                        Suite 200
                          Lake Oswego, OR 97035-8617
10
11
12
13
14
15
16   COURT REPORTER:      Kendra A. Steppler, RPR, CRR
                          United States District Courthouse
17                        District of Oregon
                          405 E. 8th Avenue, Room 2100
18                        Eugene, OR 97401
19
20                          *   *   *
21
22
23
24
25
```

EXHIBIT 7 - PAGE 2 OF 6

***EXCERPT OF PROCEEDINGS***


THE COURT: Can we start with wrongful removal? Because I'm still not hearing you talk about --

MS. SKINNER: The -- our arguments --

THE COURT: -- the underlying agreement --

MS. SKINNER: The --

THE COURT: -- by which the children left for the United States. And, I agree, there are some credibility issues with some of the explanations that don't make a lot of sense by Mr. Paris. But, I'll be honest, I'm not sure if the explanation that your client gave about Exhibit 23 is particularly credible. I know she kept saying it's made out of context. But I've yet to see what other context there is, especially in light of the fact that on October 7th, she filed a petition totally revoking any interest in the July 19th agreement.

MS. SKINNER: Thank you, Your Honor. And I'll address both points. As to the intent of Ms. Brown at the time she entered into the July agreement, I think she testified, credibly, that she negotiated that agreement for hours and hours. There was discussions back and fork about health insurance and all of the conditions that were placed. She had already started to do the work to put those things --

THE COURT: Right.

EXHIBIT 7 - PAGE 3 OF 6

1     MS. SKINNER: -- in motion. And if she had had a
2  plan to not follow through with the July agreement, then why
3  would she get her French visa renewed in September of 2022, or
4  take the steps to get it renewed?
5     THE COURT: But what she told me is that she wanted
6  to leave her options open, which tells me that she believed she
7  had the unilateral ability to simply keep the children in the
8  United States. And she certainly has -- is attempting to do
9  that by the October 7th filing.
10    MS. SKINNER: And I'll address the October 7th filing
11 in just a moment with the testimony about keeping options open.
12 I think we need to look at that in light of the flip-flopping
13 that Mr. Paris had done at that point. And I think her
14 credible testimony was, in discussions with her lawyer, it was
15 what do I do if he reneges on this again? What can I do?
16 What -- could a plan be put into place if that happens? I need
17 something with security.
18    And what we don't have in evidence is any evidence that
19 show that she took -- and I'll get to the October 7th custody
20 pleading in just a moment -- so that aside, she took no steps
21 to renege on the July agreement. And, in fact, the opposite is
22 true. She took all of the steps to keep that agreement upheld
23 and in place.
24    There's no evidence to show that there was an appointment
25 scheduled with an Oregon lawyer for July 29th, plus six months,

EXHIBIT 7 - PAGE 4 OF 6

1  so that she could go in there and get the petition filed.
2  There was no petition for custody that was drafted up and ready
3  to go so that on six months and a day, that that could be done.
4  Because she didn't take any steps to breach the agreement.
5       Now, why did she file Exhibit 49, the custody case in
6  Oregon? Not because that was part of her preplan, because, in
7  fact, the six months obviously hadn't expired at that point.
8  She did that because Dad had filed in France, on October 3rd, a
9  French custody case. And Ms. Brown was concerned that, again,
10 it was another reneging of a contract, and that Mr. Paris was
11 going to use the October 3rd French custody filing to again
12 yank the kids back.
13      And so the October 7th, 2022, filing had nothing to do
14 with I'm trying to now get UCCJDA jurisdiction. It had
15 everything to do with simply getting a status quo in place so
16 that the terms of the July agreement would be able to continue
17 in force. Because with the status quo, the kids are here for
18 the time being, in line with that one-year agreement.
19      Now, Mr. Paris' counsel had much to say about Mr. Paris'
20 illness. But I haven't heard any testimony or received -- I
21 didn't receive one piece of evidence brought into this court
22 about a single condition, symptom, or any impact that it had on
23 Mr. Paris' daily living, except that he takes some B12 vitamins
24 and goes and sees a doctor occasionally.
25      But, more importantly, the information about his disease

EXHIBIT 7 - PAGE 5 OF 6

```
 1                    C E R T I F I C A T E
 2
 3            Arnaud Paris v. Heidi Marie Brown
 4                Case No. 1:22-cv-01593-MC
 5                   Court Trial Excerpt
 6                    December 7, 2022
 7
 8       I certify, by signing below, that the foregoing is a true
 9  and correct excerpt of the record, taken by stenographic means,
10  of the proceedings in the above-entitled cause.  A transcript
11  without an original signature, conformed signature, or
12  digitally signed signature is not certified.
13
14  /s/Kendra A. Steppler, RPR, CRR
    Official Court Reporter         Signature Date: July 31, 2023
15
16
17
18
19
20
21
22
23
24
25
```

EXHIBIT 7 - PAGE 6 OF 6