# EXHIBIT 08

```
 1                THE UNITED STATES DISTRICT COURT

 2                   FOR THE DISTRICT OF OREGON

 3                         MEDFORD DIVISION

 4

 5   ARNAUD PARIS,                    )
                                      )
 6                  Petitioner,       )   Case No. 1:22-cv-01593-MC
                                      )
 7              v.                    )
                                      )   December 5, 2022
 8   HEIDI MARIE BROWN,                )
                                      )
 9                  Respondent.       )
     _____)

10

11

12

13                          COURT TRIAL

14           EXCERPT OF TRANSCRIPT OF PROCEEDINGS

15         BEFORE THE HONORABLE MICHAEL J. MCSHANE

16            UNITED STATES DISTRICT COURT JUDGE
```

EXHIBIT 08 – PAGE 1 OF 6

~~EXHIBIT 08 - PAGE 1 OF 1~~

```
 1                          APPEARANCES

 2   FOR THE PETITIONER:
                             DAVID B. STARKS
 3                           McKinley Irvin PLLC
                             1501 4th Avenue
 4                           Suite 1750
                             Seattle, WA 98101
 5

 6   FOR THE RESPONDENT:
                             KATELYN D. SKINNER
 7                           Buckley Law PC
                             5300 Meadows Road
 8                           Suite 200
                             Lake Oswego, OR 97035-8617
 9

10

11

12

13

14

15   COURT REPORTER:         Kendra A. Steppler, RPR, CRR
                             United States District Courthouse
16                           District of Oregon
                             405 E. 8th Avenue, Room 2100
17                           Eugene, OR 97401

18

19                              *   *   *

20

21

22

23

24

25
```

EXHIBIT 08 - PAGE 2 OF 6

```
 1              (Excerpt of proceedings began at 9:35 AM.)
 2
 3              THE COURT:  All right.  Let's hear from Petitioner.
 4              MR. STARKS:  Certainly, Your Honor.  As you're
 5   looking through the exhibit, I would first say that this
 6   isn't -- I mean, this isn't a decision tree email.  I mean, the
 7   second page -- this is, I think, page 163, as we've designated
 8   Petitioner's exhibits.  You'll see at the top, on the third
 9   line down -- or fourth line down -- indeed, Heidi's plan is to
10   remain in Oregon at the end of the upcoming school year, and to
11   tell Arnaud, once Oregon courts have acquired jurisdiction
12   within six months -- by January 2023 -- that she does not plan
13   to move back to France with the girls.  If he is unhappy with
14   that change, he'll have to file with Oregon courts.
15              So, I mean, this isn't a decision tree email.  This is an
16   email saying here's what the plan is now that we've secured the
17   July agreement.
18              As for the overall admissibility of the document, Your
19   Honor, you know, we spent the time, so I provided the briefing,
20   on the legal issues and on the attorney-client privilege issue.
21   I think I could wrap the attorney-client privilege issue and
22   the fraud exception into the overall view of the Hague
23   Convention.  Because this Court has sort of a unique place in
24   the world when it hears these sorts of cases.
25              And Hague Convention Article 30 makes it very clear that
```

EXHIBIT 08 - PAGE 3 OF 6

1  you sit in many ways in equity and not just in law. You're
2  here to do fairness. You're here to figure out what's right
3  and to do what's right as well as you can.
4      And so when you look at Article 30, any application
5  submitted to the Central Authorities or directly to the
6  Judicial or Administrative Authorities of the contracting
7  state, in accordance with the terms of the Convention, together
8  with documents and any other information appended thereto or
9  provided by Central Authority, shall be admissible in the
10 courts or Administrative Authorities of the contracting state.
11     This is designed so that the Petitioner can bring forward
12 the evidence necessary for the Court to make some fundamental
13 decisions. What is the habitual residence of the child? Are
14 there any defenses to the return? And so I think we get --
15 it's easy, because we're lawyers, and we're used to the Kabuki
16 dance of what we usually do in these cases. Right? But this
17 isn't those usual cases. This is those cases where you're
18 vested with a lot of authority to just do what's right.
19     And we have the information. We've seen the email. In
20 many ways, it's the kabuki dance of pretending we haven't seen
21 it anymore. If we pretend we haven't seen it anymore -- the
22 facts are the facts -- right -- however they've developed.
23 Article 30 certainly says that this admissible because it was
24 appended to my petition. And my petition was filed in complete
25 conformity with the Convention, and, therefore, it is

EXHIBIT 08 - PAGE 4 OF 6

1  admissible. Thank you, Your Honor.
2  THE COURT: Okay. I'm going to allow it in. I don't
3  think I need to hear evidence of forensic investigators. I
4  don't think there's -- I don't have any huge doubt that, in
5  fact, Ms. Brown did not consent to Mr. Paris going through her
6  belongings.
7  But it does appear to be more than just a general option
8  kind of counseled by an attorney. This appears to be a
9  strategy showing that Ms. Brown intended to deceive when she
10  executed an agreement that she never intended on following,
11  which does appear to be then fraudulent, and it would come
12  under -- we call it the "crime fraud exception," but it --
13  "fraud exception" -- and I do think it falls under that.
14  If this Court actually does have broad equity, as
15  Petitioner suggests, under the Hague Act, I do think under that
16  kind of broad equity, in terms of what was the intent of the
17  parties, and in a matter which intent is so hard to get at,
18  this is a relevant document that does assist the Court.
19  Again, if the Petitioner -- or, excuse me -- the
20  Respondent -- I'll just probably say "mother" and "father."
21  It's easier. If the mother in this case testifies consistently
22  that this was her thought, there's no reason to enter it. If
23  she testifies inconsistently, I think it would come in under
24  the crime fraud exception. So that's where we are with that.
25  Okay. Anything else as a preliminary matter?

EXHIBIT 08 - PAGE 5 OF 6

C E R T I F I C A T E

Arnaud Paris v. Heidi Marie Brown

1:22-cv-01593-MC

Court Trial Excerpt

December 5, 2022

I certify, by signing below, that the foregoing is a true and correct transcript of the record, taken by stenographic means, of the proceedings in the above-entitled cause. A transcript without an original signature, conformed signature, or digitally signed signature is not certified.

/s/Kendra A. Steppler, RPR, CRR
Official Court Reporter        Signature Date: 1/10/2023

EXHIBIT 08 - PAGE 6 OF 6