# EXHIBIT 09

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ARNAUD PARIS, | ) |
| Petitioner, | ) Case No. 1:22-cv-01593-MC |
| v. | ) December 5, 2022 |
| HEIDI MARIE BROWN, | ) |
| Respondent. | ) |

COURT TRIAL

EXCERPT OF TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE MICHAEL J. MCSHANE

UNITED STATES DISTRICT COURT JUDGE

EXHIBIT 09 - PAGE 1 OF 7

```
 1                       APPEARANCES

 2   FOR THE PETITIONER:
                          DAVID B. STARKS
 3                        McKinley Irvin PLLC
                          1501 4th Avenue
 4                        Suite 1750
                          Seattle, WA 98101
 5

 6   FOR THE RESPONDENT:
                          KATELYN D. SKINNER
 7                        Buckley Law PC
                          5300 Meadows Road
 8                        Suite 200
                          Lake Oswego, OR 97035-8617
 9

10

11

12

13

14

15   COURT REPORTER:      Kendra A. Steppler, RPR, CRR
                          United States District Courthouse
16                        District of Oregon
                          405 E. 8th Avenue, Room 2100
17                        Eugene, OR 97401

18

19                           *   *   *

20

21

22

23

24

25
```

EXHIBIT 09 - PAGE 2 OF 7

1          (Excerpt of proceedings began at 2:34 PM.)

2

3          THE COURT:  It does certainly suggest, within the
4  body of Exhibit 23, that Ms. Brown's intent of entering into
5  the July agreement was simply to perpetuate a fraud on both the
6  French courts and her -- and Mr. Paris.  So I do think it
7  falls, generally, under the -- what we call the "crime fraud
8  exception."
9          It certainly had an impact on whether he should have seen
10 it or not seen it.  And there's a lot of things people should
11 probably not see as they're getting divorced, and, yet, they
12 snoop through people's stuff.  They get on people's computers,
13 they get on their phones, they go through their bags.  It
14 happens, and it has an impact on what they believe to be
15 happening, for better or for worse.
16         So I'm going to allow it.  You know, I know that the
17 Respondent's position is if it doesn't come in, then I have no
18 jurisdiction, because Mr. Paris would not have known that, in
19 fact, the children were being -- going to -- were being
20 purposely held in the United States and were not to be returned
21 to France.
22         But there's lots of other evidence that -- prior to filing
23 the Hague Convention Act case -- that it was clear that -- at
24 least on the evidence I have before me so far -- there's a lot
25 of clarity that Ms. Brown did not intend on returning the

EXHIBIT 09 - PAGE 3 OF 7

1 children to France.

2 This is one piece that I think certainly goes towards that
3 proof, but there's lots of other evidence in the case on which
4 I would make that finding otherwise.

5    MR. STARKS: So perhaps we're to the point now where
6 I offer it?

7    THE COURT: Yes.

8    MR. STARKS: Okay. So I'm offering Exhibit 23.

9    THE COURT: I'm going to allow it over objection.

10    MS. SKINNER: And, Your Honor, if I could just make a
11 few more points on the record for this one. I would cite to
12 In re Grand Jury Investigation, 810 F.3d 1110, a Ninth Circuit
13 case, where, in order for the Court to initially make a
14 determination on whether or not the crime fraud exception
15 exists, there has to be a prima facie showing by Petitioner
16 that there's evidence to support the crime fraud exception.
17 And that evidence has to be admissible, lawfully obtained
18 evidence.

19    The Petitioner has no admissible or lawfully obtained
20 evidence to support a prima facie case that the Court should
21 even consider the crime fraud exception.

22    THE COURT: I'm just looking at my own experience.
23 Typically, I'm sent the privileged communication. I review it.
24 And usually there is no other evidence to suggest a fraud,
25 except the communication.

EXHIBIT 09 - PAGE 4 OF 7

1         If there is extrinsic evidence, it would be the fact that
2    Ms. Brown entered into a parenting agreement in France and then
3    made it very clear, in communications with her lawyer, she has
4    no intent on following that agreement. I don't know what more
5    I would need to make a finding that there's a prima facie case.
6         They can't prove fraud if they don't know of the fraud,
7    except through the privileged communication. So I think the
8    evidence is there, and I'm going to allow it.
9         MS. SKINNER: And, Your Honor, I would just place,
10   again, a final objection on the record to -- objecting to the
11   fact that now my client's attorney-client privilege has now
12   been waived without her consent. And we'll need to then put a
13   case on as to -- otherwise what we would be objecting to is
14   privileged communications between her and her lawyer in order
15   to argue this issue.
16        So, effectively, the door has been opened to
17   attorney-client confidential communications to which she did
18   not consent to and now is being placed in a position where she
19   must present privileged communications in order to rebut this
20   evidence.
21        THE COURT: That's up to you. But this, all I'm
22   saying, is coming in under a waiver of privilege.
23        MS. SKINNER: And I would also object that this is a
24   hearsay statement that is in no way able to be authenticated by
25   this witness. He is not a party to any of this communication,

EXHIBIT 09 - PAGE 5 OF 7

1  and so it's hearsay.
2          THE COURT: Well, at some point, I just use common
3  sense on what the reality of this is. And I'm sure Mr. Starks
4  will be asking your client if, in fact, she wrote this. If she
5  denies it, then we can take it up at that time.
6          MS. SKINNER: Thank you, Your Honor.
7
8          (Excerpt of proceedings ended at 2:39 PM.)

EXHIBIT 09 - PAGE 6 OF 7

```
 1                    C E R T I F I C A T E
 2
 3              Arnaud Paris v. Heidi Marie Brown
 4                      1:22-cv-01593-MC
 5                      Court Trial Excerpt
 6                       December 5, 2022
 7
 8       I certify, by signing below, that the foregoing is a true
 9  and correct transcript of the record, taken by stenographic
10  means, of the proceedings in the above-entitled cause.  A
11  transcript without an original signature, conformed signature,
12  or digitally signed signature is not certified.
13
14  /s/Kendra A. Steppler, RPR, CRR
    Official Court Reporter         Signature Date: 1/10/2023
15
```

EXHIBIT 09 - PAGE 7 OF 7