# EXHIBIT 22

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

| | |
|---|---|
| In the Matter of:<br><br>HEIDI MARIE BROWN,<br><br>    Petitioner,<br><br>and<br><br>ARNAUD PARIS,<br><br>    Respondent. | Case No. 22DR17285<br><br>**RESPONDENT'S MOTION FOR MISTRIAL**<br><br>**RETAINED: JUDGE ORR** |

**MOTION**

Comes now, Respondent ("Father"), by and through his attorney, Thomas A. Bittner and Schulte, Anderson, Downes, Aronson & Bittner, PC., and moves the court to declare a mistrial as a result of misconduct or an irregularity as set forth in greater detail, below. This case should be reassigned and a new trial scheduled immediately.

This Motion is supported by the Points and Authorities set forth below and any other legal authority cited in this motion, as well as the records and files in this matter.

**POINTS AND AUTHORITIES**

A party may move for a mistrial during a trial when misconduct or an irregularity occurs. *See Raymond v. Southern Pacific Co.*, 259 Or 629 (1971).

**ARGUMENT**

In this case, irregularities or misconduct have occurred in that Judge Orr has made comments in open court, during the course of the hearing on Father's motions to

Page 1 – RESPONDENT'S MOTION FOR MISTRIAL

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

EXHIBIT 22 - PAGE 1 OF 9

1 dismiss and his concurrent registration case, demonstrated bias and prejudice against
2 Respondent as a French national. In making these comments, Judge Orr has
3 demonstrated that he cannot be impartial and fair in deciding this matter.
4       Oregon Code of Judicial Conduct Rule 3.3 ("Impartiality and Fairness") provides
5 as follows:

6     *(A) A judge shall uphold and apply the law and perform all duties of judicial office, including administrative duties, fairly, impartially, and without bias or prejudice.*

7

8

9     *(B) A judge shall not, in the performance of judicial duties, by words or conduct, manifest bias or prejudice, or engage in harassment, against parties, witnesses, lawyers, or others based on attributes including but not limited to, sex, gender identity, race, national origin, ethnicity, religion, sexual orientation, marital status, disability, age, socioeconomic status, or political affiliation and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.*

10

11

12

13

14     *(C) A judge shall not take any action or make any comment that a reasonable person would expect to impair the fairness of a matter pending or impending in any Oregon court.*

15

16       During the course of the hearing on Father's motions to dismiss (and
17 concurrently, on Mother's objection to Father's registration of the French custody
18 determination, case no. 23DR08269), Judge Orr made comments and engaged in
19 conduct demonstrating bias and prejudice against Father based on his national origin,
20 French nationals, French language and culture, and against the Frech judicial system.
21       On July 12, toward the end of Mother's cross examination of Father's French
22 attorney, Terrence Richoux, Mother's attorney, Taylor Murdoch, handed Judge Orr an
23 exhibit that was the French court clerk's log of the trial proceedings in France, which
24 was written in French. Judge Orr then asked what Mr. Murdoch wanted him to do with
25 the document because it might as well be in "Chinese." This comment was clearly
26 made to demean the French language and, by extension, all French language

Page 2 – RESPONDENT'S MOTION FOR MISTRIAL

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

EXHIBIT 22 - PAGE 2 OF 9

1  speakers. Judge Orr's comment was racist against Chinese people and, by making the
2  analogy that French language speakers may as well be "Chinese," demonstrates racial
3  prejudice and xenophobia.
4      The next day, July 13, Father called a business associate, Sébastien Natale as a
5  witness on his behalf. Mr. Natale is French and testifying remotely from France. Mr.
6  Murdoch raised an objection regarding the court's ability to fairly administer the
7  testimonial oath given that Mr. Natale was not subject to the trial court's authority. The
8  court and Mr. Murdoch then engaged in a colloquy set forth in Exhibit 1, attached hereto
9  and incorporated herein.  In lines 6-9 of Exhibit 1, Judge Orr comments about what the
10 penalty for perjury might be in France. After saying that the penalty may be "lashing" he
11 says, "[m]aybe they put you in –" and he then motions as though his head and hands
12 are placed in a pillory. Mr. Murdoch then comments that maybe the punishment would
13 be not being allowed wine for a month, to which the court responds "right," agreeing
14 with Mr. Murdoch's quip.
15     These events, especially when considered together, show bias and prejudice by
16 Judge Orr against the French language, French nationals and the French judicial
17 system. The suggestion that the French judicial system engages in barbaric practices
18 like lashing or the use of a pillory manifests prejudice in both words and conduct.
19 Similarly, Judge Orr's agreement with the idea that French people are so addicted to
20 wine that having to abstain for a month could be punishment for perjury is gross
21 stereotyping of all French nationals and French culture. It is also harassment against
22 Father based on his national origin. Not only was it improper for Judge Orr to agree
23 with Mr. Murdoch's comment, under Rule 3.3(B), above, Judge Orr had an obligation
24 under the same rule to, minimally, admonish Mr. Murdoch for making such an offensive
25 statement.
26 ///

Page 3 – RESPONDENT'S MOTION FOR MISTRIAL

EXHIBIT 22 - PAGE 3 OF 9

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

1     Judge Orr's comments and conduct might not seem so improper in some
2 circumstances, but in this case Judge Orr is being asked to recognize and enforce a
3 French custody determination in favor of Father and against Mother, who is a Jackson
4 County, Oregon, native. Judge Orr's view of the French judicial system, French people,
5 and French language goes to the heart of the issues he must decide. If Judge Orr has
6 no respect for the French judicial system, or French people, he cannot be fair, impartial
7 or unbiased in his handling of this matter. Given what has transpired, any reasonable
8 person would conclude that Judge Orr is biased and prejudiced, and his conduct and
9 comments have impaired the fairness of this proceeding, a violation of Judge Orr's duty
10 under Rule 3.3(C), above.

