# EXHIBIT 31

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

In the Matter of:

HEIDI MARIE BROWN,

    Petitioner,

and

ARNAUD PARIS,

    Respondent, Pro Per.

Case No. 23CN05721

**MOTION FOR ORDER FOR DISQUALIFICATION OF JUDGE ORR FOR LACK OF IMPARTIALITY AND DENIAL OF DUE PROCESS AND SUPPORTING AFFIDAVIT**

I, Arnaud Paris, Respondent, Pro Per, in the above-captioned case, moves this court for an order for the disqualification of Judge Orr in this matter as he has shown a complete lack impartiality and he has denied me, Father, due process repeatedly throughout other proceedings in the Jackson county court over the last 6 months.

ORS 14.250 states that:

*"No judge of a circuit court shall sit to hear or try any suit, action, matter or proceeding when it is established (...) that any party or attorney believes that such party or attorney cannot have a fair and impartial trial or hearing before such judge."*

On August 3rd, 2023, Father was denied due process in the Jackson County court in two other matters, 22DR17825 and 23DR08269, by not being permitted to participate remotely in these proceedings. Father was logically in France with the

1

EXHIBIT 31 - PAGE 1 OF 8

1  children on August 3 and 4 and was ready, willing, and able to participate in the hearing.
2  Father had properly filed a motion asking to be allowed to appear remotely (via WebEx)
3  and followed local rules in submitting his motion. The court improperly denied his motion
4  as a punishment for Father taking the children to France with him. Moreover, the court
5  improperly struck all of Father's previous testimony in this matter as yet another
6  sanction for taking the children to France. (See attached Exhibit 01)
7      Yet in her recent evidence provided to the French court in her appeal in France
8  Mother released herself the proof that both the FBI and the US Attorney General
9  recognize the French judgment and denied Mother's request to press charges against
10 Father for having taken the children to France under the French judgment confirming
11 that Father did nothing wrong (See Exhibit 02).
12     After the court denied Father's motion to be permitted to testify remotely, it then
13 excluded Father from all further active participation in the hearings. Father should have
14 been permitted to make objections to testimony and evidence offered by Mother, and he
15 should have been permitted to put on his own witnesses. Instead, Father was
16 summarily excluded from actively participating in the hearing in any way which shows
17 clear bias, lack of impartiality and lack of due process from the court towards Father. In
18 addition, at the start of the hearing on August 3, 2023, the court summarily denied
19 Father's motion for mistrial, which was based on the conduct of the same judge hearing
20 the motion. That motion should have been heard by a different judge. After having
21 presented his Motion for Mistrial, Father's counsel was also excluded from all further
22 active participation in the hearings. Father had no possibility to defend himself either as
23 Pro Per or through his counsel, in other words Father was denied his due process
24

2

EXHIBIT 31 - PAGE 2 OF 8

1  constitutional rights and the opportunity for a full and fair hearing by the court. (See
2  Exhibit 03, email from Father's former Counsel, Tom Bittner).
3      Irregularities or misconduct had previously occurred in these matters since Judge
4  ORR had made comments in open court, during the course of the hearings on my
5  motions to dismiss and my concurrent registration case, demonstrated bias and
6  prejudice against me as a French national. In making these comments, Judge ORR has
7  demonstrated that he cannot be impartial and fair in deciding this matter.
8      Oregon Code of Judicial Conduct Rule 3.3 ("Impartiality and Fairness") provides
9  as follows:
10      *(A) A judge shall uphold and apply the law and perform all duties of judicial office,*
11  *including administrative duties, fairly, impartially, and without bias or prejudice.*
12      *(B) A judge shall not, in the performance of judicial duties, by words or conduct,*
13  *manifest bias or prejudice, or engage in harassment, against parties, witnesses,*
14  *lawyers, or others based on attributes including but not limited to, sex, gender identity,*
15  *race, national origin, ethnicity, religion, sexual orientation, marital status, disability, age,*
16  *socioeconomic status, or political affiliation and shall not permit court staff, court*
17  *officials, or others subject to the judge's direction and control to do so.*
18      *(C) A judge shall not take any action or make any comment that a reasonable*
19  *person would expect to impair the fairness of a matter pending or impending in any*
20  *Oregon court.*
21      During the course of the hearing on my motions to dismiss (and concurrently, on
22  Mother's objection to Father's registration of the French custody determination, case no.
23  23DR08269), Judge ORR made comments and engaged in conduct demonstrating bias
24  

3

EXHIBIT 31 - PAGE 3 OF 8

1  and prejudice against me based on my national origin, French nationals, French
2  language and culture, and against the Frech judicial system.
3       The next day, July 13, Father called a business associate, Sébastien Natale as a
4  witness on my behalf. Mr. Natale is French and testifying remotely from France. Mr.
5  Murdoch raised an objection regarding the court's ability to fairly administer the
6  testimonial oath given that Mr. Natale was not subject to the trial court's authority. The
7  court and Mr. Murdoch then engaged in a colloquy set forth in Exhibit 6, attached hereto
8  and incorporated herein. In lines 6-9 of Exhibit 6, Judge ORR comments about what the
9  penalty for perjury might be in France. After saying that the penalty may be "lashing" he
10 says, "[m]aybe they put you in –" and he then motions as though his head and hands
11 are placed in a pillory. Mr. Murdoch then comments that maybe the punishment would
12 be not being allowed wine for a month, to which the court responds "right," agreeing
13 with Mr. Murdoch's quip.
14      These events, especially when considered together, show bias and prejudice by
15 Judge ORR against the French language, French nationals and the French judicial
16 system. The suggestion that the French judicial system engages in barbaric practices
17 like lashing or the use of a pillory manifests prejudice in both words and conduct.
18 Similarly, Judge ORR's agreement with the idea that French people are so addicted to
19 wine that having to abstain for a month could be punishment for perjury is gross
20 stereotyping of all French nationals and French culture. It is also harassment against
21 Father based on my national origin. Not only was it improper for Judge ORR to agree
22 with Mr. Murdoch's comment, under Rule 3.3(B), above, Judge ORR had an obligation
23 under the same rule to, minimally, admonish Mr. Murdoch for making such an offensive
24

4

EXHIBIT 31 - PAGE 4 OF 8

statement.

