# EXHIBIT 35

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

In the Matter of:

HEIDI MARIE BROWN,

        Petitioner,

and

ARNAUD PARIS,

        Respondent, Pro Per.

Case No. 23CN05721

**MOTION FOR CONTINUANCE FOR ALLOWING RESPONDENT TO FIND NEW COUNSEL SPECIALIZED IN INTERNATIONAL FBI ARREST AND EXTRADITION ORDERS AND FOR PENDING RECONSIDERATION OF THE DISQUALIFICATION OF JUDGE ORR FOR LACK OF IMPARTIALITY - ORS 14.250**

I, Arnaud Paris, Respondent Pro Per in the above-captioned case, moves this court for an order allowing Father, respondent, to find a new counsel that would be specialized in international FBI arrest and extradition orders and for the pending reconsideration of the disqualification of Judge ORR for lack of impartiality in this matter per ORS 14.250 for the following reasons:

1. New developments in the Jackson County state court proceedings happened last week that are making it impossible for Father to come to the USA anymore and him being at risk of being extradited from France and with his children also being detained by the police and also facing extradition from France which would have dramatic consequences on the children emotional and psychological well-being, especially in the

1

EXHIBIT 35 - PAGE 1 OF 12

1 | middle of their school year in Paris.

2 | 2. Indeed, on Friday February 23rd, Mother's counsel filed in the Jackson County proceedings an Ex Parte International Arrest Order against Father asking for the participation of the FBI to obtain an extradition of both Father and the children from France. (See attached Exhibit 01). Mother's counsel followed Judge ORR's advice to file such an order during the hearing of December 28th 2023 and it seems both the court and Miss Brown's counsel are using the Jackson County proceedings in bad faith to harass Respondent to the point of trying to have him arrested in France and his children taken into custody with the participation of the FBI so that the three of them be extradited to the US which would deprive Respondent from his parental right in his own country, granted to him by the Paris court on April 21st, 2023 and that was confirmed by the Paris court again in a second judgment on August 25th, 2023, and this would also put the United States in violation of the Hague Convention of 1980 of which both France and the USA are signatory of.

3. Therefore, in this context Father has to urgently find a counsel specialized in these kind of international arrest and extradition orders involving the FBI and he respectfully asks the court to take into consideration the psychological well-being of the children that is threatened by this court's actions in this context and to allow Father to care for them and for their protection in France and in the USA as well as protecting their personal interest, that this court doesn't seem to have at heart, since they have no desire to be returned to the US in such a terrible context.

4. The children even shared with Father that they are now having nightmares of their Mother having them kidnapped and drugging them to force them to be returned

2

EXHIBIT 35 - PAGE 2 OF 12

1  to the US and this all is seems related to their Mother having shared with the children two
2  weeks ago that the police "would come and get them in France and arrest their Father".

3      5.    In this terrible context of psychological violence imposed onto the children
4  by Mother and this court as well as the unusual and exceptional circumstance of a court
5  asking for an international arrest and extradition order with the help of the FBI in a family
6  matter, it is of the utmost importance that the interest of both Father and the children be
7  preserved by allowing Father 90 days to find a counsel specialized in this kind of
8  international FBI arrest and extradition orders towards a parent and his children.

9      6.    Given that the UCCJEA in the US is a body of law made specifically to
10  address this kind of situation and that it is literally impossible for a Judge to go against a
11  custodial determination form a country like France, this situation has simply never
12  happened in the legal history of the United States. Therefore, finding a counsel that would
13  have experience in this matter or something even remotely similar is extremely difficult
14  and Father is asking the court for a continuance of at least 90 days to allow sufficient time
15  to locate proper counsel that would also be available and willing to handle this kind of
16  'unusual' matter to say the least, as it would also be involving the responsibility of the
17  USA as a nation that this court is about to put in complete violation of the Hague
18  Convention of 1980 that the US and France are a signatory of.

