# EXHIBIT 36

**Office Address:**
110 S. Main St. #202
Broken Arrow, OK 74012

**Mailing Address:**
Eggert Law Firm LLC
PO Box 910
Broken Arrow, OK 74013

**Web:** https://eggertlaw.us



# Christopher J Eggert
**Attorney at Law**
Licensed in Oklahoma, Oregon, Utah & Hawai'i

**Telephone:**
Oklahoma: (539) 252-9364
Oregon: (503) 837-6111
Hawaii: (808) 626-5477

**Fax:**
(539) 252-2051

**Email:**
cjeggert@eggertlaw.us

May 30, 2024

Re: *Heidi Marie Brown v. Arnaud Paris*
Jackson County, Oregon, Circuit Court Case No. 22DR17285

To Whom It May Concern,

I write this letter regarding my recollection of events that occurred in court in the above-referenced matter on May 28, 2024, and my impression of their importance.

Mr. Paris approached me on May 26, 2024, to represent him in court for a hearing on his motion to disqualify the Honorable Benjamin Bloom, Circuit Court Judge, scheduled for May 28, 2024 in the Jackson County Circuit Court located at Medford, Oregon. He was convinced that based on the history of the case Judge Bloom would deny him the ability to appear remotely for the hearing and would summarily deny his motion, unless he was represented by an attorney who could appear personally to argue the motion. After reviewing the case history and articles online about oddities in the Jackson County Circuit Court, I agreed with Mr. Paris's assessment and agreed to appear for him to argue the motion to disqualify Judge Bloom.

By way of information, I have been an attorney actively licensed to practice law in all of the courts in the State of Oregon since 1996. My law practice primarily involves domestic relations (family law) cases, and a significant portion of my experience is with inter-jurisdictional disputes between parents of children.

A number of different factors gave rise to my concern that Judge Bloom would not give Mr. Paris a fair hearing on May 28, 2024, if Mr. Paris did not have representation, including:

- The Jackson County Circuit Court's records show a high number of orders denying Mr. Paris the ability to appear remotely for hearings while the judges are fully aware that Mr. Paris resides in France and cannot routinely appear in person in Oregon
- Correspondence to the court by Mr. Paris's attorney in February 2023 clearly states that Ms. Brown has made substantial efforts to cultivate conflicts of interest between local attorneys in SW Oregon and Mr. Paris, which statement appears to never have been refuted.
- In a related case in which Mr. Paris is alleged to have committed contempt of court for not having delivered the children to Ms. Brown in Oregon, the court issued a bench warrant after only three days notice that Mr. Paris was ordered to appear personally,

EXHIBIT 36 - PAGE 1 OF 3

setting a bail amount of $50,000 to secure Mr. Paris's personal appearance. What is most curious about this, is that this bail amount in Oregon is typically reserved for the most serious of felony charges, while criminal contempt of court is an unclassified misdemeanor and the relief Ms. Brown seeks in that case is remedial contempt not criminal contempt.
- Previously and also in that related contempt case, Judge Benjamin Bloom heard testimony and argument in February 13, 2024, on Mr. Paris's request to appear remotely regarding the disqualification of Judge David Orr. Judge Bloom denied that request stating his reasons were that Mr. Paris had previously appeared in court personally and was alleged by the court to have removed the children from Oregon against the court's orders.
- This above, despite the same judges (Judge Orr and Judge Bloom) having been made aware that the French courts had initiated child custody proceedings and made child custody orders predating the Oregon courts' case filing and orders.
- The court denied Mr. Paris the right to be represented by an attorney at an August 2023 hearing.
- The court summarily denied some seventeen motions Mr. Paris filed.
- I am also aware that both Judge Bloom and Judge Orr have been the subjects of a complaint by the Jackson County District Attorney to the Oregon Commission on Judicial Fitness and Disability for misconduct per this article: https://ashland.news/jackson-county-district-attorney-alleges-judicial-misconduct-by-two-sitting-judges/

All of this history gave me concern that Judge Bloom would not give Mr. Paris a fair hearing on Mr. Paris's motion to disqualify Judge Bloom. I therefore agreed to represent Mr. Paris in arguing his motion to disqualify Judge Bloom on May 28, 2024.

Under Oregon law, upon notification to a party that a judge has been assigned to that party's case, the party may object to the assignment of that judge. The party must simply have a good faith belief that the judge will not give him a fair hearing. A motion must be filed before the end of the next judicial day after notification, and before the judge has made any substantive rulings in the case. The case must then be re-assigned, unless the judge to be disqualified believes the motion is not made in good faith in which case a hearing must be held in front of a disinterested judge to determine whether the motion was in fact made in good faith. No more than two judges may be disqualified per case using this process. This process is found in Oregon Revised Statutes Chapter 14, Section 260 ("ORS 14.260").

I therefore found it quite strange that Judge Bloom was hearing the motion on his own disqualification. However, a clever reading of the statute will permit the judge to hold his own hearing on the issue of timeliness - motion made prior to any rulings by the judge.

At the hearing on May 28, 2024, it became clear that Judge Bloom was in fact holding the hearing based on the issue of timeliness rather than on Mr. Paris's good faith. It appears in the record that on July 24, 2023, Judge Bloom held a status conference with the parties in the absence of Judge Orr (Judge Orr then being the assigned judge), and denied Ms. Brown's oral request to write a letter. That is the basis on which Judge Bloom found that Mr. Paris's motion

EXHIBIT 36 - PAGE 2 OF 3

<u>was untimely as filed after Judge Bloom made a ruling in the case: a refusal a year prior to write a letter on a case to which Judge Bloom was not even then the assigned judge.</u>

As I pointed out to Judge Bloom on the record, this makes no sense in the plain meaning of the judicial disqualification statute. All a Circuit Court would have to do to eliminate a party's right to disqualify up to two judges for perceived bias is to have every judge in the circuit sign an order upon the opening of the case that simply orders nothing but the order to be filed. That would be absurd, yet that's effectively what Judge Bloom determined. The plain meaning of the statute is to challenge the assigned judge <u>at the time of assignment</u> before a <u>post-assignment order</u> is made.

The very most sensible thing for Judge Bloom to have done instead, would have been to recuse himself and re-assign another judge to the case. There are six other judges in the Jackson County Circuit Court to whom the case could have been re-assigned. Had Mr. Paris objected to whoever Judge Bloom chose first, Mr. Paris would have been required to accept the next-assigned judge. This would have preserved the appearance of propriety and been the simplest option available to Judge Bloom.

I am left with the distinct impression that for some reason Judge Bloom has an interest in keeping Mr. Paris and Ms. Brown's case on his docket under his control. Whether this is for proper or improper reasons I cannot say. But based on all of the above history and factors, I am concerned that some form of investigation by appropriate authorities is warranted to attempt to determine whether the rights of Mr. Paris and his children are being upheld by the Oregon courts.

Sincerely,

Christopher J Eggert

EXHIBIT 36 - PAGE 3 OF 3