# EXHIBIT 41

1              THE UNITED STATES DISTRICT COURT

2                  FOR THE DISTRICT OF OREGON

3                        MEDFORD DIVISION

4

5    ARNAUD PARIS,                    )
                                      )
6                   Petitioner,       )   Case No. 1:22-cv-01593-MC
                                      )
7                   v.                )
                                      )   December 5, 2022
8    HEIDI MARIE BROWN,               )
                                      )
9                   Respondent.       )
     _____)

10

11

12

13                      COURT TRIAL

14          EXCERPT OF TRANSCRIPT OF PROCEEDINGS

15        BEFORE THE HONORABLE MICHAEL J. MCSHANE

16          UNITED STATES DISTRICT COURT JUDGE

17

18

19

20

21

22

23

24

25

EXHIBIT 41 - PAGE 1 OF 8

```
 1                        APPEARANCES

 2   FOR THE PETITIONER:
                         DAVID B. STARKS
 3                       McKinley Irvin PLLC
                         1501 4th Avenue
 4                       Suite 1750
                         Seattle, WA 98101
 5

 6   FOR THE RESPONDENT:
                         KATELYN D. SKINNER
 7                       Buckley Law PC
                         5300 Meadows Road
 8                       Suite 200
                         Lake Oswego, OR 97035-8617
 9

10

11

12

13

14

15   COURT REPORTER:     Kendra A. Steppler, RPR, CRR
                         United States District Courthouse
16                       District of Oregon
                         405 E. 8th Avenue, Room 2100
17                       Eugene, OR 97401

18

19                          *   *   *

20

21

22

23

24

25
```

EXHIBIT 41 - PAGE 2 OF 8

```
 1              (Excerpt of proceedings began at 9:35 AM.)

 2

 3              THE COURT:  All right.  Let's hear from Petitioner.

 4              MR. STARKS:  Certainly, Your Honor.  As you're

 5    looking through the exhibit, I would first say that this

 6    isn't -- I mean, this isn't a decision tree email.  I mean, the

 7    second page -- this is, I think, page 163, as we've designated

 8    Petitioner's exhibits.  You'll see at the top, on the third

 9    line down -- or fourth line down -- indeed, Heidi's plan is to

10    remain in Oregon at the end of the upcoming school year, and to

11    tell Arnaud, once Oregon courts have acquired jurisdiction

12    within six months -- by January 2023 -- that she does not plan

13    to move back to France with the girls.  If he is unhappy with

14    that change, he'll have to file with Oregon courts.

15         So, I mean, this isn't a decision tree email.  This is an

16    email saying here's what the plan is now that we've secured the

17    July agreement.

18         As for the overall admissibility of the document, Your

19    Honor, you know, we spent the time, so I provided the briefing,

20    on the legal issues and on the attorney-client privilege issue.

21    I think I could wrap the attorney-client privilege issue and

22    the fraud exception into the overall view of the Hague

23    Convention.  Because this Court has sort of a unique place in

24    the world when it hears these sorts of cases.

25              And Hague Convention Article 30 makes it very clear that
```

EXHIBIT 41 - PAGE 3 OF 8

1  you sit in many ways in equity and not just in law.  You're

2  here to do fairness.  You're here to figure out what's right

3  and to do what's right as well as you can.

4      And so when you look at Article 30, any application

5  submitted to the Central Authorities or directly to the

6  Judicial or Administrative Authorities of the contracting

7  state, in accordance with the terms of the Convention, together

8  with documents and any other information appended thereto or

9  provided by Central Authority, shall be admissible in the

10  courts or Administrative Authorities of the contracting state.

11      This is designed so that the Petitioner can bring forward

12  the evidence necessary for the Court to make some fundamental

13  decisions.  What is the habitual residence of the child?  Are

14  there any defenses to the return?  And so I think we get --

15  it's easy, because we're lawyers, and we're used to the Kabuki

16  dance of what we usually do in these cases.  Right?  But this

17  isn't those usual cases.  This is those cases where you're

18  vested with a lot of authority to just do what's right.

