# EXHIBIT 61

**Subject:** Re: Brown and Paris, Jackson County Case No. 22DR17285
**From:** Arnaud Paris <aparis@sysmicfilms.com>
**Date:** 25/10/2023, 20:46
**To:** "Tricia M. Allen" <Tricia.M.Allen@ojd.state.or.us>
**CC:** Erin Culpepper <emc@buckley-law.com>, Taylor Murdoch <tlm@buckley-law.com>, "Bob N. Morgan" <Bob.N.Morgan@ojd.state.or.us>, Tina Qualls <Tina.Qualls@ojd.state.or.us>, Tim.R.Lewis@ojd.state.or.us, Kristen.C.Bramble@ojd.state.or.us, ojd.info@ojd.state.or.us

Hello Miss Allen,

On October 19th was filed in this court my 5th motion of dismissal for lack of subject matter jurisdiction due to the French judgment having been registered in California and not having been objected by Miss Brown. Miss Brown acknowledged the validity of the French judgment in the US under UCCJEA standards by not objecting to the registration of the French judgment in California. This acknowledgment from Miss Brown should automatically dismiss her claims in Jackson County for custody of our children in Oregon which is why I filed this new motion on October 22nd in your court.

Yet I see that this case is still set for trial and no hearing date has been set to hear this 5th motion of dismissal for lack of subject matter jurisdiction of this court.

By Oregon law the question of the court's subject matter jurisdiction can be raised at any time of the proceedings and this is clearly the case here, so I'm a bit confused as to why the court has started to talk about hearing other matters earlier this week instead of this crucial 5th motion for lack of subject matter jurisdiction.

See, e.g., Daly and Daly, 228 Or. App. 134, 139, 206 P.3d 1189 (2009) ("[S]ubject matter jurisdiction is never waived and can be raised by any party or by the court sua sponte at any stage of the proceedings."

I have to point out to this court that this question of subject-matter jurisdiction had been raised already on September 8th with my 3rd motion to dismiss this 22DR17285 case for lack of subject matter jurisdiction. This 3rd motion has been ignored by this court for more than a month now and I haven't received any communication on your part to schedule a hearing about this crucial 3rd motion to dismiss this 22DR17285 case for lack of subject matter jurisdiction motion, which should have been heard in priority instead of proceeding with trial date scheduling. In other words I don't understand why the court decided to move on with scheduling a trial date and ignored a crucial motion that should have logically required a hearing before any decision of trial date.

Keeping not answering my emails in that matter and ignoring this 5th motion of dismissal for lack of subject matter jurisdiction would be further proof of judicial bias and refusal of due process from this court in my regards. I can't imagine that judicial bias and refusal of due process would be tolerated in the Jackson County court and that you would be willingly and knowingly participating in it by keeping ignoring my emails and my motions, even if you have been instructed to do so.

I have the upmost faith in your integrity Miss Allen, so I look forward to your response and your explanation for not answering my previous emails regarding these motions since I am a defendant Pro Per entitled to proper response from this court regarding the status of my motions to dismiss this entire case for lack of subject matter jurisdiction and the required hearing date to address them in priority before setting any trial date.

I'm looking forward to your response with the clear position of Judge Orr on whether my **FIFTH MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION DUE TO**

**UNCHALLEGED REGISTRATION OF FRENCH JUDGEMENT IN STATE OF CALIFORNIA**
will be intentionally ignored by this court so that this court can move forward with trial, denying me once again due process and proving judicial bias towards Mother from this court.

Regards,

Arnaud Paris