Katelyn D. Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Of Attorneys for Respondent Heidi Brown

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| In re the Matter of J.P. and E.P.: | |
| ARNAUD PARIS, | Case No.: 1:24-cv-00648-AA |
| Petitioner, | |
| and | RESPONDENT'S REPLY TO PETITONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS |
| HEIDI MARIE BROWN, | |
| Respondent. | |

The Convention on the Civil Aspects of International Child Abduction
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

Respondent Heidi Brown ("Mother"), by and through her attorneys, Katrina Seipel and Buckley Law, P.C., hereby replies to Petitioner's Response to Respondent's Motion to Dismiss and moves this Court for an order granting dismissal of the Petition in this matter pursuant to the fugitive disentitlement doctrine.

**Local Rule 7-1 Certification**

Counsel for Mother hereby certifies that I made a good faith effort to confer with Petitioner regarding this Motion, see **Exhibit 1**. Petitioner refused to confer regarding this

Motion specifically and, instead, asked Mother's counsel to disclose confidential and privileged communications. Moreover, Petitioner has initiated ethical complaints and investigations into at least three of Mother's lawyers. Accordingly, this counsel attempted conferral in writing to ensure a record of the same.

## ARGUMENT

This Court already has before it the necessary facts to consider in making its determination whether or not to dismiss the Petition in this matter pursuant to the fugitive disentitlement doctrine. Though Petitioner's (hereinafter "Father") Response sets forth countless allegations and "facts", this Reply need not reply to the vast majority of them. However, should this Court give serious consideration to the facts as recited by Father, this Court should also be aware that countless judges in this state, both at the state and federal levels, have questioned Father's credibility in the parties' legal proceedings. Honorable Judge Michael J. McShane, in the parties' prior Hague matter, stated that "Mr. Paris … [has] been less than credible." See **Exhibit 2**, page 52, lines 1 - 2.

Correspondingly, at this juncture, the Court need not concern itself with Mother's actions, the differing custodial directives of Oregon and France, and whether or not Oregon state Judges Orr and Bloom are corrupt, as Father alleges. The Court also need not, and, in fact, should not, concern itself with who is a better parent and what, at this point, is in the best interests of the minor children involved in this exhausting battle between Mother and Father. The only task for the Court at this juncture is to analyze the fugitive disentitlement doctrine and determine whether, based on Father's conduct and Father's conduct alone, application of the doctrine in this instance is warranted.

To that end, in his Response, Father points the Court to *United States v. Bescond* and claims that the case supports denial of Mother's Motion to Dismiss. 24 F.4th 759 (2d Cir. 2021). Quite to the contrary, *Bescond* supports Mother's position. The Court in *Bescond*

analyzed application of the fugitive disentitlement doctrine to a woman who had never stepped foot in the United States. *Id.* at 774. In holding that application of the fugitive disentitlement doctrine was not proper in *Bescond*, the Court analyzed and discussed how Bescond had never fled the court's jurisdiction, and she specifically did not flee to seize an unfair advantage or game the system. *Id.* Additionally, the Court pointed out, "Other than to avoid a ruinous designation as a fugitive, Bescond has no reason to travel here: it is not shown that she has residence, immigration status, job, or family in this country, and she allegedly committed the charged offense entirely from abroad." *Id.* The Court then specifically stated that it would not apply the fugitive disentitlement doctrine because there was simply no basis for a finding that Bescond exhibited disrespect for U.S. law. *Id.*

The same cannot be said of Father. Father's Response details a timeline that does not work to his advantage. In his timeline, Father admits that, time and time again, he has filed motion after motion after motion with the courts of this state. Often times, after receiving a denial, Father files the very same motion previously filed. The only conclusion to be drawn from this conduct is that Father will not accept "no" as an answer from our courts. Surely, upon hearing "no", Father has not proved that he respects our judges and our courts. When Father did not obtain favorable rulings from Judge Orr in Oregon state court, he began to claim that Judge Orr is corrupt. Then, when he did not obtain favorable rulings from Judge Bloom in Oregon state court, Father began to claim that Judge Bloom colluded with Judge Orr. Then, insultingly, in this action, Father attempts to air the judges' dirty laundry, so to speak. And for what purpose? Because he believes that this Court will side with him?

