FILED'25 OCT 15 13:31 USDC-ORM

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## MEDFORD DIVISION

| | |
|---|---|
| In re the Matter of J.P. and E.P.:<br><br>ARNAUD PARIS,<br><br>       **Petitioner,**<br><br>and<br><br>HEIDI MARIE BROWN,<br><br>       **Respondent.** | Civil Action No. 1:24-cv-00648-AA<br><br>**PETITIONER'S EMERGENCY MOTION AND AFFIDAVIT FOR DISQUALIFICATION ON REMAND OF HONORABLE JUDGE AIKEN**<br><br>*EXPEDITED UNDER ARTICLE 11 OF THE 1980 HAGUE CONVENTION* |

## MOTION:

Petitioner **Arnaud Paris** respectfully moves, upon issuance and docketing of the Ninth Circuit's mandate, for **disqualification of the Honorable Ann L. Aiken** and **reassignment** of all further proceedings on remand to a different Article III judge.

This motion is brought under **28 U.S.C. § 455(a)** and **§ 455(b)(1), 28 U.S.C. § 144**, and the Court's inherent authority to preserve the appearance of justice. See **United States v. Sears, Roebuck & Co., 785 F.2d 777, 780 (9th Cir. 1986); United States v. Quach, 302 F.3d 1096, 1103 (9th Cir. 2002)**.

Petitioner requests **expedited consideration** and a brief **administrative stay** of any new substantive scheduling or merits rulings pending resolution of this threshold motion.

This matter arises under the **Hague Convention on the Civil Aspects of International Child Abduction,** which obligates contracting states to resolve petitions for the return of children **within six weeks**.

Petitioner filed his Hague petition in the US on **April 15, 2024**, and as of **October 15, 2025**, more than **78 weeks**—over **18 months**—have elapsed without a merits hearing.

Petitioner therefore requests that the reassignment and all subsequent scheduling be treated as **urgent under Article 11** of the Hague Convention to remedy the excessive delay and ensure compliance with the treaty's expeditious-handling mandate.

Pursuant to LR 7-1, Petitioner certifies that this motion concerns judicial assignment and disqualification and therefore is not amenable to the usual conferral process; nevertheless, Petitioner will promptly serve Respondent and is available to confer on schedule and briefing if the Court prefers.

//

//

## MEMORANDUM OF POINTS AND AUTHORITIES:

## I. LEGAL STANDARDS

**28 U.S.C. § 455(a)** requires disqualification in any proceeding in which a judge's **"impartiality might reasonably be questioned."** Section **455(b)(1)** additionally requires disqualification for **"personal bias or prejudice"** or **personal knowledge of disputed facts**.

Under **28 U.S.C. § 144**, when a party files a **timely and sufficient affidavit** stating facts showing personal bias or prejudice, **"the judge shall proceed no further"** and another judge is assigned to decide the motion.

The appellate court found that the district court **"overlooked controlling precedents,"** **"misapplied the fugitive-disentitlement doctrine,"** and imposed a **"particularly harsh"** sanction in a case involving **fundamental parental rights** under the Hague Convention. (*Paris v. Brown*, No. 24-4950, slip op. at 5, 26–27 (9th Cir. Oct. 3, 2025).)

In such circumstances, reassignment is not punitive but necessary to **preserve the appearance of justice** and to ensure that the merits are heard in a manner consistent with the Ninth Circuit's mandate and the Hague Convention's requirement of expeditious handling. Given that the prior dismissal delayed the merits hearing by over eighteen

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

months—far beyond the six-week benchmark set by Article 11 of the Convention—prompt reassignment is essential to restore confidence in the fairness and efficiency of these proceedings.

## II. BACKGROUND

On **October 3, 2025**, the Ninth Circuit **reversed** the dismissal of Mr. Paris's Hague Convention petition—which had been dismissed on **fugitive-disentitlement** grounds— and **remanded** for adjudication **on the merits**. The panel held the dismissal was a **legal error/abuse of discretion**, emphasizing that civil disentitlement must be **narrowly applied** and that the record did **not** justify the sanction. *Paris v. Brown*, No. **24-4950** (9th Cir. **Oct. 3, 2025**) (published).

## III. ARGUMENT

**A. § 455(a): A reasonable person can question impartiality where the judge previously dismissed the action on an erroneous legal basis and must now adjudicate the merits.** The Ninth Circuit's published opinion found **abuse of discretion** in applying a harsh sanction that foreclosed a merits hearing. On remand, the Court would necessarily **re-engage the same factual matrix** and legal predicates, but now with the burden of **reconsidering its own prior ruling** that the Court of Appeals deemed legally improper. Under § **455(a)** and **Sears**, reassignment is appropriate where the original judge may have **"substantial difficulty putting out of mind previously expressed views"** or where

reassignment best **preserves the appearance of justice**. 785 F.2d at 780.

