IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

In re the Matter of J.P. and E.P:

ARNAUD PARIS,

          Petitioner,

   v.

HEIDI MARIE BROWN,

          Respondent.

Civ. No. 1:24-cv-00648-AA

**OPINION & ORDER**

AIKEN, District Judge.

    This case comes before the Court on Petitioner's motion to disqualify, which was filed before the Mandate was issued. ECF No. 35. The Mandate on appeal having now issued, ECF No. 36, the Court takes up the motion. For the reasons set forth below, the motion is DENIED and Respondent is ORDERED to respond to the Petition within fourteen (14) days of the date of this Order.

    Two federal statutes govern recusal and disqualification: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides that a judge shall be disqualified where he or she has a "personal bias or prejudice either against [a party] or in favor of any adverse party[.]" *United States v. Heffington*, 952 F.2d 275, 278 (9th Cir. 1991) (quoting 28 U.S.C. § 144). Under § 144, the party moving for recusal must file a timely and legally sufficient affidavit stating "the facts and the reasons for the belief that bias or

Page 1 –OPINION & ORDER

prejudice exists" and must include certificate of counsel of record stating that it is made in good faith. 28 U.S.C. § 144. Conclusory allegations are insufficient to support a request for recusal on grounds of bias or prejudice. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995). Similarly, § 455 provides that federal judges must recuse themselves "in any proceeding in which [their] impartiality might be reasonably questioned," including if they have "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1); *see Heffington*, 952 F.2d at 278 ("Despite the differences in terminology between these two statutes, we have consistently indicated that the tests for personal bias and prejudice are identical.").

Under § 144, a challenged judge must determine in the first instance whether the affidavit required in the statute is legally sufficient and, if so, must refer the motion to another judge for determination. *See United States v. Montecalvo*, 545 F.2d 684, 685 (9th Cir. 1976).

In both §§ 144 and 455, the standard is "whether a reasonable person with the knowledge of all the facts would conclude the judge's impartiality might be questioned." *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (internal quotation marks and citations omitted). The standard requires recusal if a reasonable third-party observer would perceive a "significant risk" that the judge would resolve the case on a basis other than the merits. *Cuevas v. Kelly*, Civil No. 6:18-cv-01973, 2019 WL 2518121, at *1 (D. Or. June 18, 2019) (citing *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 (1988)). "The reasonable person in

this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (internal quotation marks and citations omitted). To warrant recusal under § 455, judicial bias must stem from an extrajudicial source and not from conduct or rulings made during the course of proceedings. *$292,888.04 in U.S. Currency*, 54 F.3d at 566; *see also Clemens*, 438 F.3d at 1178 (clarifying that "extrajudicial factors" means "from sources other than the judicial proceeding at hand.").

Here, the stated basis of Petitioner's motion to disqualify and recuse is that the Court granted Respondent's motion to dismiss and the Ninth Circuit subsequently reversed that ruling. Pet. Mot. 4; Paris Aff. ¶ 3. Petitioner clarifies that his concern "is based on the procedural history and the published appellate ruling." Paris Aff ¶ 4. In the case of both §§ 144 and 455, the "alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Conforte*, 624 F.2d 869, 882 (9th Cir. 1980) ("A judge's views on legal issues may not serve as the basis for motions to disqualify."); *Delfin v. Fhuere*, Case No. 6:24-cv-706-SI, 2024 WL 4980944, at *1 (D. Or. Sept. 10, 2024) ("The Ninth Circuit has interpreted these statutes [28 U.S.C. §§ 144, 455] and explained that any alleged personal bias or prejudice of a judgment must result from an *extrajudicial source*, not from any prior

adverse ruling by that judge." (emphasis in original)). Nor does the fact this this Court's prior ruling was reversed by the Ninth Circuit suffice to justify recusal or disqualification. *See Myers v. United States*, 673 F. App'x 749, 752 (9th Cir. 2016) (holding that the trial judge was not required to recuse himself based on the appearance of bias or lack of impartiality following reversal and remand, even where the trial judge expressed dissatisfaction with the remand decision and made negative comments about individual appellate judges).

As noted, Petitioner's § 144 affidavit alleges bias stemming from the Court's prior ruling and the subsequent Ninth Circuit decision reversing that ruling and does not suggest any extrajudicial source of bias or prejudice. This is insufficient to support recusal or disqualification and so the Court denies the motion without the necessity of referring the motion to another judge for consideration.

Substantively, the motion also fails because §§ 144 and 455 require that the alleged bias arise from an extrajudicial source. Because Petitioner does not allege any extrajudicial source of alleged bias or prejudice, the motion is DENIED.

In addition, Petitioner's motion indicates that he did not confer with Respondent prior to filing his motion on the basis that "this motion concerns judicial assignment and disqualification and therefore is not amendable to the usual conferral process." Pet. Mot. 2. The only category of motions that are excluded from the conferral requirement of Local Rule 7-1 are motions for temporary restraining orders. LR 7-1(a)(1) and Petitioner was required to confer prior to filing his motion. "The Court may deny any motion that fails to meet this certification requirement." LR 7-

1(a)(2). Petitioner's failure to confer supplies an independent basis for the denial of the motion.

## CONCLUSION

For the reasons set forth above, Petitioner's Motion for Disqualification, ECF No. 35, is DENIED. Respondent is ORDERED to respond to the Petition within fourteen (14) days of the date of this Order.

It is so ORDERED and DATED this __10th__ day of December 2025.

    /s/Ann Aiken
ANN AIKEN
United States District Judge