FILED'25 DEC 16 11:28USDC-ORM

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| In re the Matter of J.P. and E.P.: | Civil Action No. 1:24-cv-00648-AA |
| ARNAUD PARIS, | |
| Petitioner, | PETITIONER'S EMERGENCY MOTION AND AFFIDAVIT FOR RECONSIDERATION OF DISQUALIFICATION ON REMAND OF HONORABLE JUDGE AIKEN |
| and | |
| HEIDI MARIE BROWN, | |
| Respondent. | *EXPEDITED UNDER ARTICLE 11 OF THE 1980 HAGUE CONVENTION* |

## LR 7-1 CERTIFICATE OF CONFERRAL

Pursuant to LR 7-1, Petitioner certifies that he attempted in good faith to confer with Respondent's counsel before filing this motion. On December 14, 2025, Petitioner emailed opposing counsels, Katelyn Skinner at kds@buckley-law.com and Katrina Seipel at kas@buckley-law.com, requesting Respondent's position and proposing relief. Respondent **did not respond** as of **December 16, 2025.**

# MOTION

## I. INTRODUCTION

Petitioner Arnaud Paris respectfully moves for reconsideration of the Court's December 10, 2025 Opinion & Order (ECF No. 37) denying Petitioner's Motion for Disqualification. Reconsideration is appropriate because the Order rests on a manifest error of law regarding the "extrajudicial source" doctrine and relies on distinguishable, non-binding authority (*Myers*) while overlooking controlling Ninth Circuit precedent (*Hage*) that mandates recusal in these specific circumstances.

This Motion for Reconsideration must be treated as an **Emergency Motion** and resolved immediately. Article 11 of the Hague Convention and its implementing act (ICARA) require that judicial proceedings under the Convention be conducted with the utmost expedition within 4 to 6 weeks. The Ninth Circuit Court in its November 24, 2025 Order Reversing the Stay of Mandate (ECF No. 36) specifically cited the Supreme Court's recognition that the Hague Convention prescribes **"six weeks as [the] normal time for return-order decisions."** *Monasky v. Taglieri*, 589 U.S. 68, 72 (2020).

//

//

## II. ARGUMENT

### A. The Court Committed Clear Error by Treating "Extrajudicial Source" as an Absolute Bar to Recusal.

In its Denial, the Court held: *"Because Petitioner does not allege any extrajudicial source of alleged bias or prejudice, the motion is DENIED."* (ECF No. 37 at 4). This is a misapplication of the law.

The Supreme Court established in *Liteky v. United States* that the "extrajudicial source" rule is a factor, not an absolute doctrine. Recusal is required—even without an extrajudicial source—when a judge's remarks or conduct display "a deep-seated favoritism or antagonism that would make fair judgment impossible." 510 U.S. 540, 555 (1994).

Petitioner's motion did not rely on the source of the Judge's knowledge, but on the *nature* of the Judge's antagonism. When a Court characterizes a litigant's defense of his rights as "disdain," "attacks," or "not well taken," and expresses a "firm conviction" in a ruling that the Court of Appeals has expressly rejected, the Court crosses the line from judicial finding to personal condemnation. This satisfies the *Liteky* exception.

### B. The Court's Reliance on *Myers* is Misplaced; *Myers* is Non-Binding and Factually Distinguishable.

The Court's Denial cites *Myers v. United States*, 673 F. App'x 749 (9th Cir. 2016), to suggest that dissatisfaction with a remand does not require recusal. This reliance is flawed for two reasons:

1. **Non-Binding Authority:** *Myers* is an unpublished disposition. Under Ninth Circuit Rule 36-3, it is not binding precedent.

2. **Distinguishable Facts:** In *Myers*, the trial judge made negative comments about the *appellate judges* and the *remand decision*. While unprofessional, that is "judicial frustration." In this case, Judge Aiken has directed negative characterizations at the *Petitioner personally* (e.g., accusing him of "disdain" and "attacks"). There is a fundamental difference between grumbling about a higher court's ruling and expressing personal animus toward a litigant appearing before the bench.

