# EXHIBIT 08



# JACKSON COUNTY
*O r e g o n*

**District Attorney**
Criminal

**Beth Heckert**
*District Attorney*

815 W. 10th
Medford, OR 97501
Phone: 541 608-2905
Fax: 541 608-2982
heckerbe@jacksoncounty.org

TTY: (541) 774-8186
www.jacksoncounty.org

July 26, 2021

Presiding Judge Mejia
Jackson County Circuit Court
100 S. Oakdale
Medford, OR 97501

RE: ORS 14.260(1) disqualification notice

Dear Judge Mejia:

I am writing to provide you with notice that beginning immediately the Jackson County District Attorney's Office will move to disqualify Judge David Orr on all matters in which my office is a party. As you are aware, ORS 14.260(1) provides:

> Any party to or any attorney appearing in any cause, matter or proceeding in a circuit court may establish the belief described in ORS 14.250 by motion supported by affidavit that the party or attorney believes that the party or attorney cannot have a fair and impartial trial or hearing before the judge, and that it is made in good faith and not for the purpose of delay. No specific grounds for the belief need be alleged. The motion shall be allowed unless the judge moved against, or the presiding judge for the judicial district, challenges the good faith of the affiant and sets forth the basis of the challenge. In the event of a challenge, a hearing shall be held before a disinterested judge. The burden of proof is on the challenging judge to establish that the motion was made in bad faith or for the purpose of delay.

As District Attorney I take this position with a great deal of regret. I have never filed an affidavit on a judge in my 33 years in the District Attorney's Office. Unfortunately, I do not believe that crime victims, law enforcement officers, my attorneys or even the accused can receive a fair hearing or impartial trial before Judge Orr. I have these concerns for several reasons, including but not limited to the following:

- State v. Zhangang Frisbee 19CR71354 this case had a motion to compel discovery on an informant. The motion was heard on January 29, 2021. The Court believed the Medford Police Department should change their policy when reviewing information to determine

EXHIBIT 08 - PAGE 1 OF 7

ORS 14.260(1) disqualification notice
July 12, 2021
Page 2 of 3

if it is exculpatory. Judge Orr stated "I'm going to continue the trial on the Court's own motion. And what I want to do is continue it long enough to see if the State elects to come back and inform the Court about a change in the Medford operations policy. And if that has occurred, it would seem to me that it's appropriate then for that to be something that would weigh heavily in the State's favor when deciding what type of sanction I ought to impose." The City then submitted a memo detailing how the Lexipol policy was lawful and used nationwide.

- In <u>State v. Martin</u> 20CR14810 a sex abuse trial occurred on June 23, 2021. After a multi-day trial, Judge Orr gave the defense sir rebuttal, even though the defense had not made any objection to Ms. Terry Smith Norton's final closing. Judge Orr also lectured Ms. Smith -Norton when she stated "Your witness" after completing direct exam of a State's witness. Judge Orr was also informed by the Jury that they had reached a verdict on the three Tampering charges but had not reached a verdict on the Sex Abuse charges. Judge Orr ultimately declared a Mistrial and did not receive the verdicts on the Tampering charge. He stated that he believed he could accept the verdict but he didn't feel comfortable accepting the verdict.

- In <u>State v. Sowells</u> 19CR02922 a motion for in-camera review occurred on April 15, 2021. Judge Orr released the records even though he found they did not meet the standard of being exculpatory, in violation of ORS 181A.830. The records were released to the defense prior to the start of the hearing on April 18, 2021 by Court staff. Due to his release of those records, the State had no confidence he would not let the records be used somehow during the trial, so the State felt that resolving the case, at a considerable reduction of the original offer, was our only choice.

- In <u>State v. Zamora</u> 18CR14737 a trial was held on November 24, 2020. During the trial, the Judge would not ask or allow the State to respond to a majority of the objections. At the conclusion of the trial Judge Orr said he made poor decisions for the State, he sustained objections by the defense, even though the defense did not state an accurate basis for objections.

