IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

In re the Matter of J.P. and E.P:

ARNAUD PARIS,                                    Civ. No. 1:24-cv-00648-AA

        Petitioner,                            **OPINION & ORDER**

   v.

HEIDI MARIE BROWN,

        Respondent.

_____

AIKEN, District Judge.

    This case comes before the Court on Petitioner's Emergency Motion and Affidavit for Reconsideration of Disqualification on Remand of Honorable Judge Aiken. ECF No. 38. For the reasons set forth below, the motion is DENIED.

    Petitioner does not cite a specific basis for his motion and so the Court concludes that it relies on the Court's inherent authority to reconsider interlocutory orders. *See, e.g., Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1091 (D. Or. 2014) (a district court "has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." (internal quotation marks and citation omitted)). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles,*

*Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation marks and citation omitted, alterations normalized).

Motions for reconsideration are an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "[M]otions for reconsideration are not the proper vehicle for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) (alteration in original, internal quotation marks and citations omitted). "Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581. 582 (D. Ariz. 2003). "Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Id.*

Here, Petitioner asserts that the Court committed clear error by denying the motion to disqualify on the basis that the alleged bias and prejudice did not arise from an extrajudicial source. In his motion, Petitioner asserts that this Court's reference to his "disdain" for the Oregon state courts and "attacks" on Oregon state court judges are "negative characterizations" directed "at the Petitioner personally." Mot. at 4. Petitioner asserts that this reflects a "biased, 'deep-seated' antagonistic lens" through which the Court views Petitioner. *Id.*

In his new Affidavit, Petitioner assets that that he "believe[s] the Court's action of characterizing [his] submission of these documented objective facts and rulings by other Oregon judicial officials as [his] personal 'disdain' or 'attacks,' demonstrates a deep-seated antagonism against [him] that would render fair judgment impossible on remand." Second Paris Aff. ¶ 5. In his original motion to disqualify, by contrast, Petitioner asserted that his concern "is not personal; it is based on the procedural history and the published appellate ruling." Paris Aff. ¶ 4, ECF No. 35. The original motion expressed concern that the Court would "necessarily re-engage with the same factual matrix and legal predicates, but now with the burden of reconsidering its own prior ruling that the Court of Appeals deemed legally improper." Mot to Disqualify, at 4. No reference was made in the original motion to any "deep-seated antagonism." Indeed, Petitioner asserted that he "need not prove actual bias" because "the facts and posture suffice to require referral under § 144 and warrant disqualification under § 455(b)(1)." *Id.* at 5; *see also id. at* 4-5 (asserting that the Court's impartiality could be questioned because "the judge previously dismissed the action on an erroneous legal basis and now must adjudicate the merits," without reference to any "deep-seated antagonism" towards Petitioner). As noted, motions for reconsideration are not the proper vehicle for presenting new arguments.

The Court denied the original motion because "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" Order, at 3 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). As the Supreme Court observed in *Liteky*,

> In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky*, 510 U.S. at 555 (emphasis in original).

No extrajudicial source of bias or prejudice is implicated in this case and, despite his arguments to the contrary, Petitioner has not pointed to any comment, either in his original motion or in the motion to reconsider, that reveals such a "high degree of favoritism or antagonism as to make fair judgment impossible," such as outlined by Supreme Court in *Liteky*.

Finally, Petitioner asserts that the Court ignored *United States v. Estate of Hage*, 810 F.3d 712 (9th Cir. 2016). This case was neither cited nor discussed in Petitioner's original motion, which is not surprising as it is neither factually nor legally apposite. *Estate of Hage* was not a case in which the Ninth Circuit "ordered recusal on remand," as Petitioner suggests. Mot. at 7. Rather, it was a case in which the Ninth Circuit instructed the Chief Judge of the District of Nevada to reassign the case to a different judge on remand based on the original judge's long history of well-documented and explicit hostility to certain federal agencies and out-of-state

attorneys across multiple cases, including the case then on appeal. *Estate of Hage*, 810 F.3d at 722-24. In ordering that the case be reassigned, the Ninth Circuit noted that reassignment on remand is ordered "only in rare and extraordinary circumstances." *Id*. at 722. The Ninth Circuit made no such order of reassignment in the present case, nor do the facts support reassignment.

In sum, the Court finds no cause to depart from its previous conclusions concerning disqualification or recusal and Petitioner's Motion Reconsideration is DENIED.

## CONCLUSION

For the reasons set forth above, Petitioner's Emergency Motion for Reconsideration of Disqualification on Remand of Honorable Judge Aiken, ECF No. 38, is DENIED.

It is so ORDERED and DATED this ___18th___ day of December 2025.

                                           /s/Ann Aiken
                                           ANN AIKEN
                                           United States District Judge