Katelyn D. Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Of Attorneys for Respondent Heidi Brown

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| In re the Matter of J.P. and E.P.:<br>ARNAUD PARIS,<br><br>　　　　Petitioner,<br><br>　　and<br><br>HEIDI MARIE BROWN,<br><br>　　　　Respondent. | Case No.: 1:24-cv-00648-AA<br><br>RESPONDENT'S ANSWER AND AFFIRMATIVE DEFENSES TO PETITION FOR RETURN OF CHILDREN |

The Convention on the Civil Aspects of International Child Abduction,
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

　　Respondent Heidi Brown ("Mother"), by and through her attorneys, Katelyn D. Skinner, Katrina Seipel, and Buckley Law, PC, and except as specifically admitted herein, denies each and every allegation in the Petition for Return of Children to France, filed. April 16, 2024.  Using like-numbered paragraphs and responding only to paragraphs containing substantive allegations, Respondent answers as follows:

1. This paragraph is introductory and neither alleges law nor fact. Respondent admits the Petition is filed alleging Hague Child Abduction Convention relief. Otherwise, Respondent denies.

2. Respondent admits that paragraph 2 is a correct recitation of Article 1 of the Hague Child Abduction Convention.

3. Respondent admits that this Court has subject matter jurisdiction pursuant to 22 U.S.C. § 9003(a). Respondent admits that the children of the parties are under the age of sixteen. Respondent denies the remainder of paragraph 3.

4. Respondent admits that Petitioner's stated venue is proper and that the children and the Respondent live in this judicial district.

5. Respondent admits.

6. Respondent admits that the Hague Convention applies to allegations raised in this case. Respondent denies the remainder of paragraph 6. The children in this matter, E.P. and J.P. are now ten (10) years old. Petitioner had no rights of custody pursuant to the General Judgment signed by the Honorable Judge David J. Orr on April 17, 2024, attached hereto as **Exhibit 1.**

7. Respondent denies paragraph 7.

8. Respondent denies paragraph 8.

9. Respondent denies paragraph 9.

10. Respondent denies paragraph 10.

11. Respondent denies paragraph 11.

12. Respondent denies paragraph 12.

13. Respondent denies paragraph 13.

14. Respondent denies paragraph 14.

15. Respondent admits that it appears petitioner has filled out a "Request for the Return of Abducted Children" as shown in Exhibit 4 to the Petition for Return. Otherwise, Respondent has no knowledge on this matter and therefore denies the allegation.

16. Respondent admits that the children will be sixteen (16) years of age in 2031. Respondent denies the remainder of paragraph 16.

17. Respondent admits that the children attended preschool in Paris, France during the 2017 – 2018 school year, and that they attended school in Paris from September 2019 until the summer of 2022. Respondent denies all remaining allegations of paragraph 17.

18. Respondent denies paragraph 18.

19. Respondent does not have the knowledge to know what the authorities in Europe are or are not doing, and therefore denies paragraph 19.

20. Respondent denies paragraph 20.

21. Respondent denies paragraph 21.

22. Respondent admits that Petitioner's birthday is April 14th, but otherwise denies paragraph 22.

23. Respondent denies paragraph 23.

24. Respondent denies paragraph 24.

25. Respondent denies paragraph 25.

26. Respondent denies paragraph 26.

27. Respondent denies paragraph 27.

28. Respondent cannot know what Petitioner has or has not spent in this matter, and otherwise, Respondent denies paragraph 28 in its entirety.

29. Respondent denies paragraph 29.

30. Paragraph 30 is an allegation regarding an Oregon state law on information to be submitted to state court in a child custody proceeding and entirely unrelated to a Hague Child Abduction matter. Therefore, Respondent denies.

31. The children reside in the judicial district in which this matter is filed, otherwise, Respondent denies paragraph 31.

32. Respondent admits paragraph 32.

33. Respondent denies paragraph 33.

34. Respondent denies paragraph 34.

35. Respondent admits that a Limited Judgment Regarding Custody, Parenting Time, and Child Support was entered in Jackson County, State of Oregon Circuit Court case number 22DR17285, which is attached hereto as **Exhibit 2.** Otherwise, Respondent denies paragraph 35.

36. Respondent admits paragraph 36.

37. Petitioner's allegations in paragraph 37 are legal citations and conclusions and, as such, Respondent denies.

38. Respondent denies paragraph 38.

39. Respondent denies paragraph 39.

40. Respondent denies paragraph 40.

41. Paragraph 41 is a statement and does not require a response, notwithstanding, Respondent denies that RCW § 26.27.081 applies as it is a state of Washington statute.

## AFFIRMATIVE DEFENSES

Respondent Heidi Brown requests this court exercise its discretion and decline to return the children to France pursuant to Articles 12 and 13 of the Hague Convention on

the Civil Aspects of International Child Abduction. Respondent incorporates by reference all her assertions set forth above.

## RESPONDENT'S AFFIRMATIVE DEFENSES

1. **The Children are of Sufficient Age and Maturity, and Object to being Returned – Article 13.**

    Respondent asserts that this Court is not bound to order the return of the Children, E.P. and J.P., to France because the children object to being returned, and they have attained an age (10) and degree of maturity at which it is appropriate to take accounts of the children's views. In 2024, the children returned to Oregon, and have expressed their desire to live in Oregon with Respondent, to Respondent and others. The Children have been persistent and consistent in their stated desire – to live in Oregon with Respondent and have objected to being returned to France.

2. **There is a grave risk that the children's return would expose them to physical or psychological harm or otherwise place them in an intolerable situation – Article 13(b).**

    Petitioner attempts to exert extensive power over Respondent and the Children by way of manipulation, threats, coercion, and control, to which both children have been directly exposed. Returning the children to such an environment of harm and abuse would place the children at grave risk of being exposed to and/or directly subject to both psychological and physical harm, or an otherwise intolerable situation. See **Exhibit 3** attached hereto, article by *Merle Weiner, You Can and You Should, Vol. 28, UCLA Journal of Gender and Law, 233 (2021)*.

3. **22 USC § 9003(g).**

    The United States District Court for the District of Oregon, on December 7, 2022, denied Petitioner's first Hague Convention Return Petition. See **Exhibit 4** attached hereto.

ICARA provides:

> "(g)  Full faith and credit
>
> Full faith and credit shall be accorded by the courts of the States and the courts of the United States to the judgment of any other such court ordering or denying the return of a child, pursuant to the Convention, in an action brought under this chapter." 22 USC § 9003(g).

This court should deny the Petition on the grounds of according all faith and credit to the 2022 denial of Petitioner's first Hague Petition.

WHEREFORE, Respondent prays this Court denies the relief as requested in the Petition, and asks for relief in accordance with this Answer and Affirmative Defenses, and such other relief as the Court deems equitable and just.

Respectfully submitted this 23rd day of December, 2025.

_____
Katelyn D. Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, PC
5300 Meadows Road, Ste. 200
Lake Oswego, OR  97035
Tel: 503-620-8900
Of Attorneys for Respondent

CERTIFICATE OF SERVICE

I certify that this document was served by e-mail and by e-service via CM/ECF upon Petitioner Arnaud Paris, to arnaud@skyvr.com, on this 23rd day of December, 2025.

_____
Katelyn D. Skinner, OSB No. 105055
Of Attorneys for Respondent
kds@buckley-law.com