Katelyn D. Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Of Attorneys for Respondent Heidi Brown

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| In re the Matter of J.P. and E.P.:<br>ARNAUD PARIS,<br>        Petitioner,<br>    and<br>HEIDI MARIE BROWN,<br>        Respondent. | Case No.: 1:24-cv-00648-AA<br><br>RESPONDENT'S OBJECTION TO PETITIONER'S EMERGENCY MOTION FOR PROVISIONAL REMEDIES AND LIMITED STAY OF STATE DECISIONS |

The Convention on the Civil Aspects of International Child Abduction,
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

Respondent Heidi Brown ("Mother"), by and through her attorneys, Katelyn D. Skinner, Katrina Seipel, and Buckley Law, PC, hereby objects to Petitioner Arnaud Paris's ("Father") Emergency Motion for Provisional Remedies (Interim Contact) and Limited Stay of State Decisions ("Motion for Contact and Stay") [Dkt. 44]. The Motion asks this Court to disregard and effectively stay a valid, final Oregon custody judgment entered by a court of

competent jurisdiction. The relief requested is improper, unnecessary, and contrary to established principles of federalism, comity, and abstention. Granting the Motion would amount to an impermissible collateral attack on a binding state court judgment governing custody and parenting time, a matter squarely within the State of Oregon's authority.

## ARGUMENTS AND AUTHORITY

On April 25, 2024, the Circuit Court of the State of Oregon for Jackson County entered a General Judgment of dissolution of domestic partnership, custody, parenting time, and child support ("General Judgment") in Jackson County Case No. 22DR17285, signed by the Honorable David J. Orr on April 17, 2024. The Oregon court exercised proper subject-matter jurisdiction over custody and parenting time as well as personal jurisdiction over Father on the issues of the parties' domestic relationship related matters. The General Judgment was entered after Father's first petition to return the children pursuant to the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") had been denied by this Court (Case No. 1:22-cv-01593-MC) and at a time when no other Hague Convention proceeding was pending. The General Judgment, in part, expressly authorizes Father to currently have two telephone calls per week between the hours of 6:00 p.m. and 8:00 p.m. PST. That judgment is final, valid, and enforceable. Although Father has filed an appeal that is still ongoing, the Oregon Court of Appeals has not granted any stay of the General Judgment. Therefore, the General Judgment is still valid and enforceable under Oregon law and remains the controlling order governing contact between Father and the children. The General Judgment was issued by a state court judge, who had ample information regarding what was in the best interests of the children regarding custody and parenting time.

//
//
//

**I.      22 U.S.C. § 9004(a) Does Not Authorize the Relief Requested**

Father has requested that the parties' General Judgment be placed under a limited stay and for a federal court to order parenting time in the form of video calls with the children, pursuant to 22 U.S.C. § 9004(a), which states:

> "In furtherance of the objectives of article 7(b) and other provisions of the Convention, and subject to the provisions of subsection (b) of this section, any court exercising jurisdiction of an action brought under section 9003(b) of this title may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition."

The statute does not support the requested relief, and this Court should deny Father's motion. Section 9004(a) authorizes only narrow, provisional measures designed to protect a child from imminent harm or to prevent further removal or concealment while a Hague Convention return petition is pending. The relief typically sought and granted when a party has filed a motion pursuant to Section 9004(a) is for the surrender of passports to prevent the children from being further concealed or enjoining the parties from changing the physical place of residence for the children. See *Martinez v. Martinez*, 2025 U.S. Dist. LEXIS 142080 (W.D. Wash. July 25, 2025); *Sankaranarayanan v. Sashidhar*, 2024 U.S. Dist. LEXIS 236867 (W.D. Wash. Nov. 15, 2024); *Vonnahme v. Lugo*, 2022 U.S. Dist. LEXIS 82304 (D. Nev., May 5, 2022). Section 9004(a) does not confer authority on a federal court to modify parenting time, impose substitute contact arrangements, or stay enforcement of a state court judgment. The relief Father seeks is not protective or preservative. He does not allege a risk of flight, concealment from authority, or immediate danger to the children. Instead, he asks this Court to replace the Oregon court's best interests focused parenting-time provisions with a different regime that he prefers. That is a parenting time modification, not a provisional safeguard, and it falls well outside the limited scope of § 9004(a).

Moreover, Mother has offered to facilitate Father's contact with the children precisely as ordered in the General Judgment. Father, however, has often refused to exercise that contact. He claims due to the time difference the hours are not convenient for him. More specifically, Father often declines to participate in the court-ordered telephone calls and instead insists on video calls, a form of contact that is not required by and is inconsistent with the express terms of the General Judgment. Mother's adherence to the judgment does not constitute concealment. Father's unilateral refusal to comply with the court-ordered method of communication does not create an emergency and does not justify federal court intervention.

