**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**MEDFORD DIVISION**

| | |
|---|---|
| **In re the Matter of J.P. and E.P.:** | **Civil Action No. 1:24-cv-00648-AA** |
| ARNAUD PARIS, | |
| **Petitioner,** | **REPLY TO RESPONSE TO EMERGENCY MOTION FOR PROVISIONAL REMEDIES (INTERIM CONTACT) AND LIMITED STAY OF STATE DECISIONS (22 U.S.C. § 9004)** |
| **and** | |
| HEIDI MARIE BROWN, | |
| **Respondent.** | *EXPEDITED UNDER ARTICLE 11 OF THE 1980 HAGUE CONVENTION* |

## I. INTRODUCTION

Respondent's Objection relies almost entirely on the premise that this Federal Court must defer to a local state court judgment under the *Younger* abstention doctrine. This argument is legally foreclosed by binding Ninth Circuit precedent.

As the Ninth Circuit recently affirmed in this very matter regarding the Fugitive Disentitlement Doctrine, domestic legal doctrines cannot be applied to defeat the core remedial purpose of the Hague Convention. Just as the Ninth Circuit held that a US

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

doctrine could not bar Petitioner's access to the Hague remedy, it would be clear legal error to apply the *Younger* doctrine to prevent the Court from ordering provisional measures necessary to protect the children.

## II. ARGUMENT

**A. The *Younger* Abstention Doctrine Does Not Apply to Hague Convention Cases**

Respondent argues that granting interim contact would "interfere" with state matters. However, the Ninth Circuit has explicitly rejected the application of abstention doctrines where they would frustrate the Hague Convention's federal remedy.

**1. Binding Precedent: *Holder v. Holder*** In *Holder v. Holder*, 305 F.3d 854 (9th Cir. 2002), the Ninth Circuit reversed a district court that attempted to stay a Hague case in favor of pending state custody proceedings. The Court held that a Hague Convention petition presents a distinct federal question—jurisdiction and wrongful removal—that is separate from the "best interests" custody inquiry of the state court. The Ninth Circuit was clear:

*"It would undermine the very scheme created by the Hague Convention and ICARA to hold that a Hague Convention claim is barred by a state court custody determination."*

**2. The Fugitive Disentitlement Analogy (Clear Error)** Respondent's attempt to use *Younger* to block relief is functionally identical to the attempt to use the Fugitive Disentitlement Doctrine to bar the Hague Petition. In both instances, Respondent's strategy is to mislead the Court into prioritizing a domestic, discretionary doctrine over a mandatory international treaty obligation. The Ninth Circuit has already corrected this error once in *Paris v. Brown* (No. 24-4950), establishing that US domestic doctrines cannot be weaponized to strip a left-behind parent of their treaty rights. Applying *Younger* here to deny interim contact—essentially enforcing a state custody order that is legally suspended by the Convention—would constitute the same category of clear error.

## B. Federal Supremacy and Article 16 Void the "State Court Interference" Argument

Respondent claims that ordering interim contact is an "impermissible collateral attack" on a state judgment. This fundamentally misunderstands the Supremacy Clause and the Hague Convention:

**1. State Jurisdiction is Stayed (Article 16)** Under Article 16 of the Convention (codified by ICARA), once a Hague petition is filed, the state court "shall not decide on the merits of rights of custody." Therefore, there is no valid, active state proceeding regarding custody for this Court to "interfere" with. The state court is frozen by federal law.

**2. Federal Courts Have Power to Vacate Conflicting State Orders** In *Mozes v. Mozes*, 239 F.3d 1067 (9th Cir. 2001), the Ninth Circuit emphasized that federal courts must be able to "neutralize state orders that frustrate Hague" objectives. Furthermore, *Holder* explicitly stated that federal courts have the power to *"vacate state custody determinations and other state court orders that contravene the treaty"*. Because the Hague Convention is the "Law of the Land," a federal order for provisional measures under 22 U.S.C. § 9004 supersedes any conflicting local visitation schedule.

**C. The "adequate opportunity" prong fails because the Oregon appeal is not adjudicating Father's federal Hague provisional-remedies request**

Respondent argues Father has an "adequate opportunity" in state court because Oregon custody/visitation is "solely a state issue.". That concedes the point: the pending Oregon appeal is not the federal Hague/ICARA proceeding, and it is not litigating the § 9004 provisional-remedies question that Father brought to this Court under the Hague Convention obligating this Court to preserve the link between the children and Father.

**D. 22 U.S.C. § 9004 Explicitly Authorizes This Relief**

Respondent contends that the Court lacks authority to order video contact. This is directly contradicted by the plain text of ICARA. 22 U.S.C. § 9004(a) empowers this Court to *"take or cause to be taken measures... to protect the well-being of the child involved"*

As cited in Petitioner's Motion, federal courts routinely use this authority to grant interim visitation and video contact pending Hague proceedings to prevent the "irreparable harm" of alienation. *See Ly v. Heu*, 296 F. Supp. 2d 1009 (D. Minn. 2003) (ordering interim contact to prevent shock to the child); *Aubert v. Poast* (W.D. Wis. 2025). Denying contact now would allow the abducting parent to sever the child-parent bond entirely before the return is decided and would help the abducting parent raise their Article 13(2) defense, defeating the Convention's entire purpose and making the court a participant in supporting further the parental alienation itself.

