Katelyn D. Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, P.C.
5300 Meadows Road, Suite 200
Lake Oswego, OR  97035
Telephone:  503-620-8900
Fax:  503-620-4878
Of Attorneys for Respondent Heidi Brown

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Medford Division

| | |
|---|---|
| In re the Matter of J.P. and E.P.: | |
| ARNAUD PARIS, | Case No.: 1:24-cv-00648-AA |
| Petitioner, | |
| and | RESPONDENT'S MOTION FOR SANCTIONS |
| HEIDI MARIE BROWN, | |
| Respondent. | |

The Convention on the Civil Aspects of International Child Abduction,
Done at the Hague on 25 Oct 1980
International Child Abduction Remedies Act, 22 USC § 9001 *et seq.*

Respondent Heidi Brown, by and through her attorneys, Katrina Seipel, Katelyn D. Skinner, and Buckley Law, P.C., hereby moves for an imposition of sanctions against Petitioner Arnaud Paris for his failure, twice, to attend a duly noticed deposition. Specifically, Respondent requests that Petitioner be precluded from presenting evidence at trial in this matter, and that he be ordered to pay for 10 hours of Respondent's attorneys' time that was wasted on attempting to depose Petitioner. Due to Petitioner's willful disregard of both

Page 1 – RESPONDENT'S MOTION FOR SANCTIONS

deposition Notices and this Court's oral order to attend a deposition on January 27, 2026, Respondent now faces undue prejudice moving this matter forward.

**ARGUMENTS AND AUTHORITY**

On December 29, 2025, Petitioner was duly noticed for a deposition to take place on January 12, 2026, see **Exhibit A** and **Exhibit B**. Respondent hired a court reporter, and her attorneys spent time preparing to depose Respondent on this date. Prior to the deposition start time, counsel exchanged emails with Respondent regarding his attendance, see **Exhibit C**. Respondent, her attorney, and the court reporter attended the deposition on January 12, but Petitioner did not.

Then, on January 23, 2026, the parties and Respondent's counsel participated in a telephone status conference with the Court. At that status conference, Respondent's counsel noted for the record that they intended to depose Petitioner on January 27, 2026. The Court ordered Respondent to attend a deposition on January 27, 2026, with or without counsel, see **Exhibit D**. In fact, the Court reminded Petitioner that his appearance at the deposition was mandatory (*See* Exhibit D, page 17, lines 1 – 5), to which reminder Petitioner acknowledged understanding. Petitioner was then duly noticed, a second time, for a deposition to take place on January 27, 2026, see **Exhibit E** and **Exhibit F**. Respondent again hired a court reporter, and her attorneys again prepared to take Respondent's deposition on January 27.

On the morning of January 27, 2026, Respondent's counsel received a telephone call from Attorney Jakini Ingram who stated that she would be representing Petitioner moving forward. Ms. Ingram requested a stipulation to continue both trial and Petitioner's deposition. Respondent's counsel objected and noted that this was not only the second duly noticed deposition, but also that the Court had specifically ordered Petitioner to attend a deposition on January 27, with or without counsel. Ms. Ingram relayed that her client "is not prepared to

be deposed" and that she "would not advise a client to attend a deposition he is not prepared for." Counsel then conferred on the herein motion for sanctions, to which Ms. Ingram objects.

Respondent, her attorney, and the court reporter attended the deposition on January 27, but Petitioner and Ms. Ingram did not. Following this deposition's start time, Ms. Ingram unilaterally cancelled Petitioner's deposition, see **Exhibit G**. Because Petitioner has now prevented Respondent from taking his deposition on two separate occasions and as such has significantly impeded the discovery process, an imposition of sanctions by this Court is warranted.

Pursuant to FRCP 30(d)(2), "[t]he court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Moreover, when a party fails to participate in discovery, including but not limited to depositions, that party may be precluded from offering evidence at trial. "Preclusionary orders ensure that a party will not be able to profit from its own failure to comply." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980). When attorneys advise clients to ignore discovery orders, whether or not done in bad faith, courts may further sanction the attorneys for their conduct. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994).

There is no question that Petitioner has impeded, delayed, and frustrated the discovery process in the instant case. Respondent initially planned to depose Petitioner prior to the date ordered by the Court for Requests for Production to be exchanged, in order that she have the opportunity to craft requests for documents based on Petitioner's answers to questions at his deposition. When Petitioner failed to attend his initial deposition, Respondent was then precluded from proceeding in this manner. Respondent then hoped to depose Petitioner prior to the date ordered by the Court for witness and exhibit lists to be submitted, in order that she may gather information to influence whom she may call as witnesses at trial and what

documents she may use as exhibits at trial. Again, now, Respondent is precluded from proceeding in this manner.

