**Attachments:**          Notice of Deposition - Paris.pdf

**From:** Claire Russo <cmr@buckley-law.com>
**Sent:** Monday, December 29, 2025 5:04 PM
**To:** Arnaud Paris <arnaud@skyvr.com>
**Cc:** Katelyn Skinner <kds@buckley-law.com>; TeamKDS <TeamKDS@buckley-law.com>
**Subject:** Paris v. Brown - Notice of Deposition

Mr. Paris,

Please see the attached Notice of Deposition.

Sincerely,

**Claire Russo**
*Legal Assistant*
cmr@buckley-law.com



**BUCKLEY LAW P.C.**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035

503-620-8900
www.buckley-law.com

*Buckley Law P.C. is an Oregon's Most Admired Company (2021-2024), a Top Workplace in Oregon (2019-2024), and a 100 Best Companies to Work for in Oregon (2025).*

Buckley Law provides comprehensive legal services in: Business Law, Intellectual Property, Employment Law, Estate Planning, Family Law, Litigation & Real Estate Law.

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

EXHIBIT A
Page 1 of 1

Katelyn D. Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, P.C.
5300 Meadows Rd #200
Lake Oswego, OR 97035
Telephone:  503-620-8900
Fax:  503-620-487
Of Attorneys for Respondent Heidi Brown

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Medford Division

In re the Application of:

ARNAUD PARIS,

       Petitioner,

  and

HEIDI MARIE BROWN,

       Respondent.

Case No.: 1:24-cv-00648-AA

NOTICE OF DEPOSITION OF PETTIONER

**TO:   Arnaud Paris, Petitioner, 13 rue Ferdinand Duval, 75004 Paris, France**

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Respondent Heidi Brown, by and through her attorneys, Katelyn D. Skinner and Katrina Seipel, intends to take the oral deposition of Petitioner Arnaud Paris, via remote means by internet video conference, on the 12th day of January, 2026, at 10:00 a.m. before a Certified Court Reporter authorized to administer oaths and record the taking of such testimony.  The deposition will continue from day to day until it is completed.

Page 1 – NOTICE OF DEPOSITION OF PETTIONER

The testimony will be recorded by stenographic means by a Certified Court Reporter. The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure.

Dated this 29th day of December, 2025.

Katelyn Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, PC
5300 Meadows Road, Ste. 200
Lake Oswego, OR 97035
Tel: 503-620-8900
Of Attorneys for Respondent

## CERTIFICATE OF SERVICE

I certify that this document was served by e-mail first-class U.S. mail upon Petitioner Arnaud Paris, to arnaud@skyvr.com, and via First Class US mail to his last known address of 13 rue Ferdinand Duval, 75004 Paris, France on this 29th day of December, 2025.

Katelyn Skinner, OSB No. 105055
Of Attorneys for Respondent
kds@buckley-law.com

EXHIBIT B
Page 2 of 2

| | |
|---|---|
| **From:** | Katelyn Skinner |
| **Sent:** | Monday, January 12, 2026 9:50 AM |
| **To:** | Arnaud Paris |
| **Cc:** | TeamKDS |
| **Subject:** | RE: Paris / Brown |

Mr. Paris,

Your deposition was duly noticed.  There is no order limiting or quashing it.  You are required to appear.

You will be asked under oath exactly why you are "unavailable" from approximately 7pm to 10pm your time.  Considering you allege you are unemployed, work cannot be the conflict.  You have alleged you are attending some governmental conference.  It is doubtful they conduct business between those hours.

The zoom link for the deposition has been sent to you. I expect you to appear and answer my questions.  If you do not, I will be asking the court for appropriate sanctions, including striking your pleadings and limiting the evidence you may present at trial.

You have asked for this matter to be expedited.  We also intend for this matter to be expedited.  Thus, we are moving forward with discovery and other pre-trial matters in an expedited fashion.

I will present the court with our proposed trial schedule as I see fit. You have not provided yours.

Thank you,

**Katelyn Skinner**
*Attorney at Law, Shareholder*
Direct: 503-906-2783  |  https://www.buckley-law.com/katelynskinner/

**BUCKLEY LAW P.C.**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
503-620-8900
www.buckley-law.com

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

**From:** Arnaud Paris <arnaud@skyvr.com>
**Sent:** Monday, January 12, 2026 6:33 AM
**To:** Katelyn Skinner <kds@buckley-law.com>
**Cc:** TeamKDS <TeamKDS@buckley-law.com>; Wendy Goodyear <wag@buckley-law.com>; Claire Russo <cmr@buckley-law.com>
**Subject:** Re: Paris / Brown

EXHIBIT C
Page 1 of 3

Counsel,

I received your proposed schedule (email dated Jan. 9). As previously mentioned in our conferral I do not agree to the proposed deadlines or the sequencing of discovery nor the scope of it, including your request that depositions conclude by Jan. 16 and that pretrial filings be due Jan. 19–20. This is also mostly due to the fact that I'm still awaiting assignment of a Pro Bono attorney.  ⍰

As you know, I have already filed Petitioner's Emergency Motion for Protective Order Quashing or Staying Deposition Pending Appointment of Counsel and Status Conference (filed Jan. 9, 2026), which requests that the noticed Jan. 12 deposition (and discovery generally) be stayed until (1) the Court rules on my pending Motion for Appointment of Pro Bono Counsel, and (2) the Court conducts the Status Conference set for Jan. 15, 2026 before Judge Aiken.

In addition, I previously advised you on January 5th that I am unavailable on January 12.

Given the Hague posture, simpler discovery, limited scope and expedited nature of the proceeding, discovery should be narrow and Court-managed especially as I am Pro Per currently, and I will address appropriate limits and sequencing with the Court on Jan. 15 depending also on the court's decision to assign me Pro Bono attorney or not.

Accordingly, please confirm in writing that you will not proceed with (a) any deposition, or (b) any "proposed schedule" presentation to the Court as if it were agreed, before the Court addresses discovery at the Jan. 15 status conference and rules on the pending motions.

Regards,

Arnaud Paris

On 09/01/2026 02:42, Katelyn Skinner wrote:

Mr. Paris,

My proposed scheduling for this trial, as we discussed today, is as follows:

1/9 Request for Production issued

1/16 Depositions concluded; discovery produced; expert report provided

1/19 Trial exhibits exchanged, exhibit lists, witness lists, dispositive / motion in limine & pre-trial motions

1/20 Trial brief filed

1/21 Expert rebuttal report produced

1/22 &1/23 Trial

I will propose these dates when we have our status conference with the court next week.

EXHIBIT C
Page 2 of 3

Thank you,

**Katelyn Skinner**
*Attorney at Law, Shareholder*
Direct: 503-906-2783  |   https://www.buckley-law.com/katelynskinner/

**BUCKLEY LAW P.C.**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035
503-620-8900
www.buckley-law.com

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

EXHIBIT C
Page 3 of 3

1          IN THE UNITED STATES DISTRICT COURT

2              FOR THE DISTRICT OF OREGON

3                  MEDFORD DIVISION

4
ARNAUD PARIS,                    )
5                                )
                    Plaintiff,   )  Case No. 1:24-cv-00468-AA
6                                )
                    v.           )
7                                )  January 23, 2026
HEIDI MARIE BROWN,               )
8                                )
                    Defendant.   )
9    _____)

10

11

12

13          TELEPHONIC STATUS CONFERENCE

14      TRANSCRIPT OF FTR-RECORDED PROCEEDINGS

15      BEFORE THE HONORABLE ANN L. AIKEN

16    UNITED STATES DISTRICT COURT SENIOR JUDGE

17

18

19

20

21

22

23

24

25

```
 1                          APPEARANCES

 2
    APPEARING PRO SE:
 3                          ARNAUD PARIS
                            13 rue Ferdinand Duval
 4                          Paris, FR 75004
                            France
 5

 6  LOCAL COUNSEL FOR THE PETITIONER:
                            MICHAEL D. VERGAMINI
 7                          975 Oak Street
                            Suite 775
 8                          Eugene, OR 97401

 9

10  FOR THE RESPONDENT:

11                          GREGORY WALLACE
                            Buckley Law P.C.
12                          5300 Meadows Road
                            Suite 200
13                          Lake Oswego, OR 97035

14

15

16

17

18

19

20

21

22

23

24

25
```

1               TRANSCRIPT OF FTR-RECORDED PROCEEDINGS

2                    (January 23, 2026)

3         DEPUTY COURTROOM CLERK:  Now is the time set for

4  Civil Case Number 24-00648.  Harris v. Brown for a status

5  conference.

6     Can you please introduce yourself for the record,

7  beginning with --

8         MR. PARIS:  Good afternoon, Your Honor.

9     This is Arnaud Paris, the petitioner.

10        MR. WALLACE:  Good afternoon, Your Honor.

11    This is Greg Wallace from Buckley Law Office, appearing

12  in place of Katelyn Skinner and on behalf of Respondent

13  Heidi Brown.

14        MR. VERGAMINI:  Good afternoon, Your Honor.

15    This is Michael Vergamini.  I'm here to present myself,

16  to the extent that it's helpful in this hearing, to let the

17  Court know that I can be available as a local sponsor

18  attorney for pro hac vice application for Mr. Pairs.

19        MS. BROWN:  Good afternoon, Your Honor.  This is

20  Heidi Brown respondent.

21        DEPUTY COURTROOM CLERK:  And that's everyone,

22  Judge.

23     Thank you.

24        THE COURT:  All right.  Everybody who is not

25  speaking, I need you on mute.

 1    Somebody -- somebody is -- so please mute your phones

 2    unless you are speaking.  All right?

 3    This hearing was set so that we could take a look at a

 4    couple of things.  Primarily to make sure we have discovery

 5    wrapping up and to just -- to see whether or not counsel has

 6    been arranged, either through the pro bono panel or some

 7    other configuration, for representative --

 8    Okay.  Who is -- whose phone is on?  Turn it off.

 9    Turn -- put it on mute, please.

10    Cathy, do we have a court reporter, or do we have a

11    tape?

12         DEPUTY COURTROOM CLERK:  Not a court reporter.

13    It's a recording.

14         THE COURT:  All right.  So I'm going to be

15    hypervigilant about making sure we make a record.

16    So, number one, I give a great shout out to Christy

17    Weller, who's been managing our pro bono list for our

18    chambers with the Clerk's Office.  She has been unrelenting

19    and has made numerous calls to individuals on the list who

20    have either an area of interest or experience in Hague

21    Convention cases.

22    A number of lawyers considered the case and declined to

23    take it.

24    Most recently, Ms. Weller contacted two major firms in

25    Portland, and one of the firms has already declined, but

5

1    Miller Nash has a lawyer continuing to look at this case.

2         The lawyer, I'm told, has been provided the information

3    that -- should the case be accepted by the lawyer, that we

4    would look at addressing the dates for the hearing.

5         That being said, I -- so I know that that decision will

6    be made by the lawyer sometime next week, as reported to me

7    through my courtroom deputy, Ms. Kramer.

8         Am I correct in that summary, Ms. Kramer?

9              DEPUTY COURTROOM CLERK:  Yes, that's correct,

10   Judge.

11             THE COURT:  Okay.  And in our earlier discussion,

12   I told the plaintiff that, if he found representation

13   through whatever means, the embassy -- the embassy or

14   state department or variety of governmental sources and a

15   lawyer with Hague Convention experience from another state

16   would represent the plaintiff and there was local counsel,

17   then we could proceed in that fashion.

18        No one has told me, but hearing that Michael Vergamini,

19   a lawyer in Eugene, who I know is a practicing attorney in

20   this community, is on this call and said he was available to

21   be a local attorney, that has piqued my curiosity if there's

22   been an attorney from out of state that is taking this case.

23        So I'm going to ask very specific, Mr. Pairs, has that

24   arrangement been completed?

25             MR. PARIS:  Good afternoon.  Thank you,

1   Your Honor.  There's been two attorneys that have been

2   considering and haven't given an answer yet, but

3   Mr. Vergamini has been in touch with one of them and could

4   confirm that they are still considering it.

5       The only blockade being that the trial date seems to be

6   too early for them to fully commit, but Mr. Vergamini has

7   already offered to be a local sponsor, which helps moving

8   forward that discussion with these attorneys.

9       They would only need a little more time to be able to

10  finish making their decision, Your Honor.

11           THE COURT:  All right.  So this is a failure to

12  communicate.

13      Mr. Vergamini, it would have been helpful if you had

14  called my courtroom deputy to give any kind of information

15  that you'd be sitting in this hearing and that two other

16  lawyers from another state were hesitant to take the case

17  because of the trial setting because Ms. Kramer would have

18  told you the following:  At the last hearing, which clearly

19  Mr. Paris did not communicate to you, I indicated that if a

20  lawyer actually took the case, whether it was a pro bono

21  lawyer on our panel or a lawyer from another state who had

22  local counsel, we would look at a different trial setting.

23      I can't do that today because I didn't have the

24  courtesy of knowing there were other people taking a look at

25  this case.  I do have a definitive comment from the pro bono

1    lawyer, who is not sitting in this particular hearing, who

2    will decide next week, after his due diligence, whether he

3    can take the case or not, but he has been aware, because we

4    provided the information, that, should he take the case, I

5    would look at addressing the trial date so that he could be

6    adequately prepared.

7        So I can't do anything other than have Mr. Paris tell

8    me when we're going to know one way or the other.

9        I can tell you the pro bono lawyer will let me know

10   next week.

11              MR. VERGAMINI:  -- able to confirm about one of

12   those lawyers about 45 minutes ago with a phone call, and

13   I'm not asking the Court to --

14              THE COURT:  What are you -- excuse me.  You had a

15   bad connection and you started in the middle of a sentence;

16   so I -- all I heard was "45 minutes ago."

17              MR. VERGAMINI:  Oh.  So, yes, I -- I was not able

18   to confirm through communication with one of the other

19   lawyers that there was an interest in this -- in reviewing

20   this case and taking it on until 45 -- less than 45 minutes

21   ago, and I -- I am not aware of the prior order of this

22   Court.

23       I'm only here to the extent that it's helpful.  I

24   understand that it's probably not helpful; so I'm letting --

25   I'm just letting the Court know that that information came

1    to me very recently, and I understand that there may not be

2    anything that the Court can do about it.  I'm just

3    letting -- I'm just providing this information.

4         THE COURT:  And here is what I'm trying to tell

5    you:  Mr. Brown [sic] had all this information given to him

6    at our last conference, and he could have shared all that

7    information with you, and he could have shared so you could

8    have talked to the lawyers to say that the -- the trial

9    date -- I was willing to address that at this hearing or

10   at -- obviously, now, because I can't get an answer -- a

11   final answer from the other pro bono lawyer, but -- that is

12   fluid, but I'm continuing to get this case ready to go to

13   trial because, under the Hague Convention, there are

14   timelines that are important for us to comply with.

15        So for --

16             MR. VERGAMINI:  I see.

17             THE COURT:  -- all those reasons -- for all those

18   reasons, you can be on the call and perhaps maybe you can

19   communicate with Mr. Paris about why he needs to listen

20   carefully to what the Court is saying.  Because he has the

21   answers, and I've given him those answers more than a week

22   ago.

23        So, with that being said, at this juncture, Mr. Paris,

24   you don't have counsel to represent you.  We are proceeding

25   to the current dates that are set, February 4th and

1  February 6th, to try this case.

2       So for that -- so that's the update on the issues

3  related to counsel.

4       So my understanding is the requests for production are

5  to be served by January 23rd, which is tomorrow, and

6  depositions to be completed by January 30th.  Trial

7  materials to be exchanged by February 2nd; trial briefs to

8  be filed by February 3rd; expert witness rebuttals to be

9  exchanged February 4th; and the bench trial, as I've

10 indicated, is to be held on the 4th and the 6th.

11      And as -- so I -- the next issue -- so everybody -- is

12 there anything I need to know about those dates and

13 responsibilities for each party and what they need to meet?

14          MR. WALLACE:  Your Honor, I have one quick thing

15 to address with that.  The RFP requests are due --

16          THE COURT:  Excuse me.  Excuse me.  Excuse me.

17 Excuse me.  This is a recorded call.  You have to identify

18 yourselves before -- yourself before you speak.  I don't

19 know who is speaking, and obviously the tape recorder

20 doesn't know who is speaking.  So identify yourselves, if

21 you're speaking, before you speak.

22          MR. WALLACE:  I apologize.  Thank you.

23      This is Greg Wallace from Buckley Law on behalf of

24 respondent.

25      I wanted to quickly address the requests for

 1  production.  The requests are due to be sent out today, but

 2  we don't have a deadline for when the responses are due; so

 3  I wanted to ask if this Court would set a due date for those

 4  requests that are just being sent out by today to be due by

 5  next Friday on January 30th.

 6          THE COURT:  Under this short timeline, that makes

 7  sense.

 8      Mr. Paris, anything you want to say?

 9          MR. PARIS:  Yes, Your Honor.  I haven't been able

10  to confer yet with any of these attorneys because they are

11  still considering coming on the case.  My knowledge of

12  request for production of documents is very limited.  I

13  would like to have at least a few days for these attorneys

14  to get back to me on whether they would be able to come on

15  this case so that I can file proper -- or they can cite a

16  proper request for documents, Your Honor.

17          THE COURT:  No, I'm not going to do that.  I gave

18  you this last week to get counsel, and we've done our best.

19      At this point, unless one of those lawyers takes the

20  case, I'm going to hold onto the dates that I have, and I

21  think it's reasonable to assume that Friday, the 30th, is

22  a -- an appropriate date so we can all be ready for the

23  hearing -- the trial on the 4th and the 6th.

24      Again, if your lawyer makes an appearance and is

25  involved in this case and wants to negotiate with counsel

1  for the respondent, I'm -- again, I am remaining flexible
2  about rescheduling, but right now I'm going to -- we're
3  going to pick Friday the 30th.
4      You'll get a request for production.  It will tell you
5  what to produce.  It won't -- and I'm sure it will be
6  written in understandable terms, and you will be given a
7  list of what you need to produce, and you need to respond by
8  producing the items requested or indicating why and on what
9  basis you cannot do so.
10      That, you can do, and you'd be getting that ready to --
11  the lawyer who will represent you will need you to be
12  involved in that process one way or the other; so I will
13  select the due date of the 30th of January.
14      All right.  Let's move on to the other issues that need
15  to be addressed for today.
16      There was a -- there was a request to address the
17  interim contact with the children.  I made a very specific
18  order at the last hearing and reaffirmed in a minute order
19  when the 15-minute phone calls would take place between the
20  children and their father.  They're delineated in the minute
21  order.
22      I am not going to change that order or add to it,
23  expand it, address it.  I'm just simply going to say those
24  are the dates and times you have available to speak to the
25  children.  You can take advantage of that, which I hope you

1  do, for the sake of -- of maintaining a relationship, and

2  if -- if you choose not to do that, that's your choice, but

3  I'm not going to do anything more when we have such a short

4  timeline between now and the -- and the trial in this case.

5      So I've addressed that particular issue.

6      Again, I -- the only overarching issue that really is

7  for today is the issue of representation, and I think,

8  number one, I don't have a final answer from the Oregon pro

9  bono lawyer; and, clearly, Mr. Paris does not have an answer

10  from attorneys from other jurisdictions.  Two -- at least

11  two other attorneys.  But he does have a local attorney who

12  might be able to be helpful in this case.

13      As far as I know, that's what we were to touch on

14  today.

15      For Ms. Brown, is there anything, Counsel, that we need

16  to cover today, from your vantage point?

17          MR. WALLACE:  Nothing else, Your Honor, but I do

18  want to make it clear for the record that we are intending

19  to take the deposition of Mr. Paris on January 27th, next

20  week, at 10:00 AM local time, and so I just want to make

21  sure that that was clear for the record of our intention to

22  take the deposition of him that day.

23          THE COURT:  And, Mr. Paris, you intend to be -- to

24  make yourself available; correct?

25          MR. PARIS:  I would like to be represented by

1   counsel for that deposition, Your Honor.

2          THE COURT:  Then I hope one of the lawyers will

3   accept your case or you hire somebody.  Otherwise, you need

4   to appear.

5          And to just talk about the elephant in the room, I'm

6   assuming that deposition is going to be done via Zoom?

7          MR. WALLACE:  That would be correct, Your Honor.

8   Right.

9          THE COURT:  So you're to make yourself available

10  10:00 AM that --

11         Can you recite the date again just so I make sure I

12  don't misstate it?

13         MR. WALLACE:  Yes.  January 27th at 10:00 AM local

14  Oregon time.

15         THE COURT:  Mr. Paris, you understand that?

16  January 27th, 10:00 AM local time in Oregon.  You'll be

17  available by Zoom for this deposition with or without

18  counsel.  Understood?

19         MR. PARIS:  Yes, Your Honor.

20         Can I ask one question, Your Honor?

21         THE COURT:  Yes.

22         MR. PARIS:  You mentioned earlier that the

23  deadline for requests for production of documents was

24  tomorrow.  I believe in the order --

25         THE COURT:  No.  No.  No.  You -- you're wrong.

1    No.  You may send out requests for production.  It's a list

2    of things you want the other side to provide.  Do we -- the

3    agreed-upon date at the last hearing was January 23rd.

4         Your answers to the request for production need to be

5    supplied by the 30th of January, either -- accelerated dates

6    because of the accelerated nature of Hague Convention cases.

7         So, in other words, if -- again, if you -- you have a

8    local counsel.  You are talking to lawyers.  Or you can sit

9    down and make a list of what are things that you think the

10   respondent in this case needs to provide to you for review.

11   All right?

12        So that's due tomorrow.  Not the production of them.

13             MR. PARIS:  Right.

14             THE COURT:  So if you have a list of things you

15   want from -- from Ms. Brown, you need to do an email and

16   copy the lawyer and -- for Ms. Brown and send a copy with --

17   and you're going to have to do your -- you're resumed as a

18   pro se to represent yourself in this instance.

19        And, again, if you have local counsel, I'm sure

20   Mr. Vergamini can assist you in at least getting that

21   request out.

22             MR. VERGAMINI:  I can do that, Your Honor.

23        This is Mr. Vergamini.

24             THE COURT:  All right.

25             MR. PARIS:  Thank you.  Thank you, Your Honor.

1    The date you mentioned is the 23rd.  Today is the 23rd;

2    so I was just confused because you mentioned "tomorrow."

3         THE COURT:  Oh, I'm sorry.  I was thinking today

4    was -- my bad.  I thought today was -- I thought today was

5    the 22nd.  So, theoretically, your list should be out today.

6    Have you sent your requests for production on behalf of

7    Ms. Brown?

8         MR. WALLACE:  Yes, Your Honor, we have sent -- I

9    believe we just sent a second request shortly ago, about 10

10   or 15 minutes before this hearing.

11        THE COURT:  Well, then I'm going to extend

12   Mr. Paris's timeline to send out his request to 5:00 on

13   Monday.

14   Mr. Vergamini, do you hear me with that extension?

15        MR. VERGAMINI:  Yes, Your Honor.  This is

16   Mr. Vergamini.  I hear you.

17        THE COURT:  Okay.  So, Mr. Paris, you'll have an

18   opportunity to send out your request for production on or

19   before 5:00 on Monday.

20   And -- I'm sorry -- I don't know why I thought today

21   was the 22nd.  I thought there was one more day.  I think

22   maybe because it's been a short week.  So you'll have until

23   Monday.

24        MR. PARIS:  Thank you, Your Honor.

25        THE COURT:  Monday at 5:00, which is the 26th.

1     All right.  So other issues we need to address today?

2          MR. WALLACE:  Nothing from respondent, Your Honor.

3     We are prepared and ready for trial, given the

4     scheduling that we've discussed here today.

5          MR. PARIS:  One question, Your Honor.

6     The list of requested documents by Ms. Brown's counsel

7     are probably several thousands of pages, and they are

8     outside the scope of the Hague action.

9          THE COURT:  Mr. Brown -- Mr. Brown -- Ms. Brown's

10    lawyer has given you the list.  You have -- right now you

11    have local counsel in Mr. Vergamini.  You produce what you

12    can produce.  I'm not going to address scope at this point

13    in time.  Produce or answer the questions.

14    You are asked to produce X, Y, and Z.  Either produce

15    them or tell them why you're not producing them, and the

16    Court will determine whether that's a valid response or not.

17    I'm not giving you legal advice.  I'm telling you to

18    read the document and respond appropriately and get legal

19    advice, if you can obtain legal advice through a lawyer who

20    takes on this case, or of the good graces of the local

21    attorney who is sitting on this case, if he chooses to do

22    that.  Okay?

23         MR. PARIS:  (Indiscernible) does too.  Thank you,

24    Your Honor.

25         THE COURT:  I'm going to remind you, because I'm

1    kind of a belt-and-suspenders person, it is mandatory -- you
2    need to be at that deposition by Zoom, 10:00, January 27th,
3    answering the questions that are placed before you and
4    through that deposition process.
5          Do you understand?
6                MR. PARIS:  I understand, Your Honor.
7                THE COURT:  All right.  Is there anything else on
8    behalf of the plaintiff, Mr. Paris, or the respondent,
9    Ms. Brown, that we need to address at this time?
10               MR. WALLACE:  Nothing from respondent, Your Honor.
11               MR. PARIS:  Nothing, Your Honor, from Mr. Paris.
12               THE COURT:  So here is what I want to tell you:
13   Should the lawyer in Oregon accept this as a pro bono case,
14   as soon as I get information, I will probably go ahead and
15   set a telephone status conference and revisit where we are
16   at that particular time.
17         If you give a lawyer from another state --
18   Mr. Vergamini, and -- your local counsel for that person --
19   once that's done, contact Ms. Kramer, and, again, we will
20   have a status conference to make sure that everybody has
21   what they need, and if there's a need to adjust the
22   schedule, I have already told both sides, very clearly, I
23   will make that adjustment, and we'll have a discussion about
24   it before anything happens.
25         So the next -- I believe the next action item in this

18

1    scheduling is if -- if or when a local counsel takes the

2    case or we have out-of-state counsel with local counsel

3    assisting.

4        Is that clear to everybody?

5            MR. PARIS:  Yes, Your Honor.

6            MR. WALLACE:  Yes, Your Honor.

7            MR. VERGAMINI:  Yes, Your Honor.

8            THE COURT:  All right.  All right.  All right.  I

9    will be -- I will remain cautiously optimistic that one of

10   the two lawyers will accept the appointment or take on the

11   case.  I know that's always easier for everybody when you

12   have legal representation; so I'm hopeful that one or the

13   other will take the case.  But if not, Mr. Paris, you're

14   going to have to be ready to go to trial on the 4th.  Okay?

15       With that --

16           MR. PARIS:  Yes.

17           THE COURT:  -- we're going to recess at this

18   juncture, and the next -- the next time we will be --

19   we'll --

20       Somebody hang up their phone.  Get on mute, please.

21       If there's a need for the Court to talk to the parties

22   or the -- to the lawyers in this case, all you have to do,

23   either side, is talk to Ms. Kramer, and she'll get this on

24   my docket.  Okay?

25           MR. VERGAMINI:  Understood, Your Honor.

1       This is Mr. Vergamini.

2               MR. WALLACE:  Understood, Your Honor, from

3   Mr. Wallace.

4               THE COURT:  Mr. Paris, do you understand?

5               MR. PARIS:  I do too, Your Honor.

6               THE COURT:  All right.  Thank you, and have a good

7   weekend, everyone.

8       We're in recess.

9               MR. PARIS:  Thank you, Your Honor.

10              MR. WALLACE:  Thank you, Your Honor.

11              MR. VERGAMINI:  Thank you, Your Honor.

12                  (FTR-recorded hearing was concluded.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1                     C E R T I F I C A T E

2

3              Arnaud Paris v. Heidi Marie Brown

4                       1:24-cv-00648-AA

5                 Transcript of the FTR-recorded

6                 Telephonic Status Conference

7                       January 23, 2026

8

9              I certify, by signing below, that the foregoing is

10   a true and correct transcript of the record, taken by

11   stenographic means, of the FTR-recorded proceedings in the

12   above-entitled cause.  Where (indiscernible) has been

13   indicated, the audio file was unable to be heard due to

14   simultaneous crosstalk, fast speaking, mumbling, or other

15   room noises overriding what was being said.  A transcript

16   without an original signature, conformed signature, or

17   digitally signed signature is not certified.

18

19   /s/Jill L. Jessup, CSR, RMR, RDR, CRR, CRC
     _____
20
     Transcriber/Official Court Reporter     Date: 1/27/2026
21   Oregon CSR No. 98-0346      CSR Expiration Date:  9/30/2026

22

23

24

25

**DEPUTY COURTROOM CLERK: [4]** 3/3 3/21 4/12 5/9
**MR. PARIS: [17]** 3/8 5/25 10/9 12/25 13/19 13/22 14/13 14/25 15/24 16/5 16/23 17/6 17/11 18/5 18/16 19/5 19/9
**MR. VERGAMINI: [9]** 3/14 7/11 7/17 8/16 14/22 15/15 18/7 18/25 19/11
**MR. WALLACE: [12]** 3/10 9/14 9/22 12/17 13/7 13/13 15/8 16/2 17/10 18/6 19/2 19/10
**MS. BROWN: [1]** 3/19
**THE COURT: [30]**

**/**
**/s/Jill [1]** 20/19

**0**
**00468 [1]** 1/5
**00648 [2]** 3/4 20/4
**0346 [1]** 20/21

**1**
**1 [1]** 20/20
**1/27/2026 [1]** 20/20
**10 [1]** 15/9
**10:00 [5]** 12/20 13/10 13/13 13/16 17/2
**10:00 AM [1]** 13/10
**13 [1]** 2/3
**15 [2]** 11/19 15/10
**15-minute [1]** 11/19
**1:24 [2]** 1/5 20/4
**1:24-cv-00468-AA [1]** 1/5
**1:24-cv-00648-AA [1]** 20/4

**2**
**200 [1]** 2/12
**2026 [5]** 1/7 3/2 20/7

20/20 20/21
**22nd [2]** 15/5 15/21
**23 [3]** 1/7 3/2 20/7
**23rd [4]** 9/5 14/3 15/1 15/1
**24 [1]** 3/4
**24-00648 [1]** 3/4
**26th [1]** 15/25
**27 [1]** 20/20
**27th [4]** 12/19 13/13 13/16 17/2
**2nd [1]** 9/7

**3**
**30 [1]** 20/21
**30th [6]** 9/6 10/5 10/21 11/3 11/13 14/5
**3rd [1]** 9/8

**4**
**45 [4]** 7/12 7/16 7/20 7/20
**4th [5]** 8/25 9/9 9/10 10/23 18/14

**5**
**5300 [1]** 2/12
**5:00 [3]** 15/12 15/19 15/25
**5:00 on [1]** 15/12

**6**
**6th [3]** 9/1 9/10 10/23

**7**
**75004 [1]** 2/4
**775 [1]** 2/7

**9**
**9 [1]** 20/21
**9/30/2026 [1]** 20/21
**97035 [1]** 2/13
**97401 [1]** 2/8
**975 [1]** 2/7
**98 [1]** 20/21
**98-0346 [1]** 20/21

**A**
**AA [2]** 1/5 20/4
**able [6]** 6/9 7/11 7/17 10/9 10/14 12/12
**about [10]** 4/15 7/11 7/12 8/2 8/19 9/12 11/2 13/5 15/9 17/23
**above [1]** 20/12
**above-entitled [1]** 20/12
**accelerated [2]** 14/5 14/6
**accept [3]** 13/3 17/13 18/10
**accepted [1]** 5/3
**action [2]** 16/8 17/25
**actually [1]** 6/20
**add [1]** 11/22
**address [8]** 8/9 9/15 9/25 11/16 11/23 16/1 16/12 17/9
**addressed [2]** 11/15 12/5
**addressing [2]** 5/4 7/5
**adequately [1]** 7/6
**adjust [1]** 17/21
**adjustment [1]** 17/23
**advantage [1]** 11/25
**advice [3]** 16/17 16/19 16/19
**after [1]** 7/2
**afternoon [5]** 3/8 3/10 3/14 3/19 5/25
**again [7]** 10/24 11/1 12/6 13/11 14/7 14/19 17/19
**ago [5]** 7/12 7/16 7/21 8/22 15/9
**agreed [1]** 14/3
**agreed-upon [1]** 14/3
**ahead [1]** 17/14
**AIKEN [1]** 1/15
**all [20]** 3/24 4/2 4/14 6/11 7/16 8/5 8/6 8/17 8/17 10/22 11/14 14/11 14/24 16/1 17/7 18/8 18/8 18/8 18/22 19/6
**already [3]** 4/25 6/7 17/22

## A

**always [1]** 18/11
**am [8]** 5/8 7/21 11/1 11/22 12/20 13/10 13/13 13/16
**ANN [1]** 1/15
**another [4]** 5/15 6/16 6/21 17/17
**answer [6]** 6/2 8/10 8/11 12/8 12/9 16/13
**answering [1]** 17/3
**answers [3]** 8/21 8/21 14/4
**any [2]** 6/14 10/10
**anything [8]** 7/7 8/2 9/12 10/8 12/3 12/15 17/7 17/24
**apologize [1]** 9/22
**appear [1]** 13/4
**appearance [1]** 10/24
**APPEARANCES [1]** 1/24
**appearing [2]** 2/2 3/11
**application [1]** 3/18
**appointment [1]** 18/10
**appropriate [1]** 10/22
**appropriately [1]** 16/18
**are [23]**
**area [1]** 4/20
**ARNAUD [4]** 1/4 2/3 3/9 20/3
**arranged [1]** 4/6
**arrangement [1]** 5/24
**as [10]** 3/17 5/6 9/9 9/11 12/13 12/13 14/17 17/13 17/14 17/14
**ask [3]** 5/23 10/3 13/20
**asked [1]** 16/14
**asking [1]** 7/13
**assist [1]** 14/20
**assisting [1]** 18/3
**assume [1]** 10/21
**assuming [1]** 13/6
**attorney [6]** 3/18 5/19 5/21 5/22 12/11 16/21

**attorneys [6]** 6/1 6/8 10/10 10/13 12/10 12/11
**audio [1]** 20/13
**available [6]** 3/17 5/20 11/24 12/24 13/9 13/17
**aware [2]** 7/3 7/21

## B

**back [1]** 10/14
**bad [2]** 7/15 15/4
**basis [1]** 11/9
**be [41]**
**because [12]** 6/17 6/17 6/23 7/3 8/10 8/13 8/20 10/10 14/6 15/2 15/22 16/25
**been [14]** 4/6 4/17 4/18 5/2 5/22 5/24 6/1 6/1 6/3 6/13 7/3 10/9 15/22 20/12
**before [8]** 1/15 9/18 9/18 9/21 15/10 15/19 17/3 17/24
**beginning [1]** 3/7
**behalf [4]** 3/12 9/23 15/6 17/8
**being [5]** 5/5 6/5 8/23 10/4 20/15
**believe [3]** 13/24 15/9 17/25
**below [1]** 20/9
**belt [1]** 17/1
**bench [1]** 9/9
**best [1]** 10/18
**between [2]** 11/19 12/4
**blockade [1]** 6/5
**bono [8]** 4/6 4/17 6/20 6/25 7/9 8/11 12/9 17/13
**both [1]** 17/22
**briefs [1]** 9/7
**BROWN [13]** 1/7 3/4 3/13 3/20 8/5 12/15 14/15 14/16 15/7 16/9 16/9 17/9 20/3
**Brown's [2]** 16/6 16/9

**Buckley [3]** 2/11 3/11 9/23

## C

**C [2]** 19/13 20/1
**call [4]** 5/20 7/12 8/18 9/17
**called [1]** 6/14
**calls [2]** 4/19 11/19
**came [1]** 7/25
**can [19]** 3/6 3/17 7/3 7/9 8/2 8/18 8/18 10/15 10/15 10/22 11/10 11/25 13/11 13/20 14/8 14/20 14/22 16/12 16/19
**can't [3]** 6/23 7/8 8/10
**cannot [1]** 11/9
**carefully [1]** 8/20
**case [29]**
**cases [2]** 4/21 14/6
**Cathy [1]** 4/10
**cause [1]** 20/12
**cautiously [1]** 18/9
**certified [1]** 20/17
**certify [1]** 20/9
**chambers [1]** 4/18
**change [1]** 11/22
**children [3]** 11/17 11/20 11/25
**choice [1]** 12/2
**choose [1]** 12/2
**chooses [1]** 16/21
**Christy [1]** 4/16
**cite [1]** 10/15
**Civil [1]** 3/4
**clear [3]** 12/18 12/21 18/4
**clearly [3]** 6/18 12/9 17/22
**Clerk's [1]** 4/18
**come [1]** 10/14
**coming [1]** 10/11
**comment [1]** 6/25
**commit [1]** 6/6
**communicate [3]** 6/12

**C**

communicate... [2]  6/19 8/19

communication [1]  7/18

community [1]  5/20

completed [2]  5/24 9/6

comply [1]  8/14

concluded [1]  19/12

confer [1]  10/10

conference [6]  1/13 3/5 8/6 17/15 17/20 20/6

configuration [1]  4/7

confirm [3]  6/4 7/11 7/18

conformed [1]  20/16

confused [1]  15/2

connection [1]  7/15

considered [1]  4/22

considering [3]  6/2 6/4 10/11

contact [2]  11/17 17/19

contacted [1]  4/24

continuing [2]  5/1 8/12

Convention [4]  4/21 5/15 8/13 14/6

copy [2]  14/16 14/16

correct [5]  5/8 5/9 12/24 13/7 20/10

could [7]  4/3 5/17 6/3 7/5 8/6 8/7 8/7

counsel [19]  2/6 4/5 5/16 6/22 8/24 9/3 10/18 10/25 12/15 13/1 13/18 14/8 14/19 16/6 16/11 17/18 18/1 18/2 18/2

couple [1]  4/4

court [14]  1/1 1/16 3/17 4/10 4/12 7/13 7/22 7/25 8/2 8/20 10/3 16/16 18/21 20/20

courtesy [1]  6/24

courtroom [2]  5/7 6/14

cover [1]  12/16

CRC [1]  20/19

crosstalk [1]  20/14

CRR [1]  20/19

CSR [3]  20/19 20/21 20/21

curiosity [1]  5/21

current [1]  8/25

cv [2]  1/5 20/4

**D**

D [1]  2/6

date [11]  6/5 7/5 8/9 10/3 10/22 11/13 13/11 14/3 15/1 20/20 20/21

dates [6]  5/4 8/25 9/12 10/20 11/24 14/5

day [2]  12/22 15/21

days [1]  10/13

deadline [2]  10/2 13/23

decide [1]  7/2

decision [2]  5/5 6/10

declined [2]  4/22 4/25

Defendant [1]  1/8

definitive [1]  6/25

delineated [1]  11/20

department [1]  5/14

deposition [7]  12/19 12/22 13/1 13/6 13/17 17/2 17/4

depositions [1]  9/6

deputy [2]  5/7 6/14

determine [1]  16/16

did [1]  6/19

didn't [1]  6/23

different [1]  6/22

digitally [1]  20/17

diligence [1]  7/2

discovery [1]  4/4

discussed [1]  16/4

discussion [3]  5/11 6/8 17/23

DISTRICT [3]  1/1 1/2 1/16

DIVISION [1]  1/3

do [23]

docket [1]  18/24

**document [1]**  16/18

documents [4]  10/12 10/16 13/23 16/6

does [3]  12/9 12/11 16/23

doesn't [1]  9/20

don't [6]  8/24 9/18 10/2 12/8 13/12 15/20

done [3]  10/18 13/6 17/19

down [1]  14/9

due [9]  7/2 9/15 10/1 10/2 10/3 10/4 11/13 14/12 20/13

Duval [1]  2/3

**E**

E [2]  20/1 20/1

each [1]  9/13

earlier [2]  5/11 13/22

early [1]  6/6

easier [1]  18/11

either [5]  4/6 4/20 14/5 16/14 18/23

elephant [1]  13/5

else [2]  12/17 17/7

email [1]  14/15

embassary [1]  5/13

embassy [1]  5/13

entitled [1]  20/12

Eugene [2]  2/8 5/19

everybody [5]  3/24 9/11 17/20 18/4 18/11

everyone [2]  3/21 19/7

exchanged [2]  9/7 9/9

excuse [5]  7/14 9/16 9/16 9/16 9/17

expand [1]  11/23

experience [2]  4/20 5/15

expert [1]  9/8

Expiration [1]  20/21

extend [1]  15/11

extension [1]  15/14

extent [2]  3/16 7/23

## F

**failure [1]** 6/11
**far [1]** 12/13
**fashion [1]** 5/17
**fast [1]** 20/14
**father [1]** 11/20
**February [5]** 8/25 9/1 9/7 9/8 9/9
**February 4th [2]** 8/25 9/9
**February 6th [1]** 9/1
**Ferdinand [1]** 2/3
**few [1]** 10/13
**file [2]** 10/15 20/13
**filed [1]** 9/8
**final [2]** 8/11 12/8
**finish [1]** 6/10
**firms [2]** 4/24 4/25
**flexible [1]** 11/1
**fluid [1]** 8/12
**following [1]** 6/18
**foregoing [1]** 20/9
**forward [1]** 6/8
**found [1]** 5/12
**FR [1]** 2/4
**France [1]** 2/4
**Friday [3]** 10/5 10/21 11/3
**FTR [5]** 1/14 3/1 19/12 20/5 20/11
**FTR-RECORDED [5]** 1/14 3/1 19/12 20/5 20/11
**fully [1]** 6/6

## G

**gave [1]** 10/17
**get [9]** 8/10 8/12 10/14 10/18 11/4 16/18 17/14 18/20 18/23
**getting [2]** 11/10 14/20
**give [3]** 4/16 6/14 17/17
**given [6]** 6/2 8/5 8/21 11/6 16/3 16/10
**giving [1]** 16/17
**go [3]** 8/12 17/14 18/14

**going [17]** 4/14 5/23 7/8 10/17 10/20 11/2 11/3 11/22 11/23 12/3 13/6 14/17 15/11 16/12 16/25 18/14 18/17
**good [7]** 3/8 3/10 3/14 3/19 5/25 16/20 19/6
**governmental [1]** 5/14
**graces [1]** 16/20
**great [1]** 4/16
**Greg [2]** 3/11 9/23
**GREGORY [1]** 2/11

## H

**hac [1]** 3/18
**had [4]** 6/13 6/21 7/14 8/5
**Hague [5]** 4/20 5/15 8/13 14/6 16/8
**hang [1]** 18/20
**happens [1]** 17/24
**Harris [1]** 3/4
**has [16]** 4/5 4/18 4/19 4/25 5/1 5/2 5/18 5/21 5/23 6/3 6/6 7/3 8/20 16/10 17/20 20/12
**have [42]**
**haven't [2]** 6/2 10/9
**he [12]** 5/12 5/20 7/2 7/3 7/4 7/5 8/6 8/7 8/19 8/20 12/11 16/21
**hear [2]** 15/14 15/16
**heard [2]** 7/16 20/13
**hearing [13]** 3/16 4/3 5/4 5/18 6/15 6/18 7/1 8/9 10/23 11/18 14/3 15/10 19/12
**HEIDI [4]** 1/7 3/13 3/20 20/3
**held [1]** 9/10
**helpful [5]** 3/16 6/13 7/23 7/24 12/12
**helps [1]** 6/7
**here [5]** 3/15 7/23 8/4 16/4 17/12

**hesitant [1]** 6/16
**him [3]** 8/5 8/21 12/22
**hire [1]** 13/3
**his [2]** 7/2 15/12
**hold [1]** 10/20
**Honor [34]**
**HONORABLE [1]** 1/15
**hope [2]** 11/25 13/2
**hopeful [1]** 18/12
**hypervigilant [1]** 4/15

## I

**I [81]**
**I'm [30]**
**I've [3]** 8/21 9/9 12/5
**identify [2]** 9/17 9/20
**important [1]** 8/14
**indicated [3]** 6/19 9/10 20/13
**indicating [1]** 11/8
**indiscernible [2]** 16/23 20/12
**individuals [1]** 4/19
**information [8]** 5/2 6/14 7/4 7/25 8/3 8/5 8/7 17/14
**instance [1]** 14/18
**intend [1]** 12/23
**intending [1]** 12/18
**intention [1]** 12/21
**interest [2]** 4/20 7/19
**interim [1]** 11/17
**introduce [1]** 3/6
**involved [2]** 10/25 11/12
**is [47]**
**issue [4]** 9/11 12/5 12/6 12/7
**issues [3]** 9/2 11/14 16/1
**it [18]** 4/8 4/9 4/23 6/4 6/13 6/20 7/20 8/2 11/4 11/5 11/5 11/22 11/23 11/23 12/18 13/12 17/1 17/24
**it's [7]** 3/16 4/13 7/23 7/24 10/21 14/1 15/22

**I**

**item [1]**  17/25
**items [1]**  11/8

**J**

**January [13]**  1/7 3/2 9/5
9/6 10/5 11/13 12/19
13/13 13/16 14/3 14/5
17/2 20/7
**January 23rd [2]**  9/5 14/3
**January 27th [4]**  12/19
13/13 13/16 17/2
**January 30th [2]**  9/6 10/5
**Jessup [1]**  20/19
**Jill [1]**  20/19
**JUDGE [3]**  1/16 3/22 5/10
**juncture [2]**  8/23 18/18
**jurisdictions [1]**  12/10
**just [11]**  4/5 7/25 8/2 8/3
10/4 11/23 12/20 13/5
13/11 15/2 15/9

**K**

**Katelyn [1]**  3/12
**kind [2]**  6/14 17/1
**know [12]**  3/17 5/5 5/19
7/8 7/9 7/25 9/12 9/19
9/20 12/13 15/20 18/11
**knowing [1]**  6/24
**knowledge [1]**  10/11
**Kramer [5]**  5/7 5/8 6/17
17/19 18/23

**L**

**L [2]**  1/15 20/19
**Lake [1]**  2/13
**last [5]**  6/18 8/6 10/18
11/18 14/3
**Law [3]**  2/11 3/11 9/23
**lawyer [20]**  5/1 5/2 5/3
5/6 5/15 5/19 6/20 6/21
6/21 7/1 7/9 8/11 10/24
11/11 12/9 14/16 16/10
16/19 17/13 17/17

**lawyers [10]**  4/22 6/16
7/12 7/19 8/8 10/19 13/2
14/8 18/10 18/22
**least [3]**  10/13 12/10
14/20
**legal [4]**  16/17 16/18
16/19 18/12
**less [1]**  7/20
**let [2]**  3/16 7/9
**Let's [1]**  11/14
**letting [3]**  7/24 7/25 8/3
**like [2]**  10/13 12/25
**limited [1]**  10/12
**list [9]**  4/17 4/19 11/7
14/1 14/9 14/14 15/5 16/6
16/10
**listen [1]**  8/19
**little [1]**  6/9
**local [17]**  2/6 3/17 5/16
5/21 6/7 6/22 12/11 12/20
13/13 13/16 14/8 14/19
16/11 16/20 17/18 18/1
18/2
**look [6]**  4/3 5/1 5/4 6/22
6/24 7/5

**M**

**made [3]**  4/19 5/6 11/17
**maintaining [1]**  12/1
**major [1]**  4/24
**make [10]**  4/4 4/15 12/18
12/20 12/24 13/9 13/11
14/9 17/20 17/23
**makes [2]**  10/6 10/24
**making [2]**  4/15 6/10
**managing [1]**  4/17
**mandatory [1]**  17/1
**MARIE [2]**  1/7 20/3
**materials [1]**  9/7
**may [2]**  8/1 14/1
**maybe [2]**  8/18 15/22
**me [12]**  5/6 5/18 7/8 7/9
7/14 8/1 9/16 9/16 9/16
9/17 10/14 15/14

**Meadows [1]**  2/12
**means [2]**  5/13 20/11
**MEDFORD [1]**  1/3
**meet [1]**  9/13
**mentioned [3]**  13/22 15/1
15/2
**MICHAEL [3]**  2/6 3/15
5/18
**middle [1]**  7/15
**might [1]**  12/12
**Miller [1]**  5/1
**minute [3]**  11/18 11/19
11/20
**minutes [4]**  7/12 7/16
7/20 15/10
**misstate [1]**  13/12
**Monday [4]**  15/13 15/19
15/23 15/25
**more [4]**  6/9 8/21 12/3
15/21
**Most [1]**  4/24
**move [1]**  11/14
**moving [1]**  6/7
**Mr. [31]**
**Mr. Brown [3]**  8/5 16/9
16/9
**Mr. Pairs [2]**  3/18 5/23
**Mr. Paris [14]**  6/19 7/7
8/19 8/23 10/8 12/9 12/19
12/23 13/15 15/17 17/8
17/11 18/13 19/4
**Mr. Paris's [1]**  15/12
**Mr. Vergamini [10]**  6/3
6/6 6/13 14/20 14/23
15/14 15/16 16/11 17/18
19/1
**Mr. Wallace [1]**  19/3
**Ms. [13]**  4/24 5/7 5/8 6/17
12/15 14/15 14/16 15/7
16/6 16/9 17/9 17/19
18/23
**Ms. Brown [5]**  12/15
14/15 14/16 15/7 17/9
**Ms. Brown's [2]**  16/6

**M**

**Ms. Brown's... [1]** 16/9
**Ms. Kramer [5]** 5/7 5/8
6/17 17/19 18/23
**Ms. Weller [1]** 4/24
**mumbling [1]** 20/14
**mute [4]** 3/25 4/1 4/9
18/20
**my [7]** 5/7 5/21 6/14 9/4
10/11 15/4 18/24
**myself [1]** 3/15

**N**

**Nash [1]** 5/1
**nature [1]** 14/6
**need [18]** 3/25 6/9 9/12
9/13 11/7 11/7 11/11
11/14 12/15 13/3 14/4
14/15 16/1 17/2 17/9
17/21 17/21 18/21
**needs [2]** 8/19 14/10
**negotiate [1]** 10/25
**next [10]** 5/6 7/2 7/10
9/11 10/5 12/19 17/25
17/25 18/18 18/18
**No [8]** 1/5 5/18 10/17
13/25 13/25 13/25 14/1
20/21
**noises [1]** 20/15
**not [23]**
**Nothing [4]** 12/17 16/2
17/10 17/11
**now [5]** 3/3 8/10 11/2
12/4 16/10
**number [4]** 3/4 4/16 4/22
12/8
**numerous [1]** 4/19

**O**

**Oak [1]** 2/7
**obtain [1]** 16/19
**obviously [2]** 8/10 9/19
**off [1]** 4/8
**offered [1]** 6/7

**Office [2]** 3/11 4/18
**Official [1]** 20/20
**Oh [2]** 7/17 15/3
**Okay [6]** 4/8 5/11 15/17
16/22 18/14 18/24
**once [1]** 17/19
**one [17]** 4/16 4/25 5/18
6/3 7/8 7/11 7/18 9/14
10/19 11/12 12/8 13/2
13/20 15/21 16/5 18/9
18/12
**only [4]** 6/5 6/9 7/23 12/6
**opportunity [1]** 15/18
**optimistic [1]** 18/9
**order [6]** 7/21 11/18
11/18 11/21 11/22 13/24
**OREGON [6]** 1/2 12/8
13/14 13/16 17/13 20/21
**original [1]** 20/16
**Oswego [1]** 2/13
**other [16]** 4/7 6/15 6/24
7/7 7/8 7/18 8/11 11/12
11/14 12/10 12/11 14/2
14/7 16/1 18/13 20/14
**Otherwise [1]** 13/3
**our [7]** 4/17 4/17 5/11
6/21 8/6 10/18 12/21
**out [10]** 4/16 5/22 10/1
10/4 14/1 14/21 15/5
15/12 15/18 18/2
**outside [1]** 16/8
**overarching [1]** 12/6
**overriding [1]** 20/15

**P**

**P.C [1]** 2/11
**pages [1]** 16/7
**Pairs [2]** 3/18 5/23
**panel [2]** 4/6 6/21
**PARIS [19]** 1/4 2/3 2/4
3/9 6/19 7/7 8/19 8/23
10/8 12/9 12/19 12/23
13/15 15/17 17/8 17/11
18/13 19/4 20/3

**Paris's [1]** 15/12
**particular [3]** 7/1 12/5
17/16
**parties [1]** 18/21
**party [1]** 9/13
**people [1]** 6/24
**perhaps [1]** 8/18
**person [2]** 17/1 17/18
**petitioner [2]** 2/6 3/9
**phone [4]** 4/8 7/12 11/19
18/20
**phones [1]** 4/1
**pick [1]** 11/3
**piqued [1]** 5/21
**place [2]** 3/12 11/19
**placed [1]** 17/3
**plaintiff [4]** 1/5 5/12 5/16
17/8
**please [4]** 3/6 4/1 4/9
18/20
**point [3]** 10/19 12/16
16/12
**Portland [1]** 4/25
**practicing [1]** 5/19
**prepared [2]** 7/6 16/3
**present [1]** 3/15
**Primarily [1]** 4/4
**prior [1]** 7/21
**pro [11]** 2/2 3/18 4/6 4/17
6/20 6/25 7/9 8/11 12/8
14/18 17/13
**probably [3]** 7/24 16/7
17/14
**proceed [1]** 5/17
**proceeding [1]** 8/24
**proceedings [3]** 1/14 3/1
20/11
**process [2]** 11/12 17/4
**produce [7]** 11/5 11/7
16/11 16/12 16/13 16/14
16/14
**producing [2]** 11/8 16/15
**production [10]** 9/4 10/1
10/12 11/4 13/23 14/1

**P**

**production... [4]** 14/4 14/12 15/6 15/18
**proper [2]** 10/15 10/16
**provide [2]** 14/2 14/10
**provided [2]** 5/2 7/4
**providing [1]** 8/3
**put [1]** 4/9

**Q**

**question [2]** 13/20 16/5
**questions [2]** 16/13 17/3
**quick [1]** 9/14
**quickly [1]** 9/25

**R**

**R [1]** 20/1
**RDR [1]** 20/19
**read [1]** 16/18
**ready [5]** 8/12 10/22 11/10 16/3 18/14
**reaffirmed [1]** 11/18
**really [1]** 12/6
**reasonable [1]** 10/21
**reasons [2]** 8/17 8/18
**rebuttals [1]** 9/8
**recently [2]** 4/24 8/1
**recess [2]** 18/17 19/8
**recite [1]** 13/11
**record [5]** 3/6 4/15 12/18 12/21 20/10
**recorded [6]** 1/14 3/1 9/17 19/12 20/5 20/11
**recorder [1]** 9/19
**recording [1]** 4/13
**related [1]** 9/3
**relationship [1]** 12/1
**remain [1]** 18/9
**remaining [1]** 11/1
**remind [1]** 16/25
**reported [1]** 5/6
**reporter [3]** 4/10 4/12 20/20
**represent [4]** 5/16 8/24

11/11 14/18
**representation [3]** 5/12 12/7 18/12
**representative [1]** 4/7
**represented [1]** 12/25
**request [9]** 10/12 10/16 11/4 11/16 14/4 14/21 15/9 15/12 15/18
**requested [2]** 11/8 16/6
**requests [8]** 9/4 9/15 9/25 10/1 10/4 13/23 14/1 15/6
**rescheduling [1]** 11/2
**respond [2]** 11/7 16/18
**respondent [9]** 2/10 3/12 3/20 9/24 11/1 14/10 16/2 17/8 17/10
**response [1]** 16/16
**responses [1]** 10/2
**responsibilities [1]** 9/13
**resumed [1]** 14/17
**review [1]** 14/10
**reviewing [1]** 7/19
**revisit [1]** 17/15
**RFP [1]** 9/15
**right [17]** 3/24 4/2 4/14 6/11 11/2 11/14 13/8 14/11 14/13 14/24 16/1 16/10 17/7 18/8 18/8 18/8 19/6
**RMR [1]** 20/19
**Road [1]** 2/12
**room [2]** 13/5 20/15
**rue [1]** 2/3

**S**

**s [1]** 20/19
**said [4]** 5/5 5/20 8/23 20/15
**sake [1]** 12/1
**say [3]** 8/8 10/8 11/23
**saying [1]** 8/20
**schedule [1]** 17/22
**scheduling [2]** 16/4 18/1

**scope [2]** 16/8 16/12
**se [2]** 2/2 14/18
**second [1]** 15/9
**see [2]** 4/5 8/16
**seems [1]** 6/5
**select [1]** 11/13
**send [4]** 14/1 14/16 15/12 15/18
**SENIOR [1]** 1/16
**sense [1]** 10/7
**sent [5]** 10/1 10/4 15/6 15/8 15/9
**sentence [1]** 7/15
**served [1]** 9/5
**set [5]** 3/3 4/3 8/25 10/3 17/15
**setting [2]** 6/17 6/22
**several [1]** 16/7
**shared [2]** 8/6 8/7
**She [1]** 4/18
**she'll [1]** 18/23
**short [3]** 10/6 12/3 15/22
**shortly [1]** 15/9
**should [4]** 5/3 7/4 15/5 17/13
**shout [1]** 4/16
**sic [1]** 8/5
**side [2]** 14/2 18/23
**sides [1]** 17/22
**signature [3]** 20/16 20/16 20/17
**signed [1]** 20/17
**signing [1]** 20/9
**simply [1]** 11/23
**simultaneous [1]** 20/14
**sit [1]** 14/8
**sitting [3]** 6/15 7/1 16/21
**Skinner [1]** 3/12
**so [41]**
**some [1]** 4/6
**somebody [4]** 4/1 4/1 13/3 18/20
**somebody is [1]** 4/1
**sometime [1]** 5/6

## S

**soon [1]** 17/14
**sorry [2]** 15/3 15/20
**sources [1]** 5/14
**speak [3]** 9/18 9/21 11/24
**speaking [6]** 3/25 4/2
9/19 9/20 9/21 20/14
**specific [2]** 5/23 11/17
**sponsor [2]** 3/17 6/7
**started [1]** 7/15
**state [7]** 5/14 5/15 5/22
6/16 6/21 17/17 18/2
**STATES [2]** 1/1 1/16
**status [5]** 1/13 3/4 17/15
17/20 20/6
**stenographic [1]** 20/11
**still [2]** 6/4 10/11
**Street [1]** 2/7
**such [1]** 12/3
**Suite [2]** 2/7 2/12
**summary [1]** 5/8
**supplied [1]** 14/5
**sure [7]** 4/4 4/15 11/5
12/21 13/11 14/19 17/20
**suspenders [1]** 17/1

## T

**T [2]** 20/1 20/1
**take [11]** 4/3 4/23 6/16
7/3 7/4 11/19 11/25 12/19
12/22 18/10 18/13
**taken [1]** 20/10
**takes [3]** 10/19 16/20
18/1
**taking [3]** 5/22 6/24 7/20
**talk [3]** 13/5 18/21 18/23
**talked [1]** 8/8
**talking [1]** 14/8
**tape [2]** 4/11 9/19
**telephone [1]** 17/15
**TELEPHONIC [2]** 1/13
20/6
**tell [6]** 7/7 7/9 8/4 11/4
16/15 17/12

**telling [1]** 16/17
**terms [1]** 11/6
**than [3]** 7/7 7/20 8/21
**Thank [11]** 3/23 5/25
9/22 14/25 14/25 15/24
16/23 19/6 19/9 19/10
19/11
**that [86]**
**that's [9]** 3/21 5/9 9/2
12/2 12/13 14/12 16/16
17/19 18/11
**their [3]** 6/10 11/20 18/20
**them [6]** 6/3 6/6 14/12
16/15 16/15 16/15
**then [3]** 5/17 13/2 15/11
**theoretically [1]** 15/5
**there [11]** 5/16 6/24 7/19
8/1 8/13 9/12 11/16 11/16
12/15 15/21 17/7
**there's [4]** 5/21 6/1 17/21
18/21
**these [3]** 6/8 10/10 10/13
**they [8]** 6/4 6/9 9/13
10/10 10/14 10/15 16/7
17/21
**They're [1]** 11/20
**thing [1]** 9/14
**things [4]** 4/4 14/2 14/9
14/14
**think [4]** 10/21 12/7 14/9
15/21
**thinking [1]** 15/3
**this [49]**
**those [8]** 7/12 8/17 8/17
8/21 9/12 10/3 10/19
11/23
**thought [4]** 15/4 15/4
15/20 15/21
**thousands [1]** 16/7
**through [6]** 4/6 5/7 5/13
7/18 16/19 17/4
**time [9]** 3/3 6/9 12/20
13/14 13/16 16/13 17/9
17/16 18/18

**timeline [3]** 10/6 12/4
15/12
**timelines [1]** 8/14
**times [1]** 11/24
**today [15]** 6/23 10/1 10/4
11/15 12/7 12/14 12/16
15/1 15/3 15/4 15/4 15/5
15/20 16/1 16/4
**told [5]** 5/2 5/12 5/18
6/18 17/22
**tomorrow [4]** 9/5 13/24
14/12 15/2
**too [3]** 6/6 16/23 19/5
**took [1]** 6/20
**touch [2]** 6/3 12/13
**Transcriber [1]** 20/20
**Transcriber/Official [1]**
20/20
**transcript [5]** 1/14 2/14
20/5 20/10 20/15
**trial [13]** 6/5 6/17 6/22
7/5 8/8 8/13 9/6 9/7 9/9
10/23 12/4 16/3 18/14
**true [1]** 20/10
**try [1]** 9/1
**trying [1]** 8/4
**Turn [2]** 4/8 4/9
**two [6]** 4/24 6/1 6/15
12/10 12/11 18/10

## U

**unable [1]** 20/13
**under [2]** 8/13 10/6
**understand [6]** 7/24 8/1
13/15 17/5 17/6 19/4
**understandable [1]** 11/6
**understanding [1]** 9/4
**Understood [3]** 13/18
18/25 19/2
**UNITED [2]** 1/1 1/16
**unless [2]** 4/2 10/19
**unrelenting [1]** 4/18
**until [2]** 7/20 15/22
**up [2]** 4/5 18/20

**U**

**update [1]**  9/2
**upon [1]**  14/3
**us [1]**  8/14

**V**

**v [3]**  1/6 3/4 20/3
**valid [1]**  16/16
**vantage [1]**  12/16
**variety [1]**  5/14
**VERGAMINI [13]**  2/6 3/15
5/18 6/3 6/6 6/13 14/20
14/23 15/14 15/16 16/11
17/18 19/1
**very [5]**  5/23 8/1 10/12
11/17 17/22
**via [1]**  13/6
**vice [1]**  3/18

**W**

**WALLACE [4]**  2/11 3/11
9/23 19/3
**want [6]**  10/8 12/18 12/20
14/2 14/15 17/12
**wanted [2]**  9/25 10/3
**wants [1]**  10/25
**was [23]**
**way [2]**  7/8 11/12
**we [26]**
**we'll [2]**  17/23 18/19
**we're [4]**  7/8 11/2 18/17
19/8
**we've [2]**  10/18 16/4
**week [7]**  5/6 7/2 7/10
8/21 10/18 12/20 15/22
**weekend [1]**  19/7
**Well [1]**  15/11
**Weller [2]**  4/17 4/24
**were [3]**  6/16 6/24 12/13
**what [13]**  7/14 8/4 8/20
9/13 11/5 11/7 11/8 12/13
14/9 16/11 17/12 17/21
20/15
**whatever [1]**  5/13

**when [6]**  7/8 10/2 11/19
12/3 18/1 18/11
**where [2]**  17/15 20/12
**whether [5]**  4/5 6/20 7/2
10/14 16/16
**which [5]**  6/7 6/18 9/5
11/25 15/25
**who [13]**  3/24 4/8 4/19
5/19 6/21 7/1 7/1 9/19
9/20 11/11 12/11 16/19
16/21
**who's [1]**  4/17
**whose [1]**  4/8
**why [4]**  8/19 11/8 15/20
16/15
**will [19]**  5/5 7/2 7/9 11/4
11/5 11/6 11/11 11/11
11/12 13/2 16/16 17/14
17/19 17/23 18/9 18/9
18/10 18/13 18/18
**willing [1]**  8/9
**without [2]**  13/17 20/16
**witness [1]**  9/8
**won't [1]**  11/5
**words [1]**  14/7
**would [13]**  5/4 5/16 6/9
6/13 6/17 6/22 7/5 10/3
10/13 10/14 11/19 12/25
13/7
**wrapping [1]**  4/5
**written [1]**  11/6
**wrong [1]**  13/25

**X**

**X [1]**  16/14

**Y**

**Y [1]**  16/14
**yes [12]**  5/9 7/17 10/9
13/13 13/19 13/21 15/8
15/15 18/5 18/6 18/7
18/16
**yet [2]**  6/2 10/10
**you [88]**
**you'd [2]**  6/15 11/10

**you'll [4]**  11/4 13/16
15/17 15/22
**you're [7]**  9/21 13/9
13/25 14/17 14/17 16/15
18/13
**your [45]**
**Your Honor [32]**
**yourself [5]**  3/6 9/18
12/24 13/9 14/18
**yourselves [2]**  9/18 9/20

**Z**

**Z [1]**  16/14
**Zoom [3]**  13/6 13/17 17/2

| **From:** | Wendy Goodyear |
| **Sent:** | Monday, January 26, 2026 1:12 PM |
| **To:** | Arnaud Paris; Arnaud Paris |
| **Cc:** | Katrina Seipel; TeamKDS |
| **Subject:** | Notice of Deposition for January 27, 2026 |
| **Attachments:** | 2026.01.26 - Notice of Deposition.pdf |

Mr. Paris,

Attached is a Notice of Deposition for your deposition scheduled for January 27, 2026 via remote means.  The deposition will begin at 10:00 a.m. (Pacific) / 7:00 p.m. (Paris).  If you have retained an attorney, please forward this to your attorney.

Thank you.

**Wendy Goodyear**

Paralegal



*t* 503.620.8900 | *f* 503.620.4878 | *direct*  503.906-2208

5300 Meadows Road, Suite 200 | Lake Oswego, OR  97035

wag@buckley-law.com

www.buckley-law.com

Buckley Law emphasizes Business, Employment, Estate Planning, Family, Litigation & Real Estate Law

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

EXHIBIT E
Page 1 of 1

Katelyn D. Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, P.C.
5300 Meadows Rd #200
Lake Oswego, OR 97035
Telephone: 503-620-8900
Fax: 503-620-487
Of Attorneys for Respondent Heidi Brown

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

Medford Division

In re the Application of:

ARNAUD PARIS,

        Petitioner,

    and

HEIDI MARIE BROWN,

        Respondent.

Case No.: 1:24-cv-00648-AA

NOTICE OF DEPOSITION OF
PETTIONER

**TO:    Arnaud Paris, Petitioner, 13 rue Ferdinand Duval, 75004 Paris, France
Email: arnaud@skyvr.com / aparis@sysmicfilms.com**

      PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, the Respondent Heidi Brown, by and through her attorneys, Katelyn D. Skinner

and Katrina Seipel, intends to take the oral deposition of Petitioner Arnaud Paris, via remote

means by internet video conference, on the 27th day of January, 2026, at 10:00 a.m. (Pacific

Time) before a Certified Court Reporter authorized to administer oaths and record the

taking of such testimony.  The deposition will continue from day to day until it is completed.

Page 1 – NOTICE OF DEPOSITION OF PETITIONER

The testimony will be recorded by stenographic means by a Certified Court Reporter. The deposition will be taken for the purposes of discovery, for use at trial in this matter, and for any other purpose permitted under the Federal Rules of Civil Procedure.

Dated: January 23, 2026

Katelyn Skinner, OSB No. 105055
Email: kds@buckley-law.com
Katrina Seipel, OSB No. 164793
Email: kas@buckley-law.com
Buckley Law, PC
5300 Meadows Road, Ste. 200
Lake Oswego, OR  97035
Tel: 503-620-8900
Of Attorneys for Respondent

CERTIFICATE OF SERVICE

I certify that this document was served by electronic service via e-mail upon Petitioner Arnaud Paris, to arnaud@skyvr.com and aparis@sysmicfilms.com, a on this 23rd day of January, 2026.

Katelyn Skinner, OSB No. 105055
Of Attorneys for Respondent
kds@buckley-law.com

Page 2 – NOTICE OF DEPOSITION OF PETITIONER

**From:** Katrina Seipel <KAS@buckley-law.com>
**Sent:** Tuesday, January 27, 2026 10:34 AM
**To:** Ingram, Jakini <Jakini.Ingram@MillerNash.com>; Katelyn Skinner <kds@buckley-law.com>
**Cc:** Wendy Goodyear <wag@buckley-law.com>; Yim, Semee <Semee.Yim@MillerNash.com>; Vasquez, Dino <Dino.Vasquez@MillerNash.com>; Riley, Christopher J. <Christopher.Riley@MillerNash.com>; McDonald, Incainti Sofia <Sofia.McDonald@millernash.com>; Katrina Seipel <KAS@buckley-law.com>
**Subject:** RE: Paris v. Brown, Case No. 1:24-cv-00648-AA

Hi Jakini—

To be clear, when we spoke this morning, I told you that we were not in agreement to postpone your client's deposition, and that he was ordered by Judge Aiken to attend his deposition with or without counsel. You responded by telling me that Mr. Paris was not prepared to be deposed and that you would not advise a client to attend a deposition when he is not prepared. We conferred on my motion for sanctions requesting that your client be precluded from putting on evidence, to which you object.

I attended the deposition that was duly noticed for 10:00am today with my court reporter. You and your client did not show up, and it was noted for the record. I will be filing my motion later this afternoon.

**Katrina Seipel**
*Attorney at Law, Shareholder*
KAS@buckley-law.com



**BUCKLEY LAW P.C.**
5300 Meadows Road, Suite 200
Lake Oswego, OR 97035

503-620-8900
www.buckley-law.com

*Buckley Law P.C. is an Oregon's Most Admired Company (2021-2024), a Top Workplace in Oregon (2019-2024), and a 100 Best Companies to Work for in Oregon (2025).*

**Buckley Law is a *PDX Parent* 2024 Readers' Choice Top 5 pick for Best Family Law/Estate Planning Firm.**

This e-mail message, including any attachments, may contain attorney privileged and/or confidential information. The review, disclosure, distribution, or copying of this message by or to anyone other than the named addressee(s) is strictly prohibited. If you have received this message in error, please immediately notify me by reply e-mail and destroy the original and all copies of the message.

**From:** Ingram, Jakini <Jakini.Ingram@MillerNash.com>
**Sent:** Tuesday, January 27, 2026 10:27 AM
**To:** Katrina Seipel <KAS@buckley-law.com>; Katelyn Skinner <kds@buckley-law.com>
**Cc:** Wendy Goodyear <wag@buckley-law.com>; Yim, Semee <Semee.Yim@MillerNash.com>; Vasquez, Dino

EXHIBIT G
Page 1 of 2

<[Dino.Vasquez@MillerNash.com](mailto:Dino.Vasquez@MillerNash.com)>; Riley, Christopher J. <[Christopher.Riley@MillerNash.com](mailto:Christopher.Riley@MillerNash.com)>; McDonald, Incainti Sofia
<[Sofia.McDonald@millernash.com](mailto:Sofia.McDonald@millernash.com)>
**Subject:** Paris v. Brown, Case No. 1:24-cv-00648-AA

Katrina,

This email confirms that the deposition scheduled for today, January 27, 2026 at 10:00 AM PST is canceled.

Miller Nash LLP is preparing to represent Mr. Arnaud Paris in the above-referenced matter, as requested by the Court. In light of our anticipated appearance, we will be requesting a continuance to allow our team sufficient time to get up to speed on the case.

Please let me know if you have any questions or if you would like to confer regarding scheduling.

Best regards,
Jakini


**Jakini Auset S. Ingram**
Attorney (Pronouns: she/her/hers)

**Miller Nash LLP**
605 5th Ave S, Ste 900 | Seattle, WA 98104
*Direct*: 206.777.7441 | *Office*: 206.624.8300
**Email** | **Bio** | **Insights** | **Website**

*Our attorneys regularly offer insights to address the challenges faced by our clients. To visit the Miller Nash industry-focused blog overview page on our updated website:* **please click this link**.

--------------------------------------
**CONFIDENTIALITY NOTICE:** This email message may contain confidential or privileged information. If you have received this message by mistake, please do not review, disclose, copy, or distribute the email. Instead, please notify us immediately by replying to this message or telephoning us. Thank you.
--------------------------------------

EXHIBIT G
Page 2 of 2