11     Judge Orr's revelation of his bias and prejudice is remarkable, and in so doing
12 has caused an irregularity in these proceedings that cannot be cured. For all of these
13 reasons the court must declare a mistrial and reassign this matter to another judge.

14     Dated this __2__ day of August 2023.

15                             SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.

16

17

                            By: s/ Thomas A. Bittner
18                                Thomas A. Bittner, OSB #90178
                               Attorneys for Respondent
19                                811 SW Naito Pkwy. Suite 500
                               Portland, OR 97204
20                                (503) 223-4131
                               (503) 223-1346

21

22

23

24

25

26

Page 4 – RESPONDENT'S MOTION FOR MISTRIAL

EXHIBIT 22 - PAGE 4 OF 9

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 Southwest Naito Parkway, Suite 500
Portland, Oregon 97204-3379
Telephone (503) 223-4131
Fax (503) 223-1346

**CERTIFICATE OF SERVICE**

1  I hereby certify that I served the foregoing **RESPONDENT'S MOTION FOR MISTRIAL** on the following party:

2

3

Mr. Taylor Murdoch
Buckley Law PC
5300 Meadows Rd Ste 200
Lake Oswego OR  97035
tlm@buckley-law.com

By the following method or methods:

_____ by **mailing** full, true, and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the attorneys(s) as shown above, the last known office address of the attorney(s), and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

__X__ by **emailing** full, true, and correct copies thereof to the attorney(s) at the email address shown above, which is the last known email address for the attorney(s) office, on the date set forth below.

DATED this ___2nd___ day of August 2023

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.

By: s/Thomas A. Bittner
Thomas A. Bittner, OSB #90178
Attorneys for Respondent

Page 5 – RESPONDENT'S MOTION FOR MISTRIAL

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

EXHIBIT 22 - PAGE 5 OF 9

*Excerpt of Proceedings*

*Brown v Paris*

*July 13, 2023*



CC REPORTING AND VIDEOCONFERENCING
101 East Broadway, Suite 300
Eugene, OR 97401
541-485-0111
www.ccreporting.com

EXHIBIT 22 - PAGE 6 OF 9

Exhibit 1
Page 1 of 4

```
            IN THE CIRCUIT COURT OF THE STATE OF OREGON

               IN AND FOR THE COUNTY OF LANE

              BEFORE THE HONORABLE DAVID J. ORR


HEIDI MARIE BROWN,              )
                                )
          Petitioner,           )
                                )
     v.                         ) No. 22DR17285
                                )
ARNAUD PARIS,                   )
                                )
          Respondent.           )



                    EXCERPT OF PROCEEDINGS

                       July 13, 2023

                         Thursday


APPEARANCES:

For Petitioner:   MR. TAYLOR MURDOCH

For Respondent:   MR. THOMAS BITTNER
```

```
 1                EXCERPT OF PROCEEDINGS
 2                    July 13, 2023
 3                         ***
 4             MR. MURDOCH:  But that it be made
 5   clear to him what he would be facing.
 6             ~~THE COURT:  But how do I do -- I don't~~
 7   ~~know -- is there -- what -- what are the penalties~~
 8   ~~in France for perjury?  Maybe it's lashing.  Maybe~~
 9   ~~they put you in --~~
10             ~~MR. MURDOCH:  Yeah.  Maybe you can't~~
11   ~~drink wine for a month.~~
12             ~~THE COURT:  Right.~~
13             MR. MURDOCH:  I don't know.  Right?
14             THE COURT:  So I don't know exactly
15   how to impress that on him.
16             MR. MURDOCH:  I don't know.  And
17   that's the reason why I bring it up, Judge, is this
18   is just something that's come up in my practice
19   involving international cases where some judges
20   throughout the state routinely will not hear from an
21   out-of -- a person who is testifying from a
22   jurisdiction outside of the country because they are
23   not subject to the laws of the United States where
24   they are.
25             (Conclusion of requested excerpt.)
```

```
 1   State of Oregon    )
 2                      )   ss.
 3   County of Lane     )
 4
 5       I, Eleanor Knapp, a Certified Shorthand Reporter
 6   for the State of Oregon, do hereby certify that the
 7   foregoing pages 1 to 2 comprise a complete, true,
 8   and accurate transcription, to the best of my
 9   ability, of the audio recording provided of the
10   proceedings held in the cause previously captioned
11   and held on July 13, 2023.
12
13
14
15   Dated at Eugene, Oregon, this 31st day of July,
16   2023.
17
18
19
20   [signature: Eleanor Knapp]
21   Eleanor Knapp, CSR-RPR
22   CSR No. 93-0262
23   Expires:  September 30, 2023
24
25
```