Judge ORR's comments and conduct might not seem so improper in some circumstances, but in this case Judge ORR was being asked to recognize and enforce a French custody determination in Father's favor and against Mother, who is a Jackson County, Oregon, native. Judge ORR's view of the French judicial system, French people, and French language goes to the heart of the issues he must decide. If Judge ORR has no respect for the French judicial system, or French people, he cannot be fair, impartial or unbiased in his handling of this matter. Given what has transpired, any reasonable person would conclude that Judge ORR is biased and prejudiced, and his conduct and comments have impaired the fairness of this proceeding, a violation of Judge ORR's duty under Rule 3.3(C), above.

Judge ORR's revelation of his bias and prejudice is remarkable, and in so doing has caused an irregularity in these proceedings that cannot be cured. For all of these reasons the court should have declare a mistrial and reassign this matter to another judge when a motion for mistrial was presented in front of the court by Father's counsel on August 3rd and yet the court refused to assign it to another judge and denied it summarily.

During the last two hearings of December 21st and December 28th in case 22DR17285, Judge ORR granted Mother a competing custodial determination in total contradiction with the French determinations from April 21st and August 25th in total contradiction with the UCCJEA which now creates an international conflict between France and the United States that will have tremendous repercussions for many years to come and put the children in a complete legal limbo without any possible remedy.

5

EXHIBIT 31 - PAGE 5 OF 8

1   This will also have criminal consequences onto Father with possibly several warrants for
2   his arrest as Mother already requested one to Judge ORR during the hearing of
3   December 28th and to which he commented: "I'm surprised you haven't asked for it
4   earlier." He had previously made comments during the November 14th of similar nature
5   'hinting' to Mother that if she was going to ask for a warrant for Father's arrest he would
6   sign it right away.
7        Judge Orr's lack of impartiality in this new matter is undeniable at this point as he
8   is also under investigation from the Judicial Fitness Commission for his improper
9   behavior mocking French people and the French judicial system in his courtroom. (See
10  attached Exhibit 04)
11       The lack of due process is still ongoing as Father has filed Pro Per thirteen key
12  motions over the last two month for dismissal, mistrial and for staying this case that
13  have all been ignored by Judge Orr refusing even to hear them in his court. (See
14  attached Exhibit 05) And instead Judge Orr decided to move forward with setting trial
15  dates and set a hearing for a Statement of Attorney Fee that Mother is trying to obtain
16  from Respondent claiming that "she has prevailed in this matter". How could Mother
17  have prevailed while trial hasn't even happened yet? Clearly this hearing for Attorney
18  Fee that the court is trying to push onto Father while he is Pro Per is another clear proof
19  of bias from Judge Orr trying to create prejudice to Father and favoring Mother every
20  step of the way.
21       For all these reasons Father, Respondent Pro Per, believes that the
22  disqualification of Judge Orr is necessary and required in this matter since Father
23  *cannot have a fair and impartial trial* under ORS 14.250. Therefore, Father asks that the

24                                          6

EXHIBIT 31 - PAGE 6 OF 8

1  "presiding judge for the judicial district shall forthwith transfer the cause, matter or
2  proceeding to another judge of the court, or apply to the Chief Justice of the Supreme
3  Court to send a judge to try it." (ORS 14.250).
4      I hereby declare that the above statement is true to the best of my knowledge
5  and belief, and that I understand it is made for use as evidence in court and is subject to
6  penalty for perjury of the laws in the state of Oregon.
7
8  Prepared on January 3rd 2024 in Paris and sent to the court by FEDEX

10 By: /s/
ARNAUD PARIS, Respondent, Pro Per
11 13 rue Ferdinand Duval,
75004, PARIS, FRANCE
12 Telephone: +33688283641
Email: aparis@sysmicfilms.com

7

EXHIBIT 31 - PAGE 7 OF 8

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing **MOTION FOR ORDER FOR DISQUALIFICATION OF JUDGE ORR FOR LACK OF IMPARTIALITY AND DENIAL OF DUE PROCESS AND SUPPORTING AFFIDAVIT** on the following party:

Taylor L.M. Murdoch,
Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
TLM@buckley-law.com
Attorney for Petitioner

By the following method or methods:

\_\_\_\_\_ by **mailing** full, true, and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the attorneys(s) as shown above, the last known office address of the attorney(s), and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

__X__ by **emailing** full, true, and correct copies thereof to the attorney(s) at the email address shown above, which is the last known email address for the attorney(s) office, on the date set forth below.

\_\_\_\_\_ by **faxing** full, true, and correct copies thereof to the attorney(s) at the fax number(s) shown above, which is the last known fax number for the attorney(s) office, on the date set forth below. The receiving fax machines were operating at the time of service and the transmission was properly completed.

\_\_\_\_\_ by selecting the individual(s) listed above as a service contact when preparing this electronic filing submission, thus causing the individual(s) to be served by means of the **court's electronic filing system**.

Prepared on January 3rd 2024 in Paris and sent to the court by FEDEX

By: /s/
ARNAUD PARIS, Respondent

ARNAUD PARIS
13 rue Ferdinand Duval
75004, PARIS, FRANCE
Telephone: +33688283641
Email: aparis@sysmicfilms.com

8

EXHIBIT 31 - PAGE 8 OF 8