19      7.    It is important to mention here that it is incredibly unusual that a state court
20  involved in a family matter as it is the case here decides to bring this matter to an
21  international criminal level that would require the involvement of the FBI issuing an
22  international arrest and extradition order having the USA become improperly involved in
23  another sovereign nation's affairs and to 'bully' this nation to obtain something that Mother

3

EXHIBIT 35 - PAGE 3 OF 12

1   seems to believe she couldn't obtain through the legal course of her appeals currently
2   undergoing in France.
3       8.     It is all the more concerning to see the Jackson County court taking such
4   an aggressive and improper course of action considering that there is a perfectly well-
5   suited legal action that could be easily and rapidly activated in France through a Hague
6   Action. It is actually the only logical remedy in the current situation, and it begs the
7   question as to why the Jackson County court is being so aggressive and willing to 'bully'
8   another nation into returning the children to the US? It is as if the Jackson County court
9   considered that it is a better court to deal with the French appeals of Mother than the
10  actual appeal court of France... Every single point and argument that Mother has made
11  in the Jackson County court could and should be made in front of the appeal court of
12  France. Why is it that Mother prefers to push for such an aggressive action through this
13  court rather than using the proper return mechanism she could activate through a Hague
14  Action in France or through her appeals to the French judgment in France? The only
15  possible answer is that she wants to circumvent the French judicial system onto French
16  soil itself by bullying France as a nation through the involvement of the USA and the FBI
17  as a result of this abusive and bad faith court's orders made in the clear intent to harass
18  Father and the children.
19
20      Furthermore here are the other reasons why Respondent also feels it is
21  important that this hearing be delayed considering the Motion for Reconsideration of
22  Judge ORR's Disqualification per ORS 14.250 that was just filed on February 28th with
23  the Jackson County court and that will require a hearing to be properly administered by
24

4

EXHIBIT 35 - PAGE 4 OF 12

1  the Judge assigned to hear this Motion and for him to present his legal argument with
2  Respondent being allowed to attend this hearing remotely to have a chance to respond
3  and object to such legal arguments during the hearing. This will be necessary for the
4  proper administration of justice in this matter considering the gross denial of due
5  process that has been happening against Respondent in the Jackson County court over
6  the last 18 months. Here is the basis for asking for reconsideration of the motion to
7  disqualify:
8       On January 3rd 2024, I, Arnaud Paris, Respondent, Pro Per, filed a motion for
9  disqualification of Judge Orr based on substantiated evidence, including court
10 transcripts, that Judge Orr was so biased against Respondent in open-court to the point
11 of making improper jokes about French people and the French judicial system while
12 Respondent is a French National and brought in front of this court a French custody
13 judgment that the court rejected while refusing due process to Respondent.
14      Judge Orr has been assigned to this new contempt case 23CN05721 and in light
15 of the evidence presented in the motion for disqualification filed on January 3rd with the
16 Jackson County court, Respondent had clear ground to believe that he wouldn't be
17 given a "fair and impartial trial or hearing" since Judge Orr had made improper jokes
18 and comment about French people and the French judicial system in open court.
19      Judge Bloom considered the motion for disqualification without Respondent
20 being informed of him being assigned to review it and Judge Bloom denied that motion
21 without any justification for the reason nor any legal basis for this denial.
22      Respondent filed a motion on February 22nd to seek reconsideration of the
23 decision from Judge Bloom to deny Respondent's previous motion for disqualification
24

5

EXHIBIT 35 - PAGE 5 OF 12

under ORS 14.250, asserting that the decision lacked legal justification and failed to adhere to required procedural protections. The main grounds for reconsideration were:

- **Denial Lacks Statutory Basis**: ORS 14.250 does not provide explicit grounds for a judge to reject a motion for disqualification without a substantive legal basis. The absence of a detailed denial from Judge Bloom indicates a procedural oversight and a deviation from the principles of law.
- **Requirement for Legal Justification**: A mere denial without citing specific legal reasons is insufficient and undermines the procedural integrity of the court. The law mandates that decisions, especially denials of motions for disqualification, be grounded in clear legal rationale.
- **Insufficiency of Grounds for Denial**: The denial of the motion without addressing the cited reasons for disqualification suggests an insufficiency of grounds, making the denial procedurally defective.
- **Non-Compliance with Disqualification Law**: By not following the clear mandate of ORS 14.250 regarding disqualification, the court has not adhered to the statutory requirement, raising concerns about impartiality and fair trial rights.
- **Procedural Protection and Application of Law**: The court's refusal to engage with the motion's arguments or to apply the law as required constitutes a failure to provide the most basic procedural protections to the parties involved.

The decision made by Judge Bloom to deny the motion for disqualification without substantive justification not only contravened ORS 14.250 but also set a concerning precedent for the disregard of legal standards and procedural fairness. This is particularly troubling and concerning in light of the clear denial of due process and the

6

EXHIBIT 35 - PAGE 6 OF 12

judicial bias against Respondent that took place already in Judge Orr's courtroom. The absence of a reasoned explanation by Judge Bloom or reference to applicable law in his denial of Respondent's motion for disqualification undermines the judiciary's responsibility to operate within the bounds of established legal frameworks.

In his motion for reconsideration, Respondent respectfully requested that the court:

- Reconsider and overturn the denial of the motion for disqualification of Judge Orr
- Provide a detailed legal justification for any decision made regarding this motion, in compliance with ORS 14.250 and the principles of due process.

The integrity of the judicial process depends on adherence to the rule of law and procedural fairness. Therefore, Respondent request this court for a continuance of the show cause hearing set to happen on March 7th since the integrity and impartiality of Judge Orr is at question and Respondent feels he would be prejudiced by Judge Orr seating on this hearing for this crucial matter that could bear strong criminal consequences for Respondent as Judge Orr is not impartial in this matter.

Furthermore, now

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury of the laws in the state of Oregon.

Prepared on February 29th 2024 in Paris and sent to the court by FEDEX

By: /signature/
ARNAUD PARIS, Respondent, Pro Per
13 rue Ferdinand Duval ,
75004, PARIS, FRANCE
Telephone: +33688283641
Email: aparis@sysmicfilms.com

7

EXHIBIT 35 - PAGE 7 OF 12

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **MOTION FOR CONTINUANCE FOR ALLOWING RESPONDENT TO FIND NEW COUNSEL SPECIALIZED IN INTERNATIONAL FBI ARREST AND EXTRADITION ORDERS AND FOR PENDING RECONSIDERATION OF THE DISQUALIFICATION OF JUDGE ORR FOR LACK OF IMPARTIALITY - ORS 14.250** on the following party:

Heidi Marie Brown
2256 Abbott Ave
Ashland, OR 97520
heidimparis@gmail.com
Respondent

Taylor L.M. Murdoch,
Buckley Law P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
TLM@buckley-law.com
Last Known Attorney for Respondent

By the following method or methods:

_____ by **mailing** full, true, and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the attorneys(s) as shown above, the last known office address of the attorney(s), and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

__X__ by **emailing** full, true, and correct copies thereof to the attorney(s) at the email address shown above, which is the last known email address for the attorney(s) office, on the date set forth below.

_____ by **faxing** full, true, and correct copies thereof to the attorney(s) at the fax number(s) shown above, which is the last known fax number for the attorney(s) office, on the date set forth below. The receiving fax machines were operating at the time of service and the transmission was properly completed.

_____ by selecting the individual(s) listed above as a service contact when preparing this electronic filing submission, thus causing the individual(s) to be served by means of the **court's electronic filing system**.

Prepared on February 29th 2024 in Paris and sent to the court by FEDEX

By: /signature/
ARNAUD PARIS, Respondent, Pro Per
13 rue Ferdinand Duval
75004, PARIS, FRANCE
Telephone: +33688283641- Email: aparis@sysmicfilms.com

8

EXHIBIT 35 - PAGE 8 OF 12

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

In the Matter of:

Heidi Marie Brown,

    Petitioner,

and

Arnaud Paris,

    Respondent.

Case No.: 22DR17285

**ORDER FOR WARRANT IN LIEU OF WRIT OF HABEAS CORPUS RE: CUSTODY OF CHILDREN EVA AND JULIETTE PARIS, AND ARREST OF RESPONDENT, ARNAUD PARIS**

[ORS 34.380 – 34.390]

[EX PARTE]

**THIS MATTER** came before the Court on the *Motion for Warrant in Lieu of* Habeas Corpus, filed by Petitioner, hereinafter Mother.

Upon review of the *Motion*, and good cause appearing, the Court makes the following

**FINDINGS OF FACT:**

1. The children, Eva Paris and Juliette Paris, both age 9, are illegally imprisoned and restrained of the children's liberty in that Mother is the sole legal custodian of the children.

Page 1 – ORDER FOR WARRANT IN LIEU OF WRIT OF HABEAS CORPUS RE: CUSTODY OF CHILDREN EVA AND JULIETTE PARIS, AND ARREST OF RESPONDENT, ARNAUD PARIS

Buckley Law PC
5300 SW Meadows Rd., Ste. 200
Lake Oswego, OR 97035
Tel: 503-620-8900 Fax: 503-620-4878
tlm@buckley-law.com

EXHIBIT 35 - PAGE 9 OF 12

2. This Court previously assumed UCCJEA jurisdiction pursuant to ORS 107.741(1)(b), and no other court has jurisdiction. It is appropriate that this court maintain jurisdiction.

3. Respondent, hereinafter Father has withheld the child from Mother against Mother's wishes and without legal right.

4. The children were taken out of Oregon illegally and are held in illegal confinement and custody by Father.

5. The children were carried out of the state of Oregon before the children could be relieved by the issuing of a writ of *habeas corpus*.

6. Mother's *Motion* is sufficient to justify the issuance of a warrant directed to any law-enforcement officer of Oregon, authorizing and commanding the law-enforcement agency to take the children into custody, as soon as the children can be located, and to bring the children before this court to be dealt with according to law.

7. Mother's *Motion* is sufficient to justify the issuance of a warrant directed to any law-enforcement officer of Oregon, authorizing and commanding the law-enforcement agency to arrest Arnaud Paris, d.o.b. April 14, 1978, Respondent herein.

**NOW THEREFORE, IT IS HEREBY ORDERED** that a warrant issue under the seal of the Jackson Court of Jackson County, Oregon, directed to the sheriff of Jackson County, Oregon, commanding the law-enforcement officer to take Eva Paris, age 9 and Juliette Paris, age 9, into custody as soon as the children can be located and to bring the children before this court to be dealt with according to law. The extradition of the

Page 2 – ORDER FOR WARRANT IN LIEU OF WRIT OF HABEAS CORPUS RE: CUSTODY OF CHILDREN EVA AND JULIETTE PARIS, AND ARREST OF RESPONDENT, ARNAUD PARIS

Buckley Law PC
5300 SW Meadows Rd., Ste. 200
Lake Oswego, OR 97035
Tel: 503-620-8900 Fax: 503-620-4878
tlm@buckley-law.com

EXHIBIT 35 - PAGE 10 OF 12

children from France is authorized, and the assistance of the Federal Bureau of Investigation (F.B.I.) is authorized.

**IT IS HEREBY FURTHER ORDERED** that a warrant issue under the seal of the Jackson Court of Jackson County, Oregon, directed to the sheriff of Jackson County, Oregon, commanding the law-enforcement officer to arrest Arnaud Paris, d.o.b. April 14, 1978, and to place him in custody for taking and detaining the minor children in violation of law. The extradition of Father from France is authorized, and the assistance of the Federal Bureau of Investigation (F.B.I.) is authorized.

**UTCR 5.100 CERTIFICATE OF READINESS:** This proposed order is ready for judicial signature because ORS 34.380 – ORS 34.390 permit the court to grant issuance of an order for a warrant in lieu of a writ of *habeas corpus ex parte*, on the terms of the pleading so filed.

DATED this ___ day of _____, 2024.

BUCKLEY LAW P.C.

By: _____
Taylor L. M. Murdoch, OSB No. 111307
tlm@buckley-law.com
Of Attorneys for Mother

Page 3 – ORDER FOR WARRANT IN LIEU OF WRIT OF HABEAS CORPUS RE: CUSTODY OF CHILDREN EVA AND JULIETTE PARIS, AND ARREST OF RESPONDENT, ARNAUD PARIS

Buckley Law PC
5300 SW Meadows Rd., Ste. 200
Lake Oswego, OR 97035
Tel: 503-620-8900 Fax: 503-620-4878
tlm@buckley-law.com

EXHIBIT 35 - PAGE 11 OF 12

**SUBMITTED BY:**
Taylor L. M. Murdoch, OSB No. 111307
of Attorneys for Respondent
tlm@buckley-law.com

Page 4 – ORDER FOR WARRANT IN LIEU OF WRIT OF HABEAS CORPUS RE: CUSTODY OF CHILDREN EVA AND JULIETTE PARIS, AND ARREST OF RESPONDENT, ARNAUD PARIS

Buckley Law PC
5300 SW Meadows Rd., Ste. 200
Lake Oswego, OR 97035
Tel: 503-620-8900 Fax: 503-620-4878
tlm@buckley-law.com

EXHIBIT 35 - PAGE 12 OF 12