19      And we have the information.  We've seen the email.  In

20  many ways, it's the kabuki dance of pretending we haven't seen

21  it anymore.  If we pretend we haven't seen it anymore -- the

22  facts are the facts -- right -- however they've developed.

23  Article 30 certainly says that this admissible because it was

24  appended to my petition.  And my petition was filed in complete

25  conformity with the Convention, and, therefore, it is

EXHIBIT 41 - PAGE 4 OF 8

1  admissible.  Thank you, Your Honor.

2          THE COURT:  Okay.  I'm going to allow it in.  I don't

3  think I need to hear evidence of forensic investigators.  I

4  don't think there's -- I don't have any huge doubt that, in

5  fact, Ms. Brown did not consent to Mr. Paris going through her

6  belongings.

7          But it does appear to be more than just a general option

8  kind of counseled by an attorney.  This appears to be a

9  strategy showing that Ms. Brown intended to deceive when she

10  executed an agreement that she never intended on following,

11  which does appear to be then fraudulent, and it would come

12  under -- we call it the "crime fraud exception," but it --

13  "fraud exception" -- and I do think it falls under that.

14          If this Court actually does have broad equity, as

15  Petitioner suggests, under the Hague Act, I do think under that

16  kind of broad equity, in terms of what was the intent of the

17  parties, and in a matter which intent is so hard to get at,

18  this is a relevant document that does assist the Court.

19          Again, if the Petitioner -- or, excuse me -- the

20  Respondent -- I'll just probably say "mother" and "father."

21  It's easier.  If the mother in this case testifies consistently

22  that this was her thought, there's no reason to enter it.  If

23  she testifies inconsistently, I think it would come in under

24  the crime fraud exception.  So that's where we are with that.

25          Okay.  Anything else as a preliminary matter?

EXHIBIT 41 - PAGE 5 OF 8

```
 1            MS. SKINNER:  Your Honor, if I may be heard just on
 2    the topic so that I have the record clear.  I would like to
 3    offer, for the Court to consider and for evidence, our
 4    Exhibit 242, which is the counter surveillance report from our
 5    computer expert.
 6            THE COURT:  That's fine.  I just don't think it has
 7    any bearing on my decision about whether this is protected by
 8    the attorney-client privilege.  I don't know of any case that
 9    would say supression is required under this set of
10    circumstances.  It's not a criminal case.
11            MS. SKINNER:  Thank you, Your Honor.  And I would
12    also like to state that the crime fraud exception would be
13    applicable to -- if a crime had been committed or if fraud, as
14    defined under the criminal statute, had been perpetrated.  And
15    here -- which has to do for pecuniary reasons, not just to --
16    to -- to make it so that the individual is deceived.  Fraud,
17    under the criminal definition, has to do, again, with deceit
18    for pecuniary gain.
19        This is a matter of contract, not a matter of whether a
20    crime or a fraud -- criminal fraud -- had been committed to
21    enter into the contract.  I would also object on the basis that
22    the email is hearsay.  There's no witness authenticating the
23    email, and, again, would object under attorney --
24            THE COURT:  Well, your client could authenticate the
25    email.  I mean, I haven't admitted it yet.  But they are going
```

EXHIBIT 41 - PAGE 6 OF 8

1  to move to admit it.  I mean, if you're telling me your

2  client's going to say, "I have no idea what this is, I'm

3  completely shocked," we probably need to have that discussion.

4

5           (Excerpt of proceedings ended at 9:43 AM.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT 41 - PAGE 7 OF 8

```
 1                    C E R T I F I C A T E

 2

 3            Arnaud Paris v. Heidi Marie Brown

 4                    1:22-cv-01593-MC

 5                  Court Trial Excerpt

 6                   December 5, 2022

 7

 8        I certify, by signing below, that the foregoing is a true

 9   and correct transcript of the record, taken by stenographic

10   means, of the proceedings in the above-entitled cause.  A

11   transcript without an original signature, conformed signature,

12   or digitally signed signature is not certified.

13

14   /s/Kendra A. Steppler, RPR, CRR
     Official Court Reporter         Signature Date: 1/10/2023
15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT 41 - PAGE 8 OF 8