In *Bescond*, application of the fugitive disentitlement doctrine was not proper when (1) the defendant had never been to the United States, (2) she had no reason to ever come to the United States, (3) she did not flee the United States to gain an unfair advantage or game the system, and (4) she never exhibited disrespect for United States law. Here:

(1) Father has been to the United States on countless occasions. He lived here. He continues to own land here. He was physically present in Oregon when he removed two minor children from Oregon and the United States in violation of a court order.

(2) Father continues to have reason to come to the United States. Namely, his children are here, his children's Mother is here, and he is a United States citizen with a United States passport.

(3) Despite Father claiming otherwise, he unquestionably fled the United States with the children to gain an unfair advantage or game the system. He did not like what Oregon courts were telling him, so he abducted the children to the country he suspected would be more favorable to him. If he did not do so, why did he not tell Mother his plans until the children were back with him in France? Why did he not tell the Oregon state court his plans until the children were back with him in France? Why did he attempt to do away with the TPOR in the first place? Why did he need a lawyer's assistance to get his children out of the country? The lengths Father went to in order to game the system are clear, extensive, and terrifying.

(4) Father, as detailed in Mother's Motion to Dismiss and briefly above, has exhibited *extreme* disrespect for United States law.

In his Response, Father also points to *Sasson v. Shenhar*, 276 Va. 611 (2008) for support. Father argues that this Court should not apply the law as set forth in *Sasson* because Mother now has the children in her physical custody, so her parental and custodial rights have not been interfered with. Father's argument in this regard is misleading.

In 2008, as detailed in Mother's Motion to Dismiss, the Supreme Court of Virginia upheld, in *Sasson*, the dismissal of the father's appeal pursuant to the fugitive disentitlement

doctrine. *Id.* at 627-28. Years later, in April 2020, the father and the child of *Sasson*, the child having become an adult, filed a petition for declaratory judgment in Virginia state court, requesting that the contempt order and warrant be dismissed and declared no longer enforceable. *Sasson v. Shenhar*, No. 211055, 2022 WL 17498872, at *1 (Va. Dec. 8, 2022). Their argument was, essentially, that the contempt case and warrant were moot, due to the child having reached adult age and, as such, the mother's custodial rights no longer being an issue. *Id.* The mother demurred, arguing that the father remained a fugitive for his failure to comply with prior court orders, and her demur was granted. *Id.* The Court of Appeals and Supreme Court of Virginia affirmed. *Id.* at *2-*3. The Supreme Court of Virginia reiterated that "where a party maintains that an order of a court is void, the appropriate action to take is to appeal that order, or to attack it in a collateral proceeding, *while still submitting to the court's jurisdiction.*" *Id.* at *2. "In other words, until he submits to the court's jurisdiction, [the father] has foreclosed any challenge to the validity of the [order at issue]. To hold otherwise would require the Court to tacitly condone [the father's] continued willful disobedience of court orders." *Id.*

      Father argues that because the children are physically present with Mother, her custodial rights are not currently being violated, so *Sasson* does not apply. The father in the latest *Sasson* argued that because the child became an adult, the mother's custodial rights were not currently being violated. The father's argument in the latest *Sasson* failed, and Father's argument in this matter also fails. If Father wishes to contest the contempt action and corresponding warrant, he may do so upon submitting himself to the jurisdiction of Oregon state courts. Instead, he asks this Court to tacitly condone his continued willful disobedience of court orders. It goes without saying, but this Court must not do so.

## CONCLUSION

Page 5 – RESPONDENT'S REPLY TO PETITIONER'S RESPONSE TO RESPONDENT'S MOTION TO DISMISS

For the foregoing reasons and the reasoning in Mother's Motion to Dismiss, Mother respectfully requests that this Court dismiss Father's Petition in its entirety.

Respectfully submitted this 17th day of July, 2024.

                                      Katrina Seipel, OSB No. 164793
                                      Email: kas@buckley-law.com
                                      Buckley Law, PC
                                      5300 Meadows Road, Ste. 200
                                      Lake Oswego, OR  97035
                                      Tel: 503-620-8900
                                      Of Attorneys for Respondent

## CERTIFICATE OF SERVICE

I certify that this document was served by e-mail and first-class U.S. mail upon Petitioner Arnaud Paris, to arnaud@skyvr.com and aparis@sysmicfilms.com, and to his last known address of 13 rue Ferdinand Duval, 75004, Paris, France on this 17th day of July, 2024.

                                      Katrina Seipel, OSB No. 164793
                                      Of Attorneys for Respondent
                                      kas@buckley-law.com