**B. § 455(b)(1)/§ 144: Petitioner submits a timely, specific affidavit establishing facts supporting concern of bias/prejudgment.**

Concurrently filed is Mr. Paris's **§ 144 declaration**, identifying the sequence of rulings and the Court's reliance on rationales the Ninth Circuit rejected. While Petitioner need not prove **actual** bias, the **facts and posture** suffice to require referral under **§ 144** and warrant disqualification under **§ 455(b)(1)**.

**C. Reassignment promotes public confidence and avoids even the appearance that prior views will influence the merits determination.**

This is a **Hague Convention** matter involving fundamental **parent-child rights** and urgent treaty objectives. The Ninth Circuit cautioned against **extinguishing** a parent's right to seek return without reaching the merits. Reassignment will **assure both parties and the public** that the merits will be decided with **fresh eyes** in light of the appellate guidance. See **Quach, 302 F.3d at 1103** (reassignment "is not punitive; it is designed to preserve the appearance of justice").

**D. The motion is timely and should be resolved before any further substantive action.**

The request is made **immediately upon remand** and before new scheduling or merits

rulings. See § 144 (judge proceeds no further upon filing of a timely, sufficient affidavit).

**AFFIDAVIT OF ARNAUD PARIS IN SUPPORT OF MOTION FOR DISQUALIFICATION AND REASSIGNMENT (28 U.S.C. § 144 and § 455)**

I, **Arnaud Paris**, declare under 28 U.S.C. § 1746:

1. I am the Petitioner, proceeding pro se. I make this declaration in support of my motion under **28 U.S.C. §§ 144 and 455**.

2. On **October 3, 2025**, the Ninth Circuit **reversed** the district court's dismissal of my Hague Convention petition and **remanded** for adjudication on the **merits**, holding that the application of the **fugitive-disentitlement doctrine** was a **legal error/abuse of discretion** in this civil Hague case. *Paris v. Brown*, No. **24-4950** (9th Cir. Oct. 3, 2025) (published).

3. Given these circumstances, I **reasonably fear** that the judge who previously dismissed my case on grounds the Court of Appeals found legally improper may have **difficulty setting aside previously expressed views** when adjudicating the merits on remand.

4. My concern is **not personal**; it is based on the **procedural history** and the **published appellate ruling**. I respectfully believe that a **reasonable person** would **question the judge's impartiality** in these circumstances, and that reassignment would best **preserve the appearance of justice**.

5. I declare under penalty of perjury that the foregoing is true and correct.

## V. REQUESTED RELIEF

Petitioner respectfully asks the Court to:

1. **Grant** this emergency motion promptly under Article 11 of the Hague Convention;

2. **Disqualify** the Honorable Ann L. Aiken under **28 U.S.C. §§ 455(a), 455(b)(1) and § 144**;

3. **Reassign** the case to a different Article III judge for **all further proceedings on remand**; and

4. Enter a short **administrative stay** of any new substantive action until this motion is decided.

DATED this 15th day of October, 2025, in Paris, France

Submitted by:
Arnaud PARIS, Pro Per

75004 Paris, FRANCE
+33.6.88.28.36.41

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PETITIONER'S EMERGENCY MOTION AND AFFIDAVIT FOR DISQUALIFICATION ON REMAND OF HONORABLE JUDGE AIKEN** on the following party:

Katelyn Skinner at kds@buckley-law.com
Katrina Seipel at kas@buckley-law.com
Attorneys for Respondent

By the following method or methods:

_____
prepaid envelopes, addressed to the attorneys(s) as shown above, the last known office address of the attorney(s), and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

_____
shown above, which is the last known email address for the attorney(s) office, on the date set forth below by Oregon process server.

_____
shown above, which is the last known fax number for the attorney(s) office, on the date set forth below.   The receiving fax machines were operating at the time of service and the transmission was properly completed.

_____
filing submission, thus causing the individual(s) to be served by means of the **court's electronic filing system**.

DATED this 15th day of October, 2025, in Paris, France.

By. _____
ARNAUD PARIS, Petitioner

ARNAUD PARIS
13 rue Ferdinand Duval
75004, PARIS, FRANCE
Telephone: +33688283641
Email: aparis@sysmicfilms.com