**C. The Court's Characterization of Petitioner's Filings as "Attacks" and "Disdain" is Factually Contradicted by the Record and Demonstrates Antagonism under *Liteky*.**

The Court's denial rests in part on its finding that Petitioner exhibited "disdain" or made "attacks" against the Oregon judiciary. The attached **Exhibits 08, 22, and 36**—which were originally presented to this Court with the Petitioner's Response filing on June 20, 2024 (ECF No. 22)—demonstrate that the "attacks" cited by the Court were, in fact, documented concerns raised by several Oregon officers of the court, a Presiding Judge of Jackson County and the local Oregon District Attorney at the time, not personal invective from the Petitioner. This characterization is a manifest error of fact and provides direct evidence that the Court is viewing Petitioner through a biased, "deep-seated" antagonistic lens, meeting the *Liteky* exception:

1. **Questioning of Judicial Integrity Originated from Oregon Officials:** Petitioner was not the source of the claims of judicial misconduct or lack of impartiality.

- The Jackson County District Attorney's Office formally moved to disqualify Judge Orr from all cases involving its office:

  *"I have never filed an affidavit on a judge in my 33 years in the District Attorney's Office. Unfortunately, I do not believe that crime victims, law enforcement officers, my attorneys or even the accused can receive a fair hearing or impartial trial before Judge Orr."* (See attached Ex. 08 at 1.)

- On July 28, 2021, the Jackson County Presiding Judge, Judge Lorenzo A. Mejia, **Allowed** the District Attorney's Motion to Disqualify Judge Orr who didn't even try to defend himself admitting that he was not impartial. This judicial Order confirms that, based on the record, Judge Orr was not able to provide a fair and impartial hearing nor to follow the law.

- Petitioner also submitted the professional opinion of an Oregon-licensed attorney regarding Presiding Judge Bloom, who stated he was "*concerned that some form of investigation by appropriate authorities is warranted to attempt to determine whether the rights of Mr. Paris and his children are being upheld by the Oregon courts*". (See attached Exhibit 36, page 3).

2. **Petitioner Was Relaying Official Concerns, Not Attacking:** Petitioner's "attacks" were merely relaying the official, filed opinions of the local prosecutor and Oregon attorneys acting as officers of the court and official witnesses. By characterizing these established facts and judicial concerns—which were raised and confirmed by local Oregon officials—as Petitioner's personal "disdain," the Court misrepresented the record and attributed outside hostility to the Petitioner.

3. **Source of the Disdain:** If there is any "disdain" in the record, it stems from Oregon State Judge Orr's comments in open court disparaging the French Judiciary and French people, which Petitioner was required to bring to this Court's attention. See attached Exhibit 22 (Motion for Mistrial filed by Oegon counsel) documents Judge Orr's ridicule of France and French nationals, including gestures and comments that counsel argued showed bias. Exhibit 22 reports that Judge Orr suggested that perjury penalties in France might be "**lashing**," then "**motions as though his head and hands are placed in a pillory**," and—after counsel joked about punishment being "not being allowed wine for a month"—the court responded "**right**," agreeing with the quip. (Exhibit 22 at page 3 and 8.) The Court's action shields the conduct of the State Court judge while penalizing the litigant who reported it, demonstrating an appearance of unfair allegiance and **antagonism** toward the Petitioner.

This mischaracterization—transforming objectively documented judicial concerns towards the Jackson County judges into personal "attacks"—is precisely the type of unfair conduct that *Liteky* identifies as evidence of a "deep-seated antagonism" warranting recusal.

**D. An Objective Observer Would Question the Court's Impartiality Under 28 U.S.C. § 455(a).**

Separately, even aside from proof of actual bias, 28 U.S.C. § 455(a) requires recusal whenever "impartiality might reasonably be questioned." The Ninth Circuit has held:

- "The goal of section 455(a) is to avoid even the appearance of partiality." *In re Creech*, No. 24-4455, 2024 WL 4502966, at *7 (9th Cir. Oct. 16, 2024).

- "If the case is close, the judge should recuse." (quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)).

A reasonable, objective observer, knowing that the Ninth Circuit reversed this Court's "firm conviction" and seeing the Court then accuse the prevailing litigant of "disdain" for the system based on an admitted mischaracterization of the factual record (treating judicial orders and Oregon attorneys' formal statements as personal attacks), would unquestionably question the Court's ability to proceed with a fair adjudication on remand. The totality of the circumstances creates a clear appearance of partiality that mandates recusal under § 455(a).

### E. Controlling Precedent in *United States v. Estate of Hage* Requires Recusal.

The Court failed to address the binding Ninth Circuit decision in *United States v. Estate of Hage*, 810 F.3d 712 (9th Cir. 2016), decided the same year as *Myers*. In *Hage*, the Ninth Circuit ordered recusal on remand because the trial judge's conduct and comments created an appearance of bias.

The Ninth Circuit held that recusal is necessary where "a reasonable observer could conclude that the judge's feelings… are both **well-established and inappropriately strong**." *Id.* at 722.

Here, the record demonstrates exactly what *Hage* forbids:

1. **"Well-Established" Feelings:** The Court previously stated it held a "firm conviction" that the fugitive disentitlement doctrine applied—a view the Ninth Circuit has now reversed. The Court's immediate rejection of Petitioner's corruption concerns as "not well taken," combined with its prior "firm conviction," suggests a mindset that is fixed and resistant to the Petitioner's arguments.

2. **"Inappropriately Strong" Language:** By characterizing Petitioner's legal arguments as "disdain" and "attacks," the Court utilized emotionally charged language that reflects personal condemnation rather than impartial adjudication.

Under *Hage*, when a judge's language moves from legal analysis to personalized characterization, the appearance of impartiality is lost. A reasonable observer, seeing that the Court of Appeals rejected the Judge's "firm conviction" and seeing the Judge accuse the Petitioner of "disdain," and making "attacks" would reasonably question whether the Court can now set aside those strong feelings to fairly adjudicate the merits.

### III. CONCLUSION AND RELIEF REQUESTED

Because the Order Denying Disqualification treated the extrajudicial source rule as absolute—ignoring the *Liteky* exception—and relied on non-binding case law while overlooking the controlling standard in *Hage*, Petitioner respectfully requests that the Court RECONSIDER its Order and GRANT the motion for disqualification to preserve the appearance of justice.

The Ninth Circuit's instruction is unequivocal: **"If the case is close, the judge should recuse."** *In re Creech*, 2024 WL 4502966, at *7 (quoting *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008)). Given the need for fresh credibility and equities determinations on remand, this is at least a close case. Recusal is therefore necessary to avoid the appearance of partiality and preserve the integrity of these Hague proceedings on remand.

Petitioner respectfully requests expedited consideration of this motion and that this Honorable Court issues a prompt ruling, consistent with Article 11 of the Hague Convention and the Ninth Circuit's November 24, 2025 Order.

DATED this 16th day of December, 2025, in Paris, France

Submitted by:
Arnaud PARIS, Pro Per

75004 Paris, FRANCE
+33.6.88.28.36.41

# AFFIDAVIT OF ARNAUD PARIS IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISQUALIFICATION AND REASSIGNMENT

I, **Arnaud Paris**, declare under 28 U.S.C. § 1746:

1. I am the Petitioner, proceeding pro se. I make this declaration in support of my motion under **28 U.S.C. §§ 144 and 455**. I declare under penalty of perjury that the foregoing is true and correct.

2. This affidavit is submitted in support of my Motion for Reconsideration of the Court's December 10, 2025 Opinion & Order (ECF No. 37) denying my Motion for Disqualification.

3. I believe that I cannot receive a fair and impartial hearing or trial before the Honorable Judge Ann L. Aiken due to the personal bias and prejudice she has expressed against me and my position in this matter.

4. My filings cited by the Court (e.g., ECF No. 22 with Exhibits 08, 22, and 36) presented objective information from the state court record and official affidavits by Oregon officers of the court.

5. I believe the Court's action of characterizing my submission of these documented, objective facts and rulings by other Oregon judicial officials as my personal "disdain" or "attacks," demonstrates a deep-seated antagonism against me that would render fair judgment impossible on remand.

6. This affidavit is made in good faith and not for the purpose of delay.

DATED this 16th day of December, 2025, in Paris, France

Submitted by:
Arnaud PARIS, Pro Per

*[signature]*

75004 Paris, FRANCE
+33.6.88.28.36.41

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **PETITIONER'S EMERGENCY MOTION AND AFFIDAVIT FOR RECONSIDERATION OF DISQUALIFICATION ON REMAND OF HONORABLE JUDGE AIKEN** on the following party:

Katelyn Skinner at kds@buckley-law.com
Katrina Seipel at kas@buckley-law.com
Attorneys for Respondent

By the following method or methods:

_____

_____

__X__   nailing full, true, and correct copies thereof to the attorney(s) at the email address

_____

shown above, which is the last known fax number for the attorney(s) office, on the date set forth below. The receiving fax machines were operating at the time of service and the transmission was properly completed.

_____

DATED this 16th day of December 2025, in Paris, France.

ARNAUD PARIS, Petitioner

ARNAUD PARIS
13 rue Ferdinand Duval
75004, PARIS, FRANCE
Telephone: +33688283641
Email: aparis@sysmicfilms.com