- In <u>State v. Stanford, Michael & Melody</u> Judge Orr severed the co-defendants on 18CR49190 over the States objection and the Defendant's objection. The State provide Judge Orr with a case stating a fear of an issue is not enough to sever the cases. In this case the concern by Judge Orr was that Mr. Stanford would act as Mrs. Stanford's attorney. In January 2021 Judge Mejia un-severed the two cases. The case went to trial as co-defendants in May 2021.

- In many other cases the prosecutors have been treated with disrespect by Judge Orr.

As District Attorney, I take an oath to ensure equitable and fair application of the law to all individuals. It is our policy to defend public safety, ensure offenders are held accountable, seek justice for victims of crimes, and to facilitate the efficient and equitable resolution of matters. For all of these reasons stated

EXHIBIT 08 - PAGE 2 OF 7

ORS 14.260(1) disqualification notice
July 12, 2021
Page 3 of 3

above and many more, the State does not believe we can have a fair and impartial trial before Judge
David Orr.

Sincerely,


Beth Heckert
District Attorney

EXHIBIT 08 - PAGE 3 OF 7

1

**IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF JACKSON**

2

3    IN THE MATTER OF                              )        21-13
                                                    )
4    Jackson County District Attorney              )        MOTION TO DISQUALIFY
     Appearances before Judge David Orr            )
                                                    )
5                                                   )
                                                    )
6    _____             )

7

8        COMES NOW, the State, by and through Beth Heckert, District Attorney for

Jackson County, and based upon the Affidavit herein and moves the Court for an Order

9    Disqualifying Judge David Orr to hear the Jackson County District Attorney appearances

10   for the reason the State believes it cannot obtain a fair and impartial trial or hearing

11   before such Judge. This motion is pursuant to ORS 14.250-14.270 and is made in good

12   faith and not for the purpose of delay.

13

14

15   DATED at Medford, Oregon, July 28, 2021.

16

17

18   _____
     Beth Heckert, OSB#872472
19   District Attorney

20

21

22

23

24

Page 1 – Motion to Disqualify Judge David Orr

JACKSON COUNTY DISTRICT ATTORNEY
Criminal Division  • 815 West 10th St.
Medford, OR 97501  • (541) 774-8181

EXHIBIT 08 - PAGE 4 OF 7

# IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF JACKSON

IN THE MATTER OF )
)    21-13
Jackson County District Attorney )   **AFFIDAVIT**
Appearances before Judge David Orr

)
)
)   Court No.
_____ )

STATE OF OREGON )
) ss
County of Jackson )

I, Beth Heckert, Jackson County District Attorney, after being duly sworn upon oath, do hereby depose and say:

I am the District Attorney for Jackson County.

It is our policy to defend public safety, ensure offenders are held accountable, seek justice for victims of crime, and to facilitate the efficient and equitable resolution of matters. The State does not believe Judge David Orr can be fair and impartial to the State, nor follow the law.

Such motion to disqualify Judge David Orr is not for purposes of delay and is made in good faith.

DATED at Medford, Oregon, July 27, 2021.

_____
Beth Heckert, OSB#872472
District Attorney

Subscribed and sworn to before me this 27ᵗʰ day of July, 2021.

OFFICIAL STAMP
**CHRISTINA A WALRUFF**
NOTARY PUBLIC-OREGON
COMMISSION NO. 1005556
MY COMMISSION EXPIRES NOVEMBER 02, 2024

_____
Notary Public
My commission expires: 11-02-2024

JACKSON COUNTY DISTRICT ATTORNEY
Criminal Division • 815 West 10th St.
Medford, OR 97501 • (541) 774-8181

Page 1 – Affidavit

EXHIBIT 08 - PAGE 5 OF 7

1

## IN THE CIRCUIT COURT OF THE STATE OF OREGON
## FOR THE COUNTY OF JACKSON

2

IN THE MATTER OF                        )   21-13
                                        )
3                                       )   ORDER ON MOTION TO
Jackson County District Attorney        )   DISQUALIFY
4    Appearances before Judge David Orr  )
                                        )
5                                       )
                                        )
6                                       )
                                        )
7  _____  )

8        Based upon the Motion to Disqualify Judge David Orr filed by the District Attorney,

9  it is hereby:

10        Allowed ___X_____    Denied _____

11

12

13

14        _____

15              7-28-2021

16

17                              Lorenzo A. Mejia
                                Circuit Court Judge
18

19

20

21

22

23

24

Order

JACKSON COUNTY DISTRICT ATTORNEY
• 815 West 10th St.
• (541) 774-8181
Criminal Division
Medford, OR 97501

EXHIBIT 08 - PAGE 6 OF 7

IN THE CIRCUIT COURT OF THE STATE OF OREGON FOR JACKSON COUNTY

IN THE MATTER OF

Jackson County District Attorney
Appearances before Judge David Orr

PRESIDING JUDGE ORDER

NO. 24-05

PJO 21-13 disqualifying Judge Orr from presiding over criminal matters is rescinded. Order No. 24-05 is based on SB 807 (2023), effective January 1, 2024, which changed the recusal procedure in criminal and juvenile matters.

**SO ORDERED.**

DATED April 17, 2024
Nunc Pro Tunc April 16, 2024

Benjamin M. Bloom, Presiding Judge

Page 1 – PJO 24-05

JACKSON COUNTY CIRCUIT COURT
100 SOUTH OAKDALE
MEDFORD, OR 97501

EXHIBIT 08 - PAGE 7 OF 7

EXHIBIT 22

1

2

3

4

5

6

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF JACKSON

7   In the Matter of:

8   HEIDI MARIE BROWN,

9              Petitioner,

10      and

11   ARNAUD PARIS,

12              Respondent.

13

Case No. 22DR17285

**RESPONDENT'S MOTION FOR MISTRIAL**

**RETAINED: JUDGE ORR**

14                          **MOTION**

15        Comes now, Respondent ("Father"), by and through his attorney, Thomas A.

16   Bittner and Schulte, Anderson, Downes, Aronson & Bittner, PC., and moves the court to

17   declare a mistrial as a result of misconduct or an irregularity as set forth in greater

18   detail, below.  This case should be reassigned and a new trial scheduled immediately.

19        This Motion is supported by the Points and Authorities set forth below and any

20   other legal authority cited in this motion, as well as the records and files in this matter.

21                   **POINTS AND AUTHORITIES**

22        A party may move for a mistrial during a trial when misconduct or an irregularity

23   occurs.  *See Raymond v. Southern Pacific Co.*, 259 Or 629 (1971).

24                          **ARGUMENT**

25        In this case, irregularities or misconduct have occurred in that Judge Orr has

26   made comments in open court, during the course of the hearing on Father's motions to

Page 1 – RESPONDENT'S MOTION FOR MISTRIAL

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

EXHIBIT 22 - PAGE 1 OF 9

1  dismiss and his concurrent registration case, demonstrated bias and prejudice against

2  Respondent as a French national.  In making these comments, Judge Orr has

3  demonstrated that he cannot be impartial and fair in deciding this matter.

4      Oregon Code of Judicial Conduct Rule 3.3 ("Impartiality and Fairness") provides

5  as follows:

> *(A) A judge shall uphold and apply the law and perform all duties of judicial office, including administrative duties, fairly, impartially, and without bias or prejudice.*
>
> *(B) A judge shall not, in the performance of judicial duties, by words or conduct, manifest bias or prejudice, or engage in harassment, against parties, witnesses, lawyers, or others based on attributes including but not limited to, sex, gender identity, race, national origin, ethnicity, religion, sexual orientation, marital status, disability, age, socioeconomic status, or political affiliation and shall not permit court staff, court officials, or others subject to the judge's direction and control to do so.*
>
> *(C) A judge shall not take any action or make any comment that a reasonable person would expect to impair the fairness of a matter pending or impending in any Oregon court.*

16  During the course of the hearing on Father's motions to dismiss (and

17  concurrently, on Mother's objection to Father's registration of the French custody

18  determination, case no. 23DR08269), Judge Orr made comments and engaged in

19  conduct demonstrating bias and prejudice against Father based on his national origin,

20  French nationals, French language and culture, and against the Frech judicial system.

21  On July 12, toward the end of Mother's cross examination of Father's French

22  attorney, Terrence Richoux, Mother's attorney, Taylor Murdoch, handed Judge Orr an

23  exhibit that was the French court clerk's log of the trial proceedings in France, which

24  was written in French.  Judge Orr then asked what Mr. Murdoch wanted him to do with

25  the document because it might as well be in "Chinese."  This comment was clearly

26  made to demean the French language and, by extension, all French language

Page 2 – RESPONDENT'S MOTION FOR MISTRIAL

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

EXHIBIT 22 - PAGE 2 OF 9

1  speakers.  Judge Orr's comment was racist against Chinese people and, by making the

2  analogy that French language speakers may as well be "Chinese," demonstrates racial

3  prejudice and xenophobia.

4          The next day, July 13, Father called a business associate, Sébastien Natale as a

5  witness on his behalf.  Mr. Natale is French and testifying remotely from France.  Mr.

6  Murdoch raised an objection regarding the court's ability to fairly administer the

7  testimonial oath given that Mr. Natale was not subject to the trial court's authority.  The

8  court and Mr. Murdoch then engaged in a colloquy set forth in Exhibit 1, attached hereto

9  and incorporated herein.   In lines 6-9 of Exhibit 1, Judge Orr comments about what the

10  penalty for perjury might be in France.  After saying that the penalty may be "lashing" he

11  says, "[m]aybe they put you in –" and he then motions as though his head and hands

12  are placed in a pillory.  Mr. Murdoch then comments that maybe the punishment would

13  be not being allowed wine for a month, to which the court responds "right," agreeing

14  with Mr. Murdoch's quip.

15          These events, especially when considered together, show bias and prejudice by

16  Judge Orr against the French language, French nationals and the French judicial

17  system.  The suggestion that the French judicial system engages in barbaric practices

18  like lashing or the use of a pillory manifests prejudice in both words and conduct.

19  Similarly, Judge Orr's agreement with the idea that French people are so addicted to

20  wine that having to abstain for a month could be punishment for perjury is gross

21  stereotyping of all French nationals and French culture. It is also harassment against

22  Father based on his national origin.  Not only was it improper for Judge Orr to agree

23  with Mr. Murdoch's comment, under Rule 3.3(B), above, Judge Orr had an obligation

24  under the same rule to, minimally, admonish Mr. Murdoch for making such an offensive

25  statement.

26  *///*

Page 3 – RESPONDENT'S MOTION FOR MISTRIAL

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

EXHIBIT 22 - PAGE 3 OF 9

1    Judge Orr's comments and conduct might not seem so improper in some

2    circumstances, but in this case Judge Orr is being asked to recognize and enforce a

3    French custody determination in favor of Father and against Mother, who is a Jackson

4    County, Oregon, native.  Judge Orr's view of the French judicial system, French people,

5    and French language goes to the heart of the issues he must decide.  If Judge Orr has

6    no respect for the French judicial system, or French people, he cannot be fair, impartial

7    or unbiased in his handling of this matter.  Given what has transpired, any reasonable

8    person would conclude that Judge Orr is biased and prejudiced, and his conduct and

9    comments have impaired the fairness of this proceeding, a violation of Judge Orr's duty

10    under Rule 3.3(C), above.

11    Judge Orr's revelation of his bias and prejudice is remarkable, and in so doing

12    has caused an irregularity in these proceedings that cannot be cured.  For all of these

13    reasons the court must declare a mistrial and reassign this matter to another judge.

14    Dated this __2__ day of August 2023.

15                    SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.

16

17

18                    By: s/ Thomas A. Bittner
                        Thomas A. Bittner, OSB #90178
19                        Attorneys for Respondent
                        811 SW Naito Pkwy. Suite 500
20                        Portland, OR  97204
                        (503) 223-4131
21                        (503) 223-1346

22

23

24

25

26

Page 4 – RESPONDENT'S MOTION FOR MISTRIAL

EXHIBIT 22 - PAGE 4 OF 9

## CERTIFICATE OF SERVICE

1

2   I hereby certify that I served the foregoing **RESPONDENT'S MOTION FOR MISTRIAL** on the following party:

3

4                    Mr. Taylor Murdoch
                     Buckley Law PC
5                 5300 Meadows Rd Ste 200
                   Lake Oswego OR  97035
6                  tlm@buckley-law.com

7   By the following method or methods:

8   _____ by **mailing** full, true, and correct copies thereof in sealed, first class postage
    prepaid envelopes, addressed to the attorneys(s) as shown above, the last known office address of
9   the attorney(s), and deposited with the United States Postal Service at Portland, Oregon on the date
    set forth below.

10

    __X__ by **emailing** full, true, and correct copies thereof to the attorney(s) at the email address
11  shown above, which is the last known email address for the attorney(s) office, on the date set forth
    below.

12

13          DATED this _____2nd_____ day of    August 2023

14

15                          SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.

16

17                          By: s/Thomas A. Bittner_____
                               Thomas A. Bittner, OSB #90178
18                             Attorneys for Respondent

19

20

21

22

23

24

25

26

Page 5 – RESPONDENT'S MOTION FOR MISTRIAL

SCHULTE, ANDERSON, DOWNES, ARONSON & BITTNER P.C.
811 SOUTHWEST NAITO PARKWAY, SUITE 500
PORTLAND, OREGON 97204-3379
TELEPHONE (503) 223-4131
FAX (503) 223-1346

EXHIBIT 22 - PAGE 5 OF 9

*Excerpt of Proceedings*

*Brown v Paris*

*July 13, 2023*



**CC REPORTING AND VIDEOCONFERENCING**
101 East Broadway, Suite 300
Eugene, OR 97401
541-485-0111
www.ccreporting.com

EXHIBIT 22 - PAGE 6 OF 9

Exhibit 1
Page 1 of 4

1

IN THE CIRCUIT COURT OF THE STATE OF OREGON

IN AND FOR THE COUNTY OF LANE

BEFORE THE HONORABLE DAVID J. ORR

HEIDI MARIE BROWN,                    )

        Petitioner,                  )

  v.                                  ) No. 22DR17285

ARNAUD PARIS,                         )

        Respondent.                  )

EXCERPT OF PROCEEDINGS

July 13, 2023

Thursday

APPEARANCES:

For Petitioner:  MR. TAYLOR MURDOCH

For Respondent:  MR. THOMAS BITTNER

```
 1              EXCERPT OF PROCEEDINGS

 2                 July 13, 2023

 3                    * * *

 4              MR. MURDOCH:  But that it be made

 5    clear to him what he would be facing.

 6              THE COURT:  But how do I do -- I don't

 7    know -- is there -- what -- what are the penalties

 8    in France for perjury?  Maybe it's lashing.  Maybe

 9    they put you in --

10              MR. MURDOCH:  Yeah.  Maybe you can't

11    drink wine for a month.

12              THE COURT:  Right.

13              MR. MURDOCH:  I don't know.  Right?

14              THE COURT:  So I don't know exactly

15    how to impress that on him.

16              MR. MURDOCH:  I don't know.  And

17    that's the reason why I bring it up, Judge, is this

18    is just something that's come up in my practice

19    involving international cases where some judges

20    throughout the state routinely will not hear from an

21    out-of -- a person who is testifying from a

22    jurisdiction outside of the country because they are

23    not subject to the laws of the United States where

24    they are.

25              (Conclusion of requested excerpt.)
```

```
 1   State of Oregon      )
 2                        )      ss.
 3   County of Lane       )
 4
 5       I, Eleanor Knapp, a Certified Shorthand Reporter
 6   for the State of Oregon, do hereby certify that the
 7   foregoing pages 1 to 2 comprise a complete, true,
 8   and accurate transcription, to the best of my
 9   ability, of the audio recording provided of the
10   proceedings held in the cause previously captioned
11   and held on July 13, 2023.
12
13
14
15   Dated at Eugene, Oregon, this 31st day of July,
16   2023.
17
18
19
20
         Eleanor Knapp
21   Eleanor Knapp, CSR-RPR
22   CSR No. 93-0262
23   Expires:  September 30, 2023
24
25
```

# EXHIBIT 36



**Office Address:**
110 S. Main St. #202
Broken Arrow, OK 74012

**Mailing Address:**
Eggert Law Firm LLC
PO Box 910
Broken Arrow, OK 74013

**Web:** https://eggertlaw.us

# Christopher J Eggert
### Attorney at Law
**Licensed in Oklahoma, Oregon, Utah & Hawai'i**

**Telephone:**
Oklahoma: (539) 252-9364
Oregon: (503) 837-6111
Hawaii: (808) 626-5477

**Fax:**
(539) 252-2051

**Email:**
cjeggert@eggertlaw.us

May 30, 2024

Re:   *Heidi Marie Brown v. Arnaud Paris*
      Jackson County, Oregon, Circuit Court Case No. 22DR17285

To Whom It May Concern,

I write this letter regarding my recollection of events that occurred in court in the above-referenced matter on May 28, 2024, and my impression of their importance.

Mr. Paris approached me on May 26, 2024, to represent him in court for a hearing on his motion to disqualify the Honorable Benjamin Bloom, Circuit Court Judge, scheduled for May 28, 2024 in the Jackson County Circuit Court located at Medford, Oregon. He was convinced that based on the history of the case Judge Bloom would deny him the ability to appear remotely for the hearing and would summarily deny his motion, unless he was represented by an attorney who could appear personally to argue the motion. After reviewing the case history and articles online about oddities in the Jackson County Circuit Court, I agreed with Mr. Paris's assessment and agreed to appear for him to argue the motion to disqualify Judge Bloom.

By way of information, I have been an attorney actively licensed to practice law in all of the courts in the State of Oregon since 1996. My law practice primarily involves domestic relations (family law) cases, and a significant portion of my experience is with inter-jurisdictional disputes between parents of children.

A number of different factors gave rise to my concern that Judge Bloom would not give Mr. Paris a fair hearing on May 28, 2024, if Mr. Paris did not have representation, including:

- The Jackson County Circuit Court's records show a high number of orders denying Mr. Paris the ability to appear remotely for hearings while the judges are fully aware that Mr. Paris resides in France and cannot routinely appear in person in Oregon
- Correspondence to the court by Mr. Paris's attorney in February 2023 clearly states that Ms. Brown has made substantial efforts to cultivate conflicts of interest between local attorneys in SW Oregon and Mr. Paris, which statement appears to never have been refuted.
- In a related case in which Mr. Paris is alleged to have committed contempt of court for not having delivered the children to Ms. Brown in Oregon, the court issued a bench warrant after only three days notice that Mr. Paris was ordered to appear personally,

EXHIBIT 36 - PAGE 1 OF 3

setting a bail amount of $50,000 to secure Mr. Paris's personal appearance. What is most curious about this, is that this bail amount in Oregon is typically reserved for the most serious of felony charges, while criminal contempt of court is an unclassified misdemeanor and the relief Ms. Brown seeks in that case is remedial contempt not criminal contempt.

- Previously and also in that related contempt case, Judge Benjamin Bloom heard testimony and argument in February 13, 2024, on Mr. Paris's request to appear remotely regarding the disqualification of Judge David Orr. Judge Bloom denied that request stating his reasons were that Mr. Paris had previously appeared in court personally and was alleged by the court to have removed the children from Oregon against the court's orders.

- This above, despite the same judges (Judge Orr and Judge Bloom) having been made aware that the French courts had initiated child custody proceedings and made child custody orders predating the Oregon courts' case filing and orders.

- The court denied Mr. Paris the right to be represented by an attorney at an August 2023 hearing.

- The court summarily denied some seventeen motions Mr. Paris filed.

- I am also aware that both Judge Bloom and Judge Orr have been the subjects of a complaint by the Jackson County District Attorney to the Oregon Commission on Judicial Fitness and Disability for misconduct per this article:
  https://ashland.news/jackson-county-district-attorney-alleges-judicial-misconduct-by-two-sitting-judges/

All of this history gave me concern that Judge Bloom would not give Mr. Paris a fair hearing on Mr. Paris's motion to disqualify Judge Bloom. I therefore agreed to represent Mr. Paris in arguing his motion to disqualify Judge Bloom on May 28, 2024.

Under Oregon law, upon notification to a party that a judge has been assigned to that party's case, the party may object to the assignment of that judge. The party must simply have a good faith belief that the judge will not give him a fair hearing. A motion must be filed before the end of the next judicial day after notification, and before the judge has made any substantive rulings in the case. The case must then be re-assigned, unless the judge to be disqualified believes the motion is not made in good faith in which case a hearing must be held in front of a disinterested judge to determine whether the motion was in fact made in good faith. No more than two judges may be disqualified per case using this process. This process is found in Oregon Revised Statutes Chapter 14, Section 260 ("ORS 14.260").

I therefore found it quite strange that Judge Bloom was hearing the motion on his own disqualification. However, a clever reading of the statute will permit the judge to hold his own hearing on the issue of timeliness - motion made prior to any rulings by the judge.

At the hearing on May 28, 2024, it became clear that Judge Bloom was in fact holding the hearing based on the issue of timeliness rather than on Mr. Paris's good faith. It appears in the record that on July 24, 2023, Judge Bloom held a status conference with the parties in the absence of Judge Orr (Judge Orr then being the assigned judge), and denied Ms. Brown's oral request to write a letter. That is the basis on which Judge Bloom found that Mr. Paris's motion

EXHIBIT 36 - PAGE 2 OF 3

was untimely as filed after Judge Bloom made a ruling in the case; a refusal a year prior to write a letter on a case to which Judge Bloom was not even then the assigned judge.

As I pointed out to Judge Bloom on the record, this makes no sense in the plain meaning of the judicial disqualification statute. All a Circuit Court would have to do to eliminate a party's right to disqualify up to two judges for perceived bias is to have every judge in the circuit sign an order upon the opening of the case that simply orders nothing but the order to be filed. That would be absurd, yet that's effectively what Judge Bloom determined. The plain meaning of the statute is to challenge the assigned judge at the time of assignment before a post-assignment order is made.

The very most sensible thing for Judge Bloom to have done instead, would have been to recuse himself and re-assign another judge to the case. There are six other judges in the Jackson County Circuit Court to whom the case could have been re-assigned. Had Mr. Paris objected to whoever Judge Bloom chose first, Mr. Paris would have been required to accept the next-assigned judge. This would have preserved the appearance of propriety and been the simplest option available to Judge Bloom.

I am left with the distinct impression that for some reason Judge Bloom has an interest in keeping Mr. Paris and Ms. Brown's case on his docket under his control. Whether this is for proper or improper reasons I cannot say. But based on all of the above history and factors, I am concerned that some form of investigation by appropriate authorities is warranted to attempt to determine whether the rights of Mr. Paris and his children are being upheld by the Oregon courts.

Sincerely,

Christopher J Eggert

EXHIBIT 36 - PAGE 3 OF 3