## II.     *Younger* Abstention Bars the Requested Federal Intervention

Granting Father's requested relief would further contravene the *Younger* abstention doctrine, which prohibits federal courts from interfering with state judicial proceedings and judgments involving important state interests. In *Younger v. Harris*, the Supreme Court of the United States adopted a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. 401 U.S. 37 (1971). "Absent extraordinary circumstances, Younger abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Sam Remo Hotel v. City & County of San Francisco*, 145 F. 3d 1095, 1103 (9th Cir. 1998) (citing *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir. 1995)).

In the present case, state judicial proceedings between these parties are still ongoing due to Father's appeal. Father has filed an appeal[1] of the General Judgment which is still pending before the Oregon Court of Appeals in Case No. A183410. In that Oregon appeal,

---

[1] Father initially filed an appeal on February 5, 2024, appealing the Limited Judgment Regarding Custody, Parenting Time, and Child Support entered on December 28, 2023. Father amended his appeal to include the General Judgment on May 2, 2024.

Father has just submitted his brief on January 2, 2026, and Mother's response brief is due on February 20, 2026. The issue on appeal relates to child custody and right of visitation, which has long been held to be a matter in which only the state has interest. "[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the custody of minors and a fortiori, right of visitation; the whole subject of domestic relations and particularly child custody problems is generally considered a state law matter" *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983). "Even when a federal question is presented, federal courts decline to hear disputes [that] would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986). The last element of whether Father is provided an adequate opportunity to litigate federal claims in state court does not apply to this present request because the issue of Father's parenting time with the child is solely a state issue, not a federal issue.

This Court may only interfere if there are extraordinary circumstances warranting such intervention. *Younger*, 401 U.S., at 53. Father's Motion for Contact and Stay does not allege any facts that deem this issue one of extraordinary circumstances. Instead, the facts merely allege that the parenting time ordered by the State of Oregon is inconvenient for him and that Mother has interfered with Father's ability to contact the children, to which Mother emphatically denies the latter. Even if these facts qualify as an extraordinary circumstance, which Mother asserts the facts do not, the existence of an extraordinary circumstance does not itself provide this Court with the authority or jurisdiction to make any determination or order regarding parenting time between a parent and child. Under *Younger v. Harris*, a federal court must apply the multi-part test to determine whether it should decline **to exercise its jurisdiction**. *See* 401 U.S. at 41. As the United States Supreme Court reaffirmed in *Ankenbrandt v. Richards*, the "domestic relations exception" to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." 504 U.S. 689, 703 (1992). This

exception recognizes that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1980). This Court simply cannot grant the relief that Father is requesting. Federal interference here would undermine the principles of comity and respect for state court adjudications that Younger abstention is designed to protect. This Court must decline to intrude upon Oregon's authority over custody and parenting time.

Father's request for a stay of the General Judgment should be denied for the same reasons. There is a pending appellate proceeding that requires abstention from invention by the federal courts. This Court does not have jurisdiction over the domestic relationship matters in the state of Oregon and staying the General Judgment would improperly interfere with a final state court order. As the court with subject matter-jurisdiction, the Oregon Court of Appeals is the only court with authority to stay enforcement of the General Judgment. Nothing in the Hague Convention, or ICARA, authorizes a federal court to stay a valid state custody judgment under these circumstances, and granting such relief would exceed this Court's limited role in Hague proceedings.

## **CONCLUSION**

Father has enforceable contact with the children under a valid Oregon state judgment. Mother is not denying that contact and has expressed her willingness to facilitate it as ordered. Father's refusal to exercise the contact available to him does not create an emergency and does not justify federal intervention. The Motion improperly seeks to relitigate custody and parenting-time issues already decided by a state court of competent jurisdiction and asks this Court to interfere in matters reserved to the State of Oregon

//

//

//

WHEREFORE, Mother prays this Court denies the relief as requested in the Father's Emergency Motion for Provisional Remedies (Interim Contact) and Limited Stay of State Decisions, and such other relief as the Court deems equitable and just.

Respectfully submitted this 9th day of January, 2026.

                                                                            Katelyn D. Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, PC
5300 Meadows Road, Ste. 200
Lake Oswego, OR  97035
Tel: 503-620-8900
Of Attorneys for Respondent

## CERTIFICATE OF SERVICE

I certify that this document was served by e-mail and by e-service via CM/ECF upon Petitioner Arnaud Paris, to arnaud@skyvr.com, on this 9th day of January, 2026.

Katelyn D. Skinner, OSB No. 105055
Of Attorneys for Respondent
kds@buckley-law.com