This Honorable Court has should exercise its special power under the Hague Convention and ICARA. 22 U.S.C. § 9004(a) because:

- The request for interim contact is a provisional remedy intended to maintain the parent-child bond during the "expeditious" proceedings required by Article 11.
- Denial of contact allows for parental alienation, which defeats the purpose of the Convention by conditioning children to refuse return, thereby facilitating a "wrongful" Article 13(2) defense.
- Petitioner, Father is only asking this Honorable Court to enter a **narrowly tailored** interim contact order (with safeguards against interference) and any limited stay of specific state enforcement actions necessary to effectuate that provisional relief pending final disposition of the Hague petition on remand.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**E - The following US Hague Case Law supports even further this argument:**

**Silverman v. Silverman**, **338 F.3d 886 (8th Cir. 2003)** – The state court informed of pending Hague Convention petition in federal court, but state court refused to stay its action and proceeded to enter a custody determination. The federal court ordered the return of children to Israel even though the state court in Minnesota had already issued a custody order in favor of the abducting parent. The court held that the state order was not a valid defense and that was abstention inappropriate where state failed to stay proceedings and entered custody decree.

**Case: *Yang v. Tsui*, 416 F.3d 199 (3d Cir. 2005)** – Any state court order made in violation of Article 16 is void or stayed by operation of federal law. The federal court cannot be "interfering" with a state process that federal law has already suspended and by operation of law.

**Dixon v. Dixon**, **No. 14-CV-249 (N.D. Okla. 2014)** – The mother obtained an "Emergency Sole Custody" order from the state court upon arrival. The federal court held that under Article 17, the state custody order could not prevent the return of the child.

**Walker v. Walker, 701 F.3d 1110 (7th Cir. 2012)** –  The mother had made a preliminary submission that the case was rendered moot by an Illinois state-court judgment awarding her sole custody of the children. The Court of Appeals noted that this

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

submission was mistaken given the terms of Art. 17 of the 1980 Hague Child Abduction Convention which provides that: "[t]he sole fact that a decision relating to custody has been given in or is entitled to recognition in the requested State shall not be a ground for refusing to return a child under this Convention." The Court added that were the case to be considered moot it "would encourage the very sort of jurisdictional gerrymandering the Convention was designed to prevent."

**F. The Case for Interim Contact is Bolstered by Recent Federal Precedent in *Aubert v. Poast* (W.D. Wis. Apr. 9, 2025, cited in original motion for interim contact)**

This Court's authority to grant interim contact is further illustrated by the recent federal decision in ***Aubert v. Poast***, No. 24-cv-171-jdp (W.D. Wis. Apr. 9, 2025). In that case, much like the present one, a father sought the return of his child to France after a wrongful removal and requested interim visitation while the Hague petition was pending.

The *Aubert* court explicitly recognized that 22 U.S.C. § 9004 provides the federal court with the power to order temporary visitation as a "provisional remedy" specifically "to protect the well-being of the child" during the litigation. The court reasoned that facilitating contact is a necessary step to "ameliorate" the potential shock of a eventual return order, especially when a child's relationship with the left-behind parent has been strained or severed by the abduction.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**III. CONCLUSION**

The *Younger* doctrine cannot be used to shield a state court judgment that stands in direct violation of the Hague Convention's supremacy and that helps an abducting Mother conduct parental alienation onto the children also depriving them of proper contact with the Left Behind Parent. To do so would be clear error under Ninth Circuit precedent (*Holder*) and would repeat the error of prioritizing domestic doctrines over treaty obligations (*Paris v. Brown*).

Petitioner respectfully requests that this Court exercise its federal authority under The Supreme Law of the Land, the Hague Convention and 22 U.S.C. § 9004 to protect the children from further alienation and grant the interim contact requested superseding the State Court orders and warrants.

DATED this 12th day of January, 2026, in Paris, France

Submitted by:
Arnaud PARIS, Pro Per

13 rue Ferdinand Duval
75004 Paris, FRANCE
+33.6.88.28.36.41

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **REPLY TO RESPONSE TO EMERGENCY MOTION FOR PROVISIONAL REMEDIES (INTERIM CONTACT) AND LIMITED STAY OF STATE DECISIONS** on the following party:

Katelyn Skinner at kds@buckley-law.com
Katrina Seipel at kas@buckley-law.com
Attorneys for Respondent

By the following method or methods:

_____ by **mailing** full, true, and correct copies thereof in sealed, first class postage prepaid envelopes, addressed to the attorneys(s) as shown above, the last known office address of the attorney(s), and deposited with the United States Postal Service at Portland, Oregon on the date set forth below.

_X___ by **emailing** full, true, and correct copies thereof to the attorney(s) at the email address shown above, which is the last known email address for the attorney(s) office, on the date set forth below by Oregon process server.

_____ by **faxing** full, true, and correct copies thereof to the attorney(s) at the fax number(s) shown above, which is the last known fax number for the attorney(s) office, on the date set forth below.   The receiving fax machines were operating at the time of service and the transmission was properly completed.

_____ by selecting the individual(s) listed above as a service contact when preparing this electronic filing submission, thus causing the individual(s) to be served by means of the **court's electronic filing system**.

DATED this 12th day of January 2026, in Paris, France.

By: _____
ARNAUD PARIS, Petitioner

ARNAUD PARIS
13 rue Ferdinand Duval
75004, PARIS, FRANCE
Telephone: +33688283641
Email: aparis@sysmicfilms.com