Petitioner has no valid basis for failing to attend two duly noticed depositions, and he certainly has no valid basis for disregarding this Court's order to attend a deposition on January 27, with or without counsel. It is even more concerning that, after being informed of this Court's order, Petitioner's new counsel apparently specifically advised him not to attend his deposition. Not only does this raise ethical concerns that call into question Ms. Ingram appearing in this Court, but it also causes great concern regarding the path of this litigation moving forward.

As this Court is aware, cases filed pursuant to the Hague Convention must be resolved within six weeks of the date of filing of the Petition. While the instant matter was remanded from the Ninth Circuit on December 9, 2026, this case should have been resolved by January 20, 2026, a date that has now passed. Petitioner himself has requested that this matter be expedited, and Respondent does not waive her right to have this matter tried within six weeks. While an ordinary sanction in this type of circumstance may be to allow Respondent additional time to complete a deposition, Respondent does not wish to delay trial, and delaying trial will only prejudice her and her case.

Because Respondent has thus far been unable to depose Petitioner, she has been unable to gather the information she requires to present her case to this Court. She has been unable to precisely form her requests for documents and obtain such documents from Petitioner. She has been unable to decide whether she should retain expert witnesses. She has been unable to decide if she needs to subpoena any of Petitioner's mental health records. She has been unable to determine if she needs to subpoena any person located in a foreign country. She has been unable to craft her strategy in full, and trial is a mere eight days away.

Respondent would be prejudiced from a continuance of trial because continuing trial will only incur her additional attorney fees that she, frankly, does not have the funds for. Continuing trial will also leave the parties' minor children in limbo, as Petitioner tells them that they will be returned to France soon (despite their objections to being returned). Petitioner first filed this case on April 16, 2024. He has had more than ample time to find a lawyer and prepare for a deposition, and he does not get to dictate the discovery process, in order that it suit his agenda, now that trial is finally approaching. The only sanction that would be appropriate here and would not prejudice Respondent is to preclude Petitioner from putting on evidence at trial.

In the event that the Court is disinclined to order a preclusion sanction, Respondent requests that Petitioner be ordered to immediately pay for 10 hours of her attorney's time, which time was spent preparing for two depositions, hiring a court reporter (twice), attending two depositions, conferring with both Petitioner and Ms. Ingram about the depositions, drafting this Motion, and arguing this Motion. At a rate of $675 per hour, the amount that Petitioner should be ordered to pay (at this time) is $6,750. Petitioner should be ordered to pay this amount in full and attend a deposition on February 2, 2026. If Petitioner declines to pay this ordered amount and/or refuses to attend a deposition on February 2, 2026, Petitioner should then be sanctioned with a preclusion order.

## **CONCLUSION**

Petitioner was duly noticed to appear for a deposition on two separate occasions, and he failed to appear each time. As a result, Respondent has been prejudiced in her ability to prepare for trial, defend against Petitioner's claims, and prove her affirmative defenses at trial. Respondent seeks sanctions against Petitioner, including but not limited to Petitioner being precluded from putting on evidence at trial and being ordered to pay Respondent's attorney fees and costs incurred as stated above herein.

WHEREFORE, Respondent prays that this Court allow the relief as requested in the Motion, and such other relief as the Court deems equitable and just.

Respectfully submitted this 27th day of January, 2026.

                        Katrina Seipel, OSB No. 164793
                        Email: kas@buckley-law.com
                        Katelyn D. Skinner, OSB No. 105055
                        Email: kds@buckley-law.com
                        Buckley Law, PC
                        5300 Meadows Road, Ste. 200
                        Lake Oswego, OR  97035
                        Tel: 503-620-8900
                        Of Attorneys for Respondent

## CERTIFICATE OF SERVICE

I certify that this document was served by e-mail and by e-service via CM/ECF upon counsel for Petitioner, John Clarke, to john.clarke@millernash.com, and Jakini Ingram, to Jakini.ingram@millernash.com, on this 27th day of January, 2026.

                        Katrina Seipel, OSB No. 164793
                        Of Attorneys for Respondent
                